UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 06-21598-CIV-HUCK/SIMONTON

CC-AVENTURA, INC., a Delaware corporation, *et al.*,
    Plaintiffs,
vs.

THE WEITZ COMPANY, LLC, an Iowa limited liability company, *et al.*,
    Defendants.
_____/
MSA ARCHITECTS, INC, a Florida corporation,
    Defendant/Cross-claimant,
vs.

THE WEITZ COMPANY, LLC, an Iowa limited liability company, *et al.*,
    Defendants/Cross-defendants.
_____/
MSA ARCHITECTS, INC, a Florida corporation,
    Defendant/Cross-claimant/Third Party Plaintiff,
vs.

NAGELBUSH MECHANICAL, INC., a Florida corporation, *et al.*,
    Third Party Defendants.
_____/

**ORDER ON THE WEITZ DEFENDANTS' MOTION TO DISMISS COUNTS SEVEN, NINE, TEN AND ELEVEN OF PLAINTIFFS' SECOND AMENDED COMPLAINT**

      This cause is before the Court on The Weitz Company, LLC ("Weitz LLC") and the Weitz Company, Inc.'s ("Weitz Inc." and, together with Weitz LLC, the "Weitz Defendants") Motion to Dismiss Counts Seven, Nine, Ten and Eleven of Plaintiffs' Second Amended Complaint. The Court has reviewed the motion, Plaintiff's Response thereto and the Weitz Defendants Reply in further support thereof, and is duly advised in the premises.

**BACKGROUND**

      This case arises from the construction of the Classic Residence by Hyatt retirement community in Aventura, Florida. Plaintiff CC-Aventura, Inc. ("CC-Aventura") is the owner of the project, while Plaintiff Classic Residence Management Limited Partnership ("Classic") manages the project pursuant to a management and marketing agreement with CC-Aventura. In January of 2001,

CC-Aventura entered into an "Agreement Between Owner and Contractor" with the Weitz Defendants, for the construction of the project (the "Construction Contract"). Under the Construction Contract, Weitz LLC agreed to complete of the project on or before January 2, 2003. Weitz Inc. provided a guaranty of Weitz LLC's performance under the Construction Contract. Classic was not a party to the Construction Contract or the Guaranty.

Plaintiffs allege that on account of deficiencies and delays in the work performed by Weitz LLC, the City of Aventura did not issue a final certificate of occupancy until July 23, 2003. In September of 2004, Plaintiffs discovered extensive water damage and mold growth in one part of the project, a two-story care center to support residents with Alzheimer's disease (the "Care Center"). In October of 2004, Plaintiffs decided it was necessary to relocate residents and close the Care Center in order to remedy the water and mold problems. Plaintiffs incurred substantial costs in providing alternative facilities and comparable care for the residents. In addition, Plaintiffs have undertaken extensive measures to investigate, identify and correct the design and construction deficiencies they allege caused and/or contributed to the water damage and mold growth in the Care Center.

Apart from the Care Center, Plaintiffs discovered water damage and mold growth in various other areas of the project. In addition to water and mold, Plaintiffs allege that they discovered numerous other design and construction defects which materially impair the condition, value, operation, profitability and integrity of the project. Plaintiffs list specific defects in their Second Amended Complaint against the Weitz Defendants and MSA Architecture, Inc., the firm responsible for design of the project.

Both CC-Aventura and Classic are suing Weitz LLC for breach of the Construction Contract (Counts Six and Nine, respectively) and for its alleged violation of §553.84, Florida Statutes (Counts Seven and Ten, respectively). Both CC-Aventura and Classic are also suing Weitz Inc. for breach of guaranty (Count Eight and Eleven, respectively). The Weitz Defendants have moved to dismiss Counts Seven, Nine, Ten and Eleven of Plaintiffs' Second Amended Complaint. The Weitz Defendants seek dismissal of Plaintiffs' claims based on §553.84, Florida Statutes, because Plaintiffs fail to specifically allege which Defendant violated which code provisions, thus failing to comply with the Court's October 5, 2006 Omnibus Order on All Pending Motions to Dismiss and for Summary Judgment (entered October 10, 2006). The Weitz Defendants seek dismissal of Classic's claims (Counts Nine and Eleven) because Classic is not an intended third party beneficiary of the Construction Contract.

## ANALYSIS

### *COUNTS SEVEN AND TEN*

In Counts Seven and Ten of their Second Amended Complaint, CC-Aventura and Classic, respectively, sue Weitz LLC under §553.84, Florida Statutes, for alleged violations of the South Florida Building Code. In Counts Three and Five, Plaintiffs have made identical construction and design defect claims against the design firm, MSA Architecture, Inc.. Weitz LLC seeks dismissal or a more definite statement of Counts Seven and Ten because, according to Weitz LLC, Plaintiffs have not specifically alleged which Defendant, Weitz LLC or MSA Architecture, violated which Code provisions. This argument is based on the Court's prior Order on All Pending Motions to Dismiss and for Summary Judgment, which directed Plaintiffs to amend their claim for Building Code violations by specifying the Code violations allegedly committed by each Defendant instead of aggregating their claims against all defendants in a single Count as Plainitffs had done in the first Amended Complaint.

