UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.  06-21598-CIV-HUCK/SIMONTON

CC-AVENTURA, INC., a Delaware corporation, *et al.*,
 Plaintiffs,
vs.

THE WEITZ COMPANY, LLC, an Iowa limited liability company, *et al.*,
 Defendants.
_____/
MSA ARCHITECTS, INC, a Florida corporation,
 Defendant/Cross-claimant,
vs.

THE WEITZ COMPANY, LLC, an Iowa limited liability company, *et al.*,
 Defendants/Cross-defendants.
_____/
MSA ARCHITECTS, INC, a Florida corporation,
 Defendant/Cross-claimant/Third Party
 Plaintiff,
vs.

NAGELBUSH MECHANICAL, INC., a Florida corporation, *et al.*,
 Third Party Defendants.
_____/

### ORDER ON THE WEITZ COMPANY, LLC'S AND THE WEITZ COMPANY, INC.'S MOTION TO DISMISS COUNTS I AND III OF MSA ARCHITECTS, INC.'S FIRST AMENDED CROSS CLAIM

  This Cause is before the Court on The Weitz Company, LLC. (Weitz LLC") and The Weitz Company, Inc.'s ("Weitz Inc." and together with Weitz LLC, "The Weitz Companies") Motion to Dismiss Counts I and III of MSA Architects, Inc.'s ("MSA") First Amended Cross-Claim, filed November 21, 2006 (DE #215). The Court has reviewed the Motion, MSA's Response and The Weitz

1

Companies' Reply in further support thereof. Additionally, the Court heard oral argument on the Motion at a hearing held on December 21, 2006. The Court is duly advised in the premises.

The Weitz Companies seek dismissal of Counts I and III of MSA's First Amended Cross Claim. In Count I, MSA sues Weitz LLC for indemnification pursuant to §6 of the Agreement Between Owner [CC-Aventura, Inc.] and Contractor [Weitz LLC], dated January 8, 2001 (the "Prime Contract"). In Count III, MSA sues Weitz Inc. for breach of the written Guaranty executed by Weitz Inc. on March 3, 2001. Weitz LLC seeks dismissal of Count I because, according to Weitz LLC, the indemnity provision set forth in §6 of the Prime Contract is void as against the public policy of Florida. Weitz Inc. seeks dismissal of Count III because MSA is not an intended Third Party Beneficiary of the Guaranty Weitz Inc. issued exclusively in favor of the project owner, CC-Aventura, Inc.. The Court considers each argument in turn.

## COUNT I – CONTRACTUAL INDEMNITY

In Count I of its First Amended Cross Claim, MSA seeks indemnity from Weitz LLC pursuant to §6 of the Prime Contract between Weitz LLC and CC-Aventura, Inc. That section of the contract provides, in relevant part, that Weitz LLC shall indemnify, protect, defend and hold harmless MSA (among others) from and against all liability, damage, loss, claims, demands, etc.. Weitz LLC argues that, because MSA was not a "party" to the Prime Contract, the indemnity provision at §6 of the Prime Contract is void and unenforceable as to MSA. Weitz LLC relies upon the version of §725.06, Florida Statutes, in effect on the date of the Prime Contract (January 8, 2001), which provided that only the "part[ies] to contract" could indemnify or be indemnified by each other and that indemnity provisions purporting to indemnify third parties are void as against the public policy of Florida.

MSA contends that the indemnity provision contained in §6 of the Prime Contract covers MSA because it is a *third party beneficiary* of that provision and that the term "party to a contract", as used in §725.06, includes an intended third party beneficiary. MSA additionally argues that each change order that followed the original execution of the Prime Contract and Weitz LLC's entry into each subcontract with the Third Party Defendant subcontractors constituted an amendment that created, by novation or ratification, a new contract *after* July 1, 2001, when an amended and more favorable (from MSA's perspective) version of §725.06 went into effect. The statute, as amended, does not limit indemnity to the "parties" of a contract. Because MSA's second argument would render moot its first argument concerning the definition of the word "party," the Court will first consider whether the change orders and subcontracts created a new contract subject to the amended §725.06.

