UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.  06-21598-CIV-HUCK/SIMONTON

CC-AVENTURA, INC., a Delaware corporation, *et al.*,
    Plaintiffs,
vs.

THE WEITZ COMPANY, LLC, an Iowa limited liability company, *et al.*,
    Defendants.
_____/

AND ALL RELATED ACTIONS
_____/

## ORDER ON BASF CONSTRUCTION CHEMICALS, LLC'S MOTION TO DISMISS MASTER PLASTER, INC.'S FOURTH PARTY COMPLAINT

    This matter is before the Court on BASF Construction Chemicals, LLC's ("BASF") Motion to Dismiss and Motion to Strike Master Plaster, Inc.'s ("Master Plaster") Fourth Party Complaint, filed April 26, 2007  (DE #588).  The Court has considered the Motion and Master Plaster's Response thereto.  Other than filing its Notice of New Authority in Support of its Motion to Dismiss and to Strike (DE # 650), BASF did not reply to Master Plaster's Response to the Motion to Dismiss.  The Court is duly advised in the premises.

## BACKGROUND

    As a subcontractor for Defendant The Weitz Company, LLC ("Weitz"),  Master Plaster performed stucco work in the construction of the Classic Residences by Hyatt. After construction of the assisted living facility in Aventura, Florida, was complete, the owner and the operator of the project (Plaintiffs CC-Aventura, Inc. and Classic Residence by Hyatt, respectively), each sued Weitz and the project's architect,  MSA Architects, Inc. ("MSA"), for alleged defects in design and construction that resulted in leaks and mold in various areas of the facility.  Thereafter, Weitz and MSA each sued several of Weitz's subcontractors, including Master Plaser.  Weitz sued Master

1

Plaster for contractual and common law indemnity, and MSA sued Master Plaster for contractual indemnification and statutory contribution.

Master Plaster denies any liability to Weitz or to MSA and, alternatively, blames any defect in its stucco work on defective materials manufactured and/or supplied by several Fourth Party Defendants, including BASF.  BASF "manufactured and/or supplied" Thorite and Thoro, two materials used by Master Plaster on the project. Master Plaster claims that, to the extent there is a defect in the stucco, defective Thoro and Thorite it used on the project is to blame. Master Plaster has therefore sued BASF for breach of contract (Count IX), strict liability (Count X), negligence (Count XI), breaches of statutorily created express warranty (Count XII), warranty of merchantability (Count XIII), and warranty of fitness for a particular purpose (Count IV) and contribution (Count XVI).

BASF has moved to dismiss Master Plaster's breach of contract claim against it because, according to BASF, it did not have a contract with Master Plaster to supply Thoro or Thorite. BASF has moved to dismiss Master Plaster's contribution claim because Master Plaster is not being sued in tort and therefore not entitled to contribution. Additionally, BASF has moved to strike Master Plaster's request for attorney's fees and references to a contract between BASF and Master Plaster from the Fourth Party Complaint. The Court first considers BASF's motion to dismiss.

## STANDARD ON A MOTION TO DISMISS

A complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that the plaintiff can prove no set of facts that support a claim for relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Bracewell v. Nicholson Air Servs., Inc.*, 680 F.2d 103, 104 (11th Cir. 1982). The federal rules do not require a claimant to set out in detail all the facts upon which the claim is based. Id. at 47. All that is required is a "short and plain statement of the claim." Fed. R. Civ. P. 8(a)(2). When ruling on a motion to dismiss, a court must view the complaint in the light most favorable to the plaintiff, and accept the plaintiff's well-pleaded facts as true. *Scheur v. Rhodes*, 416 U.S. 232, 236 (1974); *Gonzalez v. McNary*, 980 F.2d 1418, 1419 (11th Cir. 1993).

## **ANALYSIS**

I.      **Master Plaster's Breach of Contract Claim (Count IX)**

Alleging that the Thoro and Thorite supplied to it by BASF was defective, Master Plaster has sued BASF for breach of contract. BASF seeks dismissal of Master Plaster's claim for breach of contract because, according to BASF, it was not a party to a contract with Master Plaster. BASF notes that the written contract upon which the claim is based (a series of purchase orders for Thoro and Thorite attached to Master Plaster's Fourth Party Complaint as Exhibit "B") is between Master Plaster, as buyer, and Coastal Construction Products, Inc., as seller. The purchase orders do not mention BASF.

