UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 06-21598-CIV-HUCK/SIMONTON

CC-AVENTURA, INC., a Delaware corporation, *et al.*,
    Plaintiffs,
vs.

THE WEITZ COMPANY, LLC, an Iowa limited liability company, *et al.*,
    Defendants.
_____/

AND ALL RELATED ACTIONS
_____/

## ORDER ON COASTALCONSTRUCTION PRODUCTS, INC.'S MOTION TO STRIKE MASTER PLASTER, INC.'S REQUEST FOR ATTORNEY'S FEES FROM ITS FOURTH PARTY COMPLAINT

This matter is before the Court on Fourth Party Defendant Coastal Construction Products, Inc.'s ("Coastal") Motion to Strike Third Party Plaintiff Master Plaster, Inc.'s ("Master Plaster") Request for Attorney's Fees in the Fourth Party Complaint, filed July 17, 2007 (DE #705). The Court has considered the Motion, which is practically identical to the Motion filed by Fourth Party Defendant BASF Construction Chemicals, LLC ("BASF") on April 26, 2007 (DE #588). The Court has also considered Master Plaster's Response and is duly advised in the premises.

Because Coastal already filed an Answer to Master Plaster's Fourth Party Complaint, its Motion to Strike is untimely. *See* Rule 12(f), Federal Rules of Civil Procedure. However, in addition to limiting a party's time to file a motion to strike, Rule 12(f) authorizes the district court to act "upon the court's initiative at any time." This grant of judicial discretion "'has been interpreted to allow the [district] court to consider untimely motions to strike and to grant them if doing so seems proper .... In light of this, the time limitations in Rule 12(f) should not be applied strictly when the motion seems to have merit.'" *U.S. v. Lot 65 Pine Meadow*, 976 F.2d 1155, 1157 (8th Cir. 1992)(quoting 5A Charles Alan Wright & Arthur A. Miller, Federal Practice and Procedure § 1380 , at 652-54 (2d ed. 1990)). As discussed in the Court's Order on BASF's virtually identical Motion to Strike Master Plaster's

1

attorney's fees request, Coastal's Motion to Strike has merit and will be considered in spite of its untimeliness.

As did BASF, Coastal claims Master Plaster's request for attorney's fees is improper because "Master Plaster has not provided any facts or any basis that would support a request for attorney's fees nor has Master Plaster specified a specific statutory provision which would entitle them to an award of attorney's fees." Because Master Plaster has sued Coastal on the very same causes of action as it sued BASF, this Court's ruling on BASF's identical motion concerning Master Plaster's request for fees applies to Coastal's motion with equal force. For the reasons given in the Court's July 25, 2007 Order on BASF's motion to strike (DE #708), the Court finds that Master Plaster is authorized to seek attorney's fees in connection with its breach of contract claim (Count XXV), but not its remaining claims against Coastal (Counts XXVI - XXXII)..

Accordingly, it is hereby

ORDERED that Coastal's Motion to Strike is GRANTED in part and DENIED in part, as provided above.

DONE and ORDERED, in Chambers, Miami, Florida, this 6th day of August, 2007.

_____
PAUL C. HUCK
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Magistrate Judge Simonton
All counsel of record