UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.  06-21598-CIV-HUCK/SIMONTON

CC-AVENTURA, INC., et al.,

    Plaintiffs,

v.

THE WEITZ CO., LLC, et al.,

    Defendants.
    _____/

AND RELATED CROSS-ACTIONS
    _____/

**ORDER ON FOURTH PARTY DEFENDANT COASTAL CONSTRUCTION'S MOTION TO COMPEL BETTER RESPONSES FROM FOURTH PARTY PLAINTIFF MASTER PLASTER AND MOTION FOR SANCTIONS**

Presently pending before the Court is Fourth Party Defendant Coastal Construction Products, Inc.'s (hereafter Coastal Construction) Motion To Compel Better Responses To The Request For Production and Motion For Sanctions (DE # 701).  All discovery motions in this case are referred to the undersigned Magistrate Judge (DE # 27).  The motion is fully briefed (DE ## 709, 735).  On September 10, 2007, a hearing was held on all pending discovery motions, including this motion.  All oral rulings made at the hearing are incorporated in this motion.  For the reasons stated at the hearing, the motion to compel is granted in part and the motion for sanctions is denied.

In this motion, Coastal Construction moves to compel Fourth Party Plaintiff Master Plaster, Inc. (hereafter Master Plaster) to produce better responses and documents responsive to Coastal Construction's Requests For Production.  Coastal Construction contends that, in response to the requests for production, Master Plaster provided its entire construction file for the project at issue, which consisted of 10 large

file boxes kept in a disorganized state, and that Master Plaster did not identify these items or label them in any way concerning which documents were responsive to which requests to produce.  Coastal Construction also asks this Court to overrule Master Plaster's four general objections.  Moreover, Coastal Construction asks this Court to compel Master Plaster to either identify specific documents responsive to requests 2, 11, 13 and 14-25 or to state that no responsive documents exist.  Requests 2, 11, and 13 through 17 seek categories of documents.  Requests 18 through 25 seek any and all documents which support, respectively, Counts 25 through 32 of the Fourth Party Complaint.  These are the Counts which are directed against Coastal Construction.  Coastal Construction also moves for the fees and costs incurred in bringing this motion (DE # 701).

     Master Plaster opposes the motion to compel.  Initially, Master Plaster asks that the instant motion be denied for violations of the Local Rules.  Master Plaster also opposes the motion on the merits, contending that it produced responsive documents in two ways.  Initially, Master Plaster suggested that Coastal Construction join the document depository in which Master Plaster's documents are identified by Bates label and are subject to electronic search.  When Coastal Construction refused to do so, Master Plaster made its documents available at Master Plaster's office as the documents were kept in the usual course of business.  Master Plaster notes that in request 26, which is not the subject of this motion, Coastal Construction asks for a copy of Master Plaster's complete construction file.  Next, Master Plaster contends that its general objections should not be overruled.  Master Plaster also states that it has served a privilege log on Coastal Construction.  Finally, Master Plaster requests sanctions against Coastal Construction for violating the Local Rules by failing to confer (DE # 709).

In reply, Coastal Construction states that the instant motion did not violate the Local Rules.  Coastal Construction also asks that Master Plaster be compelled either to state which documents are responsive to which requests, or to state that it possesses no documents which are responsive to specific requests (DE # 735).

For the reasons stated on the record at the hearing, it is hereby

**ORDERED AND ADJUDGED** that Fourth Party Defendant Coastal Construction Products, Inc.'s Motion To Compel Better Responses To The Request For Production and Motion For Sanctions (DE # 701), is **GRANTED in part**.  On or before October 1, 2007, Fourth Party Plaintiff Master Plaster must provide better responses to Fourth Party Defendant's Coastal Construction's requests for productions 2, 11, and 13 through 17, by identifying by Bates number documents which are responsive to each request. Master Plaster has not established that it will be unduly burdensome for it to do so.  If Master Plaster claims every document in its construction file is responsive to any or all of these requests, Coastal Construction may then take a deposition of Master Plaster's records custodian or corporate representative for clarification.  The portion of Coastal Construction's motion to compel requesting better responses to requests for production 18 through 25 is **DENIED,** since Master Plaster stated that it relies upon the entire construction file to support these counts and provided a reasonable explanation at the hearing to support this position.  It is further

**ORDERED AND ADJUDGED** that Fourth Party Defendant Coastal Construction's Motion For Sanctions (DE # 701) and Fourth Party Plaintiff Master

Plaster's request for sanctions (DE # 709), are **DENIED**, as not justified by the circumstances surrounding this motion.

    **DONE AND ORDERED** in chambers in Miami, Florida, on September 12, 2007.

*Andrea M. Simonton*
**ANDREA M. SIMONTON**
**UNITED STATES MAGISTRATE JUDGE**

Copies furnished to:
The Honorable Paul C. Huck,
  United States District Judge
All counsel of record