UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 06-21598-CIV-HUCK/SIMONTON

CC-AVENTURA, INC., et al.,

    Plaintiffs,

v.

THE WEITZ CO., LLC, et al.,

    Defendants.
_____/

AND RELATED CROSS-ACTIONS
_____/

### ORDER ON CC-AVENTURA'S MOTION TO ENFORCE THE COURT'S JANUARY 6, 2007 ORDER AND TO COMPEL PRODUCTION OF DOCUMENTS

Presently pending before the Court is Plaintiff CC-Aventura, Inc.'s (hereafter CC-Aventura) Motion To Enforce The Court's January 6, 2007 Order and To Compel Production of Documents (DE # 723). This motion is referred to the undersigned Magistrate Judge (DE # 27). The motion is fully briefed (DE ## 724, 751, 760, 761). On September 10, 2007, a hearing was held on the motions. All oral rulings made at the hearing are incorporated in this Order. For the reasons stated at the hearing, the motion to compel is granted, and the cross-motions for sanctions are denied.

In this motion, CC-Aventura notes that this Court's January 6, 2007 Order which ordered The Weitz Co., LLC (hereafter Weitz), to produce documents including Weitz's entire project file. CC-Aventura asks this Court to enforce its prior order by compelling Weitz to produce certain documents that may be missing from its production, or to state in writing that it has searched for these documents and they do not exist. Specifically, CC-Aventura is interested in the following documents, which it claims are responsive to Requests for Production 3, 4, 6, 8, 25, 72 and 108: certain folders and subfolders;

internal Weitz staff meetings minutes; window coordination meeting minutes; daily construction reports; subcontractor meeting minutes; superintendent daily diaries; and all versions of the project CPM schedule. CC-Aventura also requests Rule 37 sanctions against Weitz (DE # 723).

Weitz initially responds with that the motion violates the Local Rules and should be denied on that ground. Weitz also contends that the motion should be denied because CC-Aventura did not meet and confer in the manner ordered by the Court.

On the merits, Weitz submits that the documents at issue have either been turned over or do not exist. Specifically, Weitz states that the documents regarding folders & subfolders originated in a Weitz joint venture in Colorado and was used as a rough guide for this project. Weitz states that some of the folders exist for this project, some were not created, and that every folder and document created for this project has been produced to CC-Aventura. Next, Weitz states that it has produced nine sets of internal Weitz staff meeting minutes to CC-Aventura, but that several other sets may have been inadvertently omitted. Weitz states that it will again produce to CC-Aventura the nine sets, and will supplement its production with any documents inadvertently omitted. Weitz continues that while window coordination meeting minutes were not regularly kept, two sets were kept and it will again produce to CC-Aventura the two sets. Next, Weitz asserts that all daily construction reports have already been produced, but that it will again produce to CC-Aventura the daily construction reports. Similarly, Weitz asserts that all subcontractor meeting minutes have already been produced but that it will again produce to CC-Aventura the subcontractor meeting minutes. Next, Weitz states that its superintendents on the project did not keep daily diaries. Finally, Weitz submits that it has already produced to CC-Aventura all CPM schedules regarding the

project. Weitz also requests Rule 37 sanctions against CC-Aventura (DE # 751).

In reply, CC-Aventura notes that Weitz admits that it has not produced all responsive documents. CC-Aventura asks the Court to order Weitz to produce the unproduced documents and also to clarify whether the remaining documents never existed or do not presently exist. Specifically, CC-Aventura asks that Weitz be compelled to state whether the following documents never existed or do not presently exist: the folders and subfolders; daily construction reports for the period from October 1, 2002 through December 31, 2002; and subcontractor meeting minutes after October 2002. Furthermore, CC-Aventura provided evidence that superintendent daily diaries, as well as CPM schedules, were created, and asks that Weitz be compelled to state whether it claims these documents never existed or that they do not presently exist. CC-Aventura also asks that if the CPM schedules exist, that they be produced in native electronic format. Finally, CC-Aventura notes that on September 5, 2007, Weitz produced more than 500 pages of previously unproduced daily construction reports, and has agreed to produce previously unproduced internal Weitz meeting minutes and window coordination meeting minutes. CC-Aventura also states that Weitz refused to meet and confer concerning the subject matter of this motion (DE # 760).

Therefore, based on a review of the record as a whole, and for the reasons stated at the hearing, it is hereby

**ORDERED AND ADJUDGED** that Plaintiff CC-Aventura, Inc.'s Motion To Enforce The Court's January 6, 2007 Order and To Compel Production of Documents (DE # 723) is **GRANTED**. On or before October 1, 2007, Weitz must produce all documents in its possession, custody or control requested in the motion, with specific attention

paid to daily construction reports, internal Weitz meeting minutes, and window coordination meeting minutes. Also by October 1, 2007, Weitz must state in writing that it has made a diligent search for the following specific categories of documents, and that they either never existed or do not presently exist: the folders and subfolders; daily construction reports for the period from October 1, 2002 through December 31, 2002; subcontractor meeting minutes after October 2002; superintendent daily diaries and CPM schedules. If CC-Aventura believes that it has evidence that certain documents exist and have not been produced, it may take a deposition of Weitz's record custodian or of Weitz's corporate representative to clarify the matter. It is further

**ORDERED AND ADJUDGED** that the cross-motions for sanctions (DE ## 723, 751), are **DENIED**, as not justified by the circumstances of this case.

**DONE AND ORDERED** in chambers in Miami, Florida, on September 12, 2007.

*Andrea M. Simonton*
**ANDREA M. SIMONTON**
**UNITED STATES MAGISTRATE JUDGE**

**Copies furnished to:**
**The Honorable Paul C. Huck,**
   **United States District Judge**
**All counsel of record**