UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.  06-21598-CIV-HUCK/SIMONTON

CC-AVENTURA, INC., et al.,

    Plaintiffs,

v.

THE WEITZ CO., LLC, et al.,

    Defendants.
    _____/

AND RELATED CROSS-ACTIONS
_____/

### ORDER ON CC-AVENTURA'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS

Presently pending before the Court is Plaintiff CC-Aventura, Inc.'s (hereafter CC-Aventura) Motion To Compel Production of Documents (DE # 663).  This motion is referred to the undersigned Magistrate Judge (DE # 27).  The motion is fully briefed (DE ## 689, 697).  On September 10, 2007, a hearing was held on the motions.  All oral rulings made at the hearing are incorporated in this Order.  For the reasons stated at the hearing, the motion to compel is granted in part and the cross-motions for sanctions are denied.

In its motion, CC-Aventura asks the Court to compel The Weitz Company, LLC (hereafter Weitz) to produce documents which Weitz promised to produce during the April 9, 2007 and April 20, 2007 meet and confer sessions.  Specifically, CC-Aventura requests that Weitz be compelled to produce: relevant project financial documents (Request 105), advertising and marketing materials related to Continuing Care-type facilities going back to two years prior to Weitz's involvement with the project (Requests 112 and 113), all litigation and arbitration files involving the project (Requests 132, 140-

44) and documents relating to proof of payments made by Weitz to Plaintiffs (Requests 138-39). CC-Aventura also contends that Weitz has also not produced the promised privilege log, but has only made general discovery objections regarding privilege. CC-Aventura asks that Weitz be compelled to produce these documents and that Weitz be ordered to provide a privilege log or that this Court enter an order that Weitz has waived any claim of privilege. CC-Aventura also asks for Rule 37 sanctions (DE # 663).

Weitz responds that the documents requested: 1) are already in CC-Aventura's possession; 2) have not been found or 3) are awaiting review by CC-Aventura's counsel at Weitz's counsel's office. Weitz believes that it has already produced to CC-Aventura all documents responsive to the request regarding the Care Center (Request 105). With regard to the project payment application documents (Request 105), Weitz claims it provided them to CC-Aventura before the litigation began, and does not need to provide them again. As to the advertising and marketing materials (Requests 112 and 113), Weitz says it is still reviewing its files to determine whether responsive documents exist. Concerning the litigation and arbitration files involving the project (Requests 132, 140-44), Weitz claims that the parties agreed that CC-Aventura's counsel would review the non-filed discovery and then advise Weitz's counsel which of those documents to copy, with CC-Aventura to pay the copying costs. As to documents relating to proof of payments made by Weitz regarding remediation (Requests 138-39), Weitz states that it has not found any responsive documents. Weitz states that it served a privilege log on CC-Aventura after CC-Aventura filed its motion to compel. Weitz, too asks for Rule 37 sanctions (DE # 689).

In reply, CC-Aventura states that it has provided documentation memorializing Weitz's agreement to provide the documents at issue. While in June 2007, Weitz asserts

2

**that it has produced all responsive documents, cannot locate additional responsive documents, and has made documents available for review of its counsel's office, in April 2007, Weitz promised to supplement document production.  Moreover, CC-Aventura contends that in March 2007, it and Weitz agreed to exchange document production in electronic format, and that Weitz should be ordered to produce in electronic format all documents regarding the litigation and arbitration filed involving the project.  Finally, CC-Aventura contends that Weitz's privilege log, produced on June 28, 2007, is inadequate, and that Weitz should be ordered to supplement the privilege log with specificity (DE # 897).[1]**

**Therefore, for the reasons stated at the hearing, it is hereby**

**ORDERED AND ADJUDGED that Plaintiff CC-Aventura, Inc.'s Motion To Compel Production of Documents (DE # 663) is GRANTED in part.  On or before October 1, 2007, Weitz must produce all documents in its possession, custody or control all documents in its possession, custody or control which are responsive to: Request 105 (relevant project financial documents); Requests 112 and 113 (advertising and marketing materials relating to Continuing Care-type facilities for the agreed-upon time period, two years before Weitz' involvement with the project); and Requests 138-39 (documents relating to proof of payments made by Weitz).  If Weitz states that no documents responsive to any of these requests exist, it must state in writing that it has made a diligent search for the documents, and that the documents either never existed or do not presently exist.  If CC-Aventura believes that it has evidence that certain**

---

**[1] After the conclusion of the hearing, CC-Aventura filed, for the first time, a copy of Weitz's privilege log (DE # 775).**

documents exist and have not been produced, it may take a deposition of Weitz's record custodian or of Weitz's corporate representative to clarify the matter.  It is further

**ORDERED AND ADJUDGED** that the portion of the motion to compel which seeks to compel Weitz to produce in electronic format documents related to other litigation and arbitration concerning the project (Requests 132, 140-44), is **DENIED**, as it was raised for the first time in the reply, in violation of Local Rule 7.1 C., and there is insufficient evidence of such an agreement.  If CC-Aventura wants these documents produced in electronic format, it shall bear the costs of the production.  It is further

**ORDERED AND ADJUDGED** that the portion of the motion to compel which seeks to compel Weitz to file a supplemental privilege log is **DENIED without prejudice**, as CC-Aventura improperly raised the issue for the first time in its reply, in violation of Local Rule 7.1 C., and did not provide the Court with a copy of the privilege log until after the conclusion of the hearing.  Any renewed motion must include a certificate that the parties have conferred on the issue either in person or over the telephone and were unable to resolve the issue.  It is further

**ORDERED AND ADJUDGED** that the cross-motions for sanctions (DE ## 663, 697), are **DENIED**, as not justified by the circumstances of this case.

**DONE AND ORDERED** in chambers in Miami, Florida, on September 12, 2007.

*Andrea M. Simonton*
ANDREA M. SIMONTON
UNITED STATES MAGISTRATE JUDGE

**Copies furnished to:**
The Honorable Paul C.  Huck,

**United States District Judge**
**All counsel of record**