UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.  06-21598-CIV-HUCK/SIMONTON

CC-AVENTURA, INC., et al.,

    Plaintiffs,

v.

THE WEITZ CO., LLC, et al.,

    Defendants.
    _____/

AND RELATED CROSS-ACTIONS
_____/

## ORDER ON DEFENDANT WEITZ SECOND MOTION TO COMPEL BETTER INTERROGATORY ANSWERS FROM PLAINTIFFS

Presently pending before the Court is The Weitz Company, LLC's (hereafter Weitz) Second Motion To Compel Better Interrogatory Answers From Plaintiffs (DE # 683).  This motion is referred to the undersigned Magistrate Judge (DE # 27).  This motion is fully briefed (DE ## 696, 704).  On September 10, 2007, a hearing was held on the motions.  All oral rulings made at the hearing are incorporated by reference in this Order.  For the reasons stated at the hearing, the motion to compel is granted in part and Weitz's request for sanctions is denied.

In its motion, Weitz contends that Plaintiffs' supplemental answers to interrogatories are inadequate because they contain no narrative answers, but merely refer to thousands of documents by Bates numbers.  Weitz also contends that CC-Aventura Inc.'s (hereafter CC-Aventura), response to Interrogatory 3, seeking specific information regarding CC-Aventura's defect claims, is also insufficient because CC-Aventura only did not specify whether the claimed defects are alleged to arise from design issues or construction issues and because the response refers again to

thousands of documents by Bates numbers. Weitz requests Rule 37 sanctions (DE # 683).

Plaintiffs respond, initially, that the motion should be denied for failure to comply with the Local Rules and prior Orders of this Court. Next, Plaintiffs contend that Fed.R.Civ.P. Rule 33(d) allows their answers to interrogatories by referring to documents by Bates numbers.

Specifically, Plaintiffs state that the documents referenced in CC-Aventura's Supplemental Response to Interrogatory 1 include two spreadsheets which detail the specific types of damages that CC-Aventura seeks to recover, and which also characterize those damages as general or special damages. Plaintiffs state that the large number of documents referenced by Bates numbers are documents pertaining to these damages, that this interrogatory answer complies with Rule 33(d), and that the supplemental answer to Interrogatory 1 provides all current, non-privileged information. Plaintiffs state that CC-Aventura has not yet finalized its calculations of consequential damages, expects that these damages will be ascertained by retaining experts, and has provided Weitz with an estimate to date.

Similarly, Plaintiffs state that Classic Residence L.P.'s (hereafter Classic), Supplemental Response to Interrogatory 1 provides all current, non-privileged information, that it identifies the damages Classic seeks and characterizes these damages as general damages or special damages. Classic has identified as a category of damages the management fee it earns for its work at the project, and explains why the management fee has decreased due to the construction and design deficiencies at issue. Plaintiffs state that Classic has not yet finalized its calculations of the exact amount of its damages incurred by the decrease in management fees, and the loss of goodwill to

the Classic brand, and expects that these damages will be ascertained by retaining experts. Classic has provided Weitz with an estimate of its lost management fees.

Plaintiffs state that CC-Aventura's Supplemental Response to Interrogatory 3 identifies the defects which it alleges to be design defects or construction defects and referenced numerous documents, including notice letters and expert reports, regarding the defects it alleges. Plaintiffs contend that the numerous expert reports that CC-Aventura provided to Weitz provide a far better response than an attorney's summary of the reports (DE # 696).

Weitz replies that Plaintiffs are more familiar with their documents than Weitz is or could become, and that Plaintiffs must be compelled to provide narrative answers so that they will be bound by their damage calculation (DE # 704).

Therefore, after a careful review of the record, including the arguments of counsel at the hearing, and for the reasons stated on the record at the hearing, it is hereby

**ORDERED AND ADJUDGED** that The Weitz Company, LLC's Second Motion To Compel Better Interrogatory Answers From Plaintiffs (DE # 683) is **GRANTED in part**. On or before October 1, 2007, Plaintiffs must provided supplemental answers to Interrogatory 1 which, as stated at the hearing, include the information on damages which Plaintiffs' counsel provided to Weitz's counsel at the mediation. The supplemental answers to Interrogatory 1 must also include all information as to consequential damages that Plaintiffs presently possess. Of course, Plaintiffs will seasonably supplement their answers. CC-Aventura must also provide a supplemental answer to Interrogatory 3, in which it states whether each claimed defect has been determined to be a design defect or a construction defect, or that the determination has

not yet been made.  Of course, CC-Aventura will seasonably supplement its answer.  It is further

**ORDERED AND ADJUDGED** that Weitz's request for sanctions (DE # 683), is **DENIED**, as not justified by the circumstances of this case.

**DONE AND ORDERED** in chambers in Miami, Florida, on September 13, 2007.

*Andrea M. Simonton*
**ANDREA M. SIMONTON**
**UNITED STATES MAGISTRATE JUDGE**

**Copies furnished to:**
The Honorable Paul C.  Huck,
    United States District Judge
All counsel of record