UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 06-21598-CIV-HUCK/SIMONTON

CC-AVENTURA, INC., a Delaware corporation,
*et al.*,

    Plaintiffs,

vs.

THE WEITZ COMPANY, LLC, an Iowa limited
liability company, *et al.*,

    Defendants.
_____/

AND ALL RELATED ACTIONS
_____/

## OMNIBUS ORDER ON MOTIONS FOR PARTIAL SUMMARY JUDGMENT AS TO THE ISSUE OF AVAILABLE DAMAGES

THIS CAUSE is before the Court on the following Motions: Gamma USA, Inc.'s Motion for Summary Judgment as to Plaintiffs' Non-Compensatory Damages in the Third Amended Complaint, filed July 16, 2007 (D.E. #703); MSA Architects, Inc.'s Motion for Partial Summary Judgment as to Plaintiffs' Damages with respect to Count One of the Third Amended Complaint: Breach of Contract, filed August 23, 2007 (D.E. #740); MSA Architects, Inc.'s Motion for Partial Summary Judgment Which Adjudges Paragraph 5.1 "Indemnification" of the Design Contract Void as Unenforceable as a Matter of Law, filed September 27, 2007 (D.E. #795); and MSA Architects, Inc.'s Motion for Partial Summary Judgment Regarding Plaintiffs' Claims for Punitive Damages in Counts III and V: Violation of § 553.84, Fla. Stat., filed September 27, 2007 (D.E. #796).

## BACKGROUND

Two contracts are at issue in this Omnibus Order. The first is a contract between CC-Aventura, Inc. and The Weitz Company, LLC (hereinafter referred to as the "Construction Contract"), in which CC-Aventura contracted with Weitz to construct a senior living community in Aventura, Florida (hereinafter referred to as the "Aventura Project"). Weitz then entered into

1

multiple subcontract agreements to perform the construction. The second is a contract between CC-Aventura and MSA Architects, Inc. ("MSA") (hereinafter referred to as the "Design Contract"), in which CC-Aventura contracted wtih MSA to design the Aventura Project.

After construction of the Project was complete, Plaintiffs sued Weitz and MSA for alleged delays in the completion of the Project, as well as alleged defects in the design and construction that resulted in, among other problems, leaks and mold in various areas of the Project facility and forced Plaintiffs to shut down operations and relocate the residents. The operative complaint is the Third Amended Complaint, filed on December 22, 2006 by Plaintiffs CC-Aventura and Classic Residence Management Limited Partnership (the management company operating the Aventura Project). *See* D.E. #321. This Complaint seeks a variety of damages, including, among others, compensation for costs incurred in relocating the residents, "loss of goodwill" and "[d]iminished trust and confidence . . . from residents and the public in general." *See id*. at ¶¶ 45-49. The Third Amended Complaint names three defendants: MSA, the Weitz Company, LLC, and the Weitz Company, Inc.[1]

On August 3, 2006, MSA filed a Third Party Complaint naming several of Weitz's subcontractors. *See* D.E. #30.[2] Among these third party defendants was Gamma USA, Inc. ("Gamma"), a corporation specializing in window systems. On October 30, 2006 Weitz also filed a Third Party Complaint naming defendants with whom it had subcontracted. *See* D.E. #160. Again, Gamma was among these third party defendants. Gamma submitted a Motion for Summary Judgment as to the "non-compensatory" (or "consequential") damages Plaintiffs seek in their Third Amended Complaint against Weitz, arguing that such damages are not available under either the Construction Contract or the Design Contract.[3] That Motion is a subject of this Omnibus Order.[4]

---

[1] The Weitz Company, Inc. provided a guaranty of The Weitz Company, LLC's performance under the Construction Contract. Both entities are hereinafter referred to as "Weitz."

[2] The most current version of MSA's Third Party Complaint is the Third Amended Third Party Complaint, filed on November 5, 2007 (D.E. #845).

[3] As a third party defendant brought in by both Weitz and MSA, Gamma is entitled to raise the same defenses to Plaintiffs' claims as those parties. *See* Fed. R. Civ. P. 14(a).