In their Second Amended Complaint, Plaintiffs have separated their previously joint claim against Weitz LLC and MSA Architecture. Now, while Plaintiffs allege virtually identical violations of the South Florida Building Code against both Weitz LLC and MSA Architecture, Plaintiffs do so in individually alleged Counts. Thus, while the first Amended Complaint did not make clear which of the two Defendants allegedly violated which Code provisions, the Second Amended Complaint clarifies Plaintiffs' position that each Defendant violated all the same Code provisions, to the damage of each Plaintiff. Although such claims may ultimately be disproved as to one or both of these Defendants, a court ruling on a motion to dismiss must view the complaint in the light most favorable to the plaintiff, and accept the plaintiff's well-pleaded facts as true. *See Scheur v. Rhodes*, 416 U.S. 232, 236 (1974); *Gonzalez v. McNary*, 980 F.2d 1418, 1419 (11th Cir. 1993). Therefore, the Court denies the Weitz Defendants' Motion to Dismiss Counts Seven and Ten.

### *COUNTS NINE AND ELEVEN*

Because Classic was not a party to the Construction Contract or the Guaranty, its claims in Counts Nine (breach of contract against Weitz LLC) and Eleven (breach of guaranty against Weitz Inc.) depend on Classic's status as a third party beneficiary of those contracts. As discussed below, however, the Court finds as a matter of law that Classic is not a third party beneficiary of the Construction Contract or the Guaranty. Classsic's claims in Counts Nine and Eleven must therefore be dismissed.

Under Florida law, third party beneficiary rights exist "only if the contract itself clearly expresses an intent to primarily and directly benefit the third party." *Biscayne Investment Group, Ltd. v. Guaranty Management Services*, 903 So.2d 251, 254 (Fla. 3d DCA 2005)(citing *Aetna Cas. & Sur. Co. v. Jelac Corp.*, 505 So.2d 37 (Fla. 4th DCA 1987) and *Security Mut. Cas. Co. v. Pacura*, 402 So.2d 1266 (Fla. 3d DCA 1981)); *Horizon Images v. Delta Color Graphics*, 639 So.2d 186, 187 (Fla. 4th DCA 1994) ("In order for a third party to maintain a breach of contract [claim], the parties must have clearly intended that the contract directly and substantially benefit the third party"). Even though Plaintiffs allege in paragraph 137 of their Second Amended Complaint that CC-Aventura and the Weitz Defendants intended the Construction Contract to "substantially and directly benefit Classic," the express language of the Construction Contract incorporated by reference in the Second Amended Complaint dictates otherwise. There are numerous provisions which clearly reflect that the Owner, CC-Aventura, alone, was the intended beneficiary under the terms of the Contract. None indicate that Classic is directly or substantially to benefit. Most notably, the Construction Contract specifically provides that, upon a default occasioned by Weitz LLC's failure to complete the project on time, the "*Owner* [CC-Aventura] may pursue an action at law or in equity to obtain relief for actual damages suffered by reason of such default."*See* CONSTRUCTION CONTRACT, at ¶3 (emphasis added). The Contract does not provide such right of action to any other entity. Moreover, the Contract expressly defines "actual damages" and "damages" as those sustained by the *Owner*, CC-Aventura. It expressly defines those terms to include:

> not only actual damages sustained by *Owner* but also any and all consequential damages which *Owner* may suffer by reason of delays in the completion [of the work], specifically including, but not limited to, all costs, preopening and marketing expenses, additional financing costs resulting from delayed receipt of residential proceeds, (including interest, penalties, late payment charges and other costs) loss of financing, any added general administrative costs and other direct and indirect consequential items of cost or loss sustained by the *Owner*.

*Id*. (emphasis added). Beyond very limited provisions regarding indemnification and requiring insurance coverage for Classic, neither of which is pertinent here, the language of the Construction Contract does not provide Classic any rights. The Guaranty issued by Weitz Inc. in favor of CC-Aventura does not even mention Classic. Instead, the Guaranty expressly runs for the sole benefit of "[CC-Aventura] and its successors and assigns."

While normally on a motion to dismiss the Court must accept the facts alleged in a complaint as true, if an allegation in the complaint is contradicted by a document incorporated by reference

therein and which reveals facts foreclosing recovery as a matter of law, dismissal is appropriate. *See Associated Builders, Inc. v. Alabama Power Co.*, 505 F.2d 97, 100 (5th Cir. 1974). Notwithstanding Plaintiffs' characterization of Classic's status under the Construction Contract and the Guaranty, the intent of contracting parties with respect to a third party is to be "gleaned from the contract itself." *Networkip, LLC v. Spread Enterprises, Inc.*, 922 So.2d 355, 358 (Fla. 3d DCA 2006)(quoting *City of Tampa v. Thornton-Tomassetti*, P.C., 646 So.2d 279, 282-83 (Fla. 2d DCA 1994)(emphasis added)). In spite of Plaintiffs' conclusory allegations to the contrary, neither the Construction Contract nor the Guaranty confer third party beneficiary status upon Classic. Accordingly, Classic's counts for breach of contract against Weitz LLC (Count Nine) and for breach of Guaranty against Weitz Inc. (Count Eleven) must be dismissed with prejudice. Accordingly, it is hereby

ORDERED that the Weitz Defendants' Motion to Dismiss Counts Seven and Ten of the Second Amended Complaint is DENIED. It is further

ORDERED that the Weitz Defendants' Motion to Dismiss Counts Nine and Eleven of the Second Amended Complaint is GRANTED. Counts Nine and Eleven of the Second Amended Complaint are DISMISSED WITH PREJUDICE.

ORDERED and ADJUDGED in Chambers, Miami, Florida, this 4 th day of December, 2006.

_____
Paul C. Huck
United States District Judge

Copies furnished to:
All counsel of record.