The Court finds no support in the law for MSA's rather novel, though counter-intuitive, suggestion that each successive change order or new subcontract constitutes a novation or ratification of the Prime Contract such that the Prime Contract is considered to be a new contract subject to the modified version of §725.06 in effect at the time of each change order or subcontract. In effect, MSA suggests that the effective date of the Prime Contract is continuously rolling forward with each change order and subcontract. The Court rejects such suggestion. Under Florida law, a novation is a mutual agreement between the parties to a contract for the discharge of a valid existing obligation by the substitution of a new valid obligation. *See Capital National Bank of Tampa v. Hutchinson*, 435 F.2d 46, 50 (5th Cir. 1970). A novation exists where the following requirements are met: (1) the existence of a previously valid contract; (2) the agreement to make a new contract; (3) the intent to extinguish the original contractual obligations; and (4) the validity of the new contract. *See Sans*

3

*Souci v. Division of Florida Land Saled & Condominiums*, 421 So.2d 623, 630 (Fla 1st DCA 1982). Here, MSA cannot establish that by each change order or new subcontract, the parties to the Prime Contract (Weitz LLC and CC-Aventura, Inc.) intended to extinguish any of their original contractual obligations, not the least of which being the indemnity obligations set forth in §6 of the agreement. Accordingly, neither the change orders nor the subcontracts constituted novations of the Prime Contract.

Nor do the change orders or subcontracts constitute a ratification of the Prime Contract. "Ratification of an agreement occurs where a person expressly or impliedly adopts a . . . contract entered into on his or her behalf by another without authority." *Deutsche Credit Corp. v. Peninger*, 603 So.2d 57 (Fla. 5th DCA 1992). Nowhere is it alleged that the Prime Contract was entered into on Weitz LLC's behalf by a person without authority. Even if that *were* the case, a ratification would not change the effective date of the Prime Contract. Black's Law Dictionary, which MSA cites in its argument concerning ratification, notes that a ratification makes the previously unauthorized act valid "from the moment it was done." In view of the foregoing, it is clear that the Prime Contract at issue was not renewed, for the purposes of §725.06, through either novation or ratification.

Having determined that the Prime Contract between Weitz LLC and CC-Aventura, Inc. is subject to the pre-July 1, 2001 version of §725.06, it is necessary to consider MSA's argument that a third party beneficiary is a "party" for the purpose of the statute. The version of §725.06, Florida Statutes, in effect between July 1, 2000 and June 30, 2001 provided as follows:

> (1) A construction contract may require <u>a party</u> to that contract to indemnify and hold harmless <u>the other party</u> to the contract, their officers and employees, from liabilities, damages, losses and costs, including, but not limited to, reasonable attorney's fees, to the extent caused by the negligence, recklessness, or intentional wrongful misconduct of the indemnifying party and persons employed or utilized by the indemnifying party

>in the performance of the construction contract.
>
>(2) Except as specifically provided in subsection (1), a construction contract may not require <u>one party</u> to indemnify <u>the other party</u>, its employees, officers, directors, or agents from any liability, damage, loss, claim, action, or proceeding, and any such contract provision is void as against public policy of this state. (emphasis added)

As noted above, Weitz LLC argues that because MSA is not a "party" to the Prime Contract between Weitz LLC and CC-Aventura, Inc., the provision of that agreement granting indemnification in favor of MSA, a third party, is void as against the public policy. MSA, on the other hand, argues that a third party beneficiary is a "party" for the purpose of the statute.

Under Florida law, it is well settled that where the language of a statute is clear and unambiguous, and conveys a clear and definite meaning, it needs no interpretation or construction and is itself an expression of the legislature's intent. *See Osborne v. Simpson*, 94 Fla. 793, 795-96 (1927)(citing *Fine v. Moran*, 74 Fla. 417 (1917)); *M.W. v. Davis*, 756 So.2d 90, 101 (Fla. 2000). "Ambiguity" exists where reasonable persons can find different meaning in the same language. *See Forsythe v. Longboat Key Beach Erosion Control Dist.*, 604 So.2d 452, 455 (Fla. 1992). Here, the parties agree that the 2000-2001 version of §725.06 expressly allowed only a "party" to a contract to indemnify or be indemnified pursuant to the contract. MSA, however, argues that the term "party" includes a third party beneficiary. The Court disagrees with MSA's overly broad definition.

While the statute itself provides no definition for the word "party," there is ample authority establishing that the term does not include a third party beneficiary. The reported cases discussing third party beneficiary status uniformly draw a distinction between "parties to a contract" and "third party beneficiaries." *See, e.g., Weimer v. Yacht Club Point Estates, Inc.*, 223 So.2d 100, 102 (Fla 4th DCA 1969)("Florida has long recognized the propriety of a third party beneficiary who is not a party

to a contract suing for damages as a result of the acts of one of the parties to the contract"); *Caretta Trucking, Inc. v. Cheoy Lee Shipyards, Ltd.*, 647 So.2d 1028, 1030-1031 (Fla. 4th DCA 1994)("[The exception to the rule that only a party to a contract may sue another party to the contract for breach] is where the entity that is not a party to the contract is an intended third party beneficiary . . ."). Even a case upon which MSA relies in its briefs reflects the distinction between a third party beneficiary and a party to the contract. *See Jenne v. Church & Tower, Inc.*, 814 So.2d 522, 524 (stating that the test to determine whether a third person is a third party beneficiary is whether "the parties to the contract intended that [the] third person [benefit from the contract]"). Lest there be any doubt, the Court has also referred to an authoritative dictionary, as is appropriate, to ascertain the meaning which the legislature ascribed to the word "party". *See L.B. v. State*, 700 So.2d 370, 372 (Fla. 1997)(noting that courts may refer to a dictionary). The Eighth Edition of Black's Law Dictionary defines a "third party beneficiary" as "a person who, though not a party to a contract, stands to benefit from the contract's performance."