Master Plaster argues that the fact that BASF is not mentioned in the purchase orders is of no consequence given its allegation that Coastal Construction Products, Inc., served as BASF's agent in the supplying of Thoro and Thorite. The Court agrees. BASF's contrary argument notwithstanding, there is no requirement under Florida law that a principal be specifically identified in a contract entered into by its agent in order for the principal to be bound by the contract. To the contrary, a principal may enter into agreements in its own name or that of its agent. *See Ford v. Williams*, 62 U.S. 287 (1858)("The contract of the agent is the contract of the principal, and he may sue or be sued thereon, though not named therein."); *Love v. Brown Development Co. of Michigan*, 131 So. 144 (Fla. 1930)("A principal has the right to do business in his own name or in the name of his agent, and parol evidence identifying him as the real party in interest violates to no greater extent the rule against varying contracts by extrinsic evidence than does subjecting to liability an unknown and unnamed principal by the same means. "); *Moritt v. Fine*, 242 F.2d 128, 133 (Fla. 5th DCA 1957)(Brown, J. dissenting)("If the agent has authority. . ., the contract is binding on the principal even though the paper is signed by the agent in the agent's name.").

In paragraph 20 of the Fourth Party Complaint, Master Plaster alleges that "Coastal [Construction Products, Inc.] served as an agent for BASF." Based on that alleged agency, Master Plaster alleges in paragraph 22 that "it contracted with BASF and Coastal to purchase Thorite and Thoro." Accepting these allegations as true, as the Court is required to do on motion to dismiss, the Court finds that Master Plaster has adequately stated a claim for breach of contract against BASF. Therefore, BASF's motion to dismiss Master Plaster's breach of contract claim is DENIED.

**II.     Master Plaster's Claim for Statutory Contribution.**

In addition to its breach of contract claim, Master Plaster has sued BASF for contribution pursuant to § 768.31, Florida Statutes. That section provides that "when two or more persons become jointly or severally liable in tort for the same injury to person or property . . . , there is a right of contribution among them even though judgment has not been recovered against all or any of them." BASF moves for dismissal of Master Plaster's contribution claim because, according to BASF, Master Plaster is not being sued by Weitz or MSA in tort and, therefore, cannot be jointly or severally liable with BASF in tort. Master Plaster, however, argues that it *has* been sued by both Weitz and MSA in tort. Specifically, Master Plaster argues that Weitz's and MSA's claims against it for common law indemnification and contribution, respectively, are each a "pass through" of Plaintiffs' claims of professional negligence against each of the primary Defendants. The Court agrees.

Plaintiffs, CC-Aventura and Classic Residence, have sued Weitz and MSA for professional negligence in connection with the design and construction of the Aventura project. In turn, Weitz sued Master Plaster for indemnity and MSA sued Master Plaster for contribution. Each of those claims seeks to pass through to Master Plaster a portion of MSA's and Weitz's liability in tort to the original Plaintiffs. By its contribution claim against BASF, Master Plaster seeks to pass through some or all of that tort liability to BASF. Assuming (1) that Weitz or MSA is held liable to Plaintiffs for professional negligence, (2) that Master Plaster is held liable to Weitz and/or MSA for some or all of the tort damages claimed by Plaintiffs, and (3) that BASF contributed to Master Plaster's liability by supplying defective Thoro and/or Thorite, Master Plaster would be entitled to contribution under § 768.31, Florida Statutes. Accordingly, BASF's motion to dismiss Master Plaster's statutory contribution claim is DENIED.

**III.    Master Plaster's Demands for Attorney's Fees**

Next, BASF claims that Master Plaster's request for attorney's fees is improper since neither a statute nor a contract authorize the recovery of attorney's fees. BASF cites the general rule that, "under Florida law, each party is responsible for its own attorneys' fees unless a contract or statute provides otherwise . . ." *Price v. Tyler*, 890 So.2d 246, 250 (Fla. 2004). Master Plaster, however, claims that it is entitled to recover from BASF the fees it incurs in defending against Weitz and MSA's

4

claims as part of its damages and because its alleged contract with BASF does, in Master Plaster's view, authorize the recovery of fees. As discussed below, the Court finds that Master Plaster may seek fees on its breach of contract claim, but not on its other causes of actions.

### (a) Breach of Contract (Count IX)

Master Plaster seeks fees in connection with its breach of contract claims against BASF. Although the purchase orders constituting that contract provide that "[p]ayments requiring execution via use of an attorney and/or court procedures will be increased by the amount of those collection procedures", the contract does not appear to provide a purchaser a reciprocal right to attorney's fees in the event that the purchaser incurs legal fees to enforce the contract. Nevertheless, Master Plaster argues that, pursuant to § 57.105(7), Florida Statutes, it enjoys the same right to recover the fees it incurs in an action to enforce the contract as would BASF under the contractual provision quoted above. The Court agrees.