[4] Numerous third and fourth party defendants have joined in Gamma's Motion, including Concrete & Lumber Enterprises, Corp. (D.E. #728), MG Drywall Systems Inc. (D.E. #800), Great American Insurance Co. (D.E. #804) (also joining in Concrete & Lumber's Notice of Joinder),

Further, MSA has submitted three Motions for summary judgment, which are also addressed in this Omnibus Order. The first is a motion for summary judgment as to the damages CC-Aventura seeks against it. *See* D.E. #740. In this Motion, MSA "joins . . . Gamma's legal argument that the damages which CC-Aventura, Inc. seeks against MSA are limited to 'actual damages' as set forth in the Design Contract between CC-Aventura and MSA." *Id.* at ¶ 1. However, MSA limits its argument to the damages requested in Count One of the Third Amended Complaint, alleging breach of the Design Contract. The second is a motion for summary judgment adjudging the Indemnity Clause in Article 5.1 of the Design Contract void as a matter of law. *See* D.E. #795. The third is a motion seeking to strike Plaintiffs' request for punitive damages in Counts III and V of the Third Amended Complaint. *See* D.E. #796.

## ANALYSIS & CONCLUSION

The Court has reviewed the foregoing Motions, Plaintiff's Responses thereto, and the Replies and Sur-Replies. The Court is duly advised in the premises. For the reasons stated in open court at the November 8, 2007 hearing, the Court hereby ORDERS and ADJUDGES as follows:

1. Gamma USA, Inc.'s Motion for Summary Judgment as to Plaintiffs' Non-Compensatory Damages (D.E. #703) is DENIED. The Court finds the Construction Contract to be ambiguous as to Plaintiffs' available damages. When the terms of the contract are ambiguous and susceptible to different, reasonable interpretations, summary judgment is inappropriate. *See, e.g.*, *Yardum v. Scalese*, 799 So. 2d 382, 383 (Fla. 4th DCA 2001) ("Where a written instrument lends itself to more than one reasonable interpretation, it is ambiguous and therefore summary judgment is improper for either party."); *Langford v. Paravant, Inc.*, 912 So. 2d 359, 360-61 (Fla. 5th DCA 2005) ("[W]hen the content of an agreement is ambiguous and the parties present different interpretations, the issue of proper interpretation becomes one of fact, precluding summary judgment."). The Court will hold a hearing at which the parties will present extrinsic evidence as to the damages available to Plaintiffs under the Construction Contract, as soon as possible after the parties have gathered such evidence.

---

United States Fidelity & Guarantee Co. (D.E. #805), American Standard Inc. d/b/a Trane (D.E. #806), Coastal Masonry, Inc. (D.E. #808), Sparta Insulation Co. (D.E. #810), Delta Painting, Inc. (D.E. #811), American Manufacturers Mutual Insurance Company (D.E. #812), BASF Corp. (D.E. #813) (also joining in MSA's Summary Judgment Motion as to Count One, and in Concrete & Lumber's Notice of Joinder), Aero Cooling Systems, Inc. (D.E. #814) (also joining in Concrete & Lumber's Notice of Joinder) and Metro Caulking & Waterproofing, Inc. (D.E. #815). Weitz also joined in Gamma's Motion (D.E. #755).

2. MSA Architects, Inc.'s Motion for Partial Summary Judgment as to Plaintiffs' Damages with respect to Count One: Breach of Contract (D.E. #740) is DENIED AS MOOT. The parties agreed at the November 8, 2007 hearing that Plaintiffs may seek "actual damages" for breach of the Design Contract, as such "actual damages" are defined by the common law of the state of Illinois.

3. MSA Architects, Inc.'s Motion for Partial Summary Judgment Which Adjudges Paragraph 5.1 "Indemnification" of the Design Contract Void as Unenforceable as a Matter of Law (D.E. #795) is DENIED AS PREMATURE, WITHOUT PREJUDICE. MSA may resubmit a motion for summary judgment as to this issue at or near the close of discovery.

4. MSA Architects, Inc.'s Motion for Partial Summary Judgment Regarding Plaintiffs' Claims for Punitive Damages in Counts III and V: Violation of § 553.84, Fla. Stat (D.E. #796) is DENIED AS PREMATURE, WITHOUT PREJUDICE. MSA may resubmit a motion for summary judgment as to this issue at or near the close of discovery.

5. Further, all additional parties shall be added on or before **Monday, December 3, 2007.**

DONE and ORDERED, in Chambers, Miami, Florida, this November 8, 2007.

_____
PAUL C. HUCK
UNITED STATES DISTRICT JUDGE

Copes furnished to:
All Counsel of Record
Magistrate Judge Simonton