In short, a third party beneficiary is *not* a party to a contract. Therefore, the language of the 2000-2001 version of §725.06 is clear and unambiguous. It declares void contractual indemnity provisions covering third parties – even if the third party is an expressly intended beneficiary of the contract. Because MSA was not a party to Weitz LLC's Prime Contract with CC-Aventura, the indemnification clause in §6 of that agreement is void as against public policy to the extent it attempts to indemnify MSA. Accordingly, Weitz LLC's Motion to Dismiss Count I of MSA's First Amended Cross Claim is GRANTED and Count I is DISMISSED with prejudice.

### COUNT III – BREACH OF GUARANTY

In Count III of its First Amended Cross Claim, MSA invokes the Guaranty issued by Weitz Inc.

in favor of CC-Aventura on March 3, 2001. In that document, Weitz, Inc. guarantees Weitz LLC's performance of its obligations under the Prime Contract. Because MSA was not a party to the Guaranty, its claim in Count III depends on MSA's status as a third party beneficiary of the Guaranty. As discussed below, however, the Court finds as a matter of law that MSA is not a third party beneficiary of the Guaranty. Count III must therefore be dismissed.

Under Florida law, third party beneficiary rights exist "only if the contract itself clearly expresses an intent to primarily and directly benefit the third party." *Biscayne Investment Group, Ltd. v. Guaranty Management Services*, 903 So.2d 251, 254 (Fla. 3d DCA 2005)(citing *Aetna Cas. & Sur. Co. v. Jelac Corp*., 505 So.2d 37 (Fla. 4th DCA 1987) and *Security Mut. Cas. Co. v. Pacura*, 402 So.2d 1266 (Fla. 3d DCA 1981)); *Horizon Images v. Delta Color Graphics*, 639 So.2d 186, 187 (Fla. 4th DCA 1994) ("In order for a third party to maintain a breach of contract [claim], the parties must have clearly intended that the contract directly and substantially benefit the third party"). MSA alleges in paragraph 33 of its Cross Claim that it is an intended third party beneficiary of Weitz LLC's indemnity and insurance obligations pursuant to §§ 6 and 7 of the Prime Contract. MSA additionally alleges that because Weitz Inc has guaranteed Weitz LLC's performance of the Prime Contract, MSA is indirectly a third party beneficiary of the Guaranty. The Court disagrees. The Guaranty issued by Weitz Inc. in favor of CC-Aventura does not even mention MSA. Instead, the Guaranty expressly runs for the sole benefit of "[CC-Aventura] and its successors and assigns."

While normally on a motion to dismiss the Court must accept the facts alleged in a complaint as true, if an allegation in the complaint is contradicted by a document incorporated by reference therein and which reveals facts foreclosing recovery as a matter of law, dismissal is appropriate. *See Associated Builders, Inc. v. Alabama Power Co.*, 505 F.2d 97, 100 (5th Cir. 1974). Notwithstanding MSA's characterization of its status under the Prime Contract and the Guaranty,

the intent of contracting parties with respect to a third party is to be "gleaned from the contract itself." *Networkip, LLC v. Spread Enterprises, Inc.*, 922 So.2d 355, 358 (Fla. 3d DCA 2006)(quoting *City of Tampa v. Thornton-Tomassetti*, P.C., 646 So.2d 279, 282-83 (Fla. 2d DCA 1994)(emphasis added)). In spite of MSA's conclusory allegations to the contrary, the Guaranty does not confer third party beneficiary status upon MSA. Accordingly, MSA's counts for breach of Guaranty against Weitz Inc. must be DISMISSED with prejudice.

It is hereby ORDERED that The Weitz Companies Motion to Dismiss Counts I and III of MSA's First Amended Cross Claim is GRANTED. Counts I and III of the First Amended Cross Claim are DISMISSED with prejudice.

ORDERED and ADJUDGED in Chambers, Miami, Florida, this 10th day of January, 2007.

_____
Paul C. Huck
United States District Judge

Copies furnished to:
All counsel of record.