Section 57.105(7) provides that "[i]f a contract contains a provision allowing attorney's fees to a party when he or she is required to take any action to enforce the contract, the court may also allow reasonable attorney's fees to the other party when that party prevails in any action, whether as plaintiff or defendant, with respect to the contract." "[T]he purpose behind section 57.105(7) is to provide mutuality of attorney's fees as a remedy in contract cases." *Mediplex Const. of Florida, Inc. v. Schaub*, 856 So.2d 13, 15 (Fla. 4th DCA 2003)(citing Lanahan *Lumber Co. v. McDevitt & Street Co.*, 611 So.2d 591 (Fla. 4th DCA 1993)). That purpose is met here, where under the plain language of the contract, the seller would be entitled to recover the legal fees it incurs to secure the benefit for which it bargained but the purchaser would not be so entitled. Accordingly, the Court DENIES BASF's motion to strike Master Plaster's demand for fees in connection with its breach of contract claims.

### (b) Strict Liability (Count X) and Negligence (Count XI)

Master Plaster also seeks recovery of its attorney's fees in connection with its claims of strict liability and negligence against BASF. Master Plaster claims that BASF is strictly liable for the damages it suffered as a result of its use of the allegedly defective Thoro and Thorite products. Master Plaster's negligence claim alleges that BASF breached its duty of care to manufacture and supply Thoro and Thorite free from defects and fit for the purpose for which it is intended and caused Master Plaster to suffer damages. Master Plaster argues the damages it suffered include the legal fees

5

it incurs in defending against the claims of Weitz and MSA. Master Plaster, however, cites no statute or contractual provision authorizing it to recover its fees in connection with these causes of action. Therefore, adhering to the "American Rule" that, absent special legislation or contract providing otherwise, litigants must pay their own attorneys' fees, the Court GRANTS BASF's motion to strike Master Plaster's request for fees insofar as it relates to Master Plaster's claims for negligence and strict liability.

### (c) Breach of Statutory Express Warranty (Count XII); Breach of Statutory Warranty of Merchantability (Count XIII); and Breach of Statutory Breach of Warranty of Fitness for a Particular Purpose (Count XIV)

Master Plaster has also asserted claims under Florida's enactment of the Uniform Commercial Code's Article on Sales, Chapter 672, Florida Statutes. Specifically, Master Plaster claims breaches of the statutorily created express warranty (§ 672.313), warranty of merchantability (§ 672.314), and warranty of fitness for a particular purpose (§ 672.315). The Code provides a buyer a number of remedies in the event of such breaches by a seller, but recovery of attorney's fees is not among them. *See* § 672.711, *et seq.*, Florida Statutes. Accordingly, the Court GRANTS BASF's motion to strike Master Plaster's demand for fees insofar as it relates to Master Plaster's claims based on the Uniform Commercial Code.

### (d) Common Law Indemnification (Count XV)

Master Plaster seeks common law indemnification from BASF in connection with the claims asserted against it by Weitz and MSA. Master Plaster claims that, if it is ultimately proven that Weitz and MSA's damages were actually caused by BASF's defective products, BASF should be responsible not only for any judgment entered against Master Plaster but also for the legal fees Master Plaster incurs in defending against Weitz and MSA's claims. Although such legal fees would properly be among Master Plaster's damages subject to indemnification by BASF, Master Plaster's legal fees incurred in establishing the right to indemnification are not recoverable. *See Rosati v. Vaillancourt*, 848 So.2d 467, 470 (Fla. 5th DCA 2003)(attorney's fees paid by indemnitee in defending original lawsuit are recoverable); *Continental Casualty Co. v. City of South Daytona*, 807 So.2d 91, 93 (Fla. 5th DCA 2002)(attorney's fees incurred in establishing right to indemnification are not recoverable)). Accordingly, BASF's Motion to Strike Master Plaster's request for attorney's fees is GRANTED insofar as it relates only to Master Plaster's action against BASF for the purpose of establishing its right to indemnification.

### (e)     Statutory Contribution (Count XVI)

As discussed above, Master Plaster seeks contribution from BASF pursuant to § 768.31, Florida Statutes. Master Plaster seeks recovery of its attorney's fees in connection with its contribution claim. However, as is the case with Master Plaster's claims under the Uniform Commercial Code, the statute upon which its contribution claim relies does not authorize the recovery of attorney's fees. Accordingly, BASF's motion to strike Master Plaster's request for fees is GRANTED insofar as it relates to Master Plaster's claim for statutory contribution.

### IV.     BASF's Motion to Strike References to a Contract Between Master Plaster and BASF

For the reasons given in support of the Court's ruling on BASF's motion to dismiss Master Plaster's breach of contract claim (Count IX), the Court DENIES BASF's motion to strike all references in the Fourth Party Complaint that a contract exists between BASF and Master Plaster.

### CONCLUSION

For the all the foregoing reasons and authorities, it is hereby

ORDERED that BASF's Motion to Dismiss and/or Strike is GRANTED in part and DENIED in part, as provided above.

DONE and ORDERED, in Chambers, Miami, Florida, this 25th day of July, 2007.

_____
PAUL C. HUCK
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Magistrate Judge Simonton
All counsel of record