UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 06-21598-CIV-HUCK/SIMONTON

CC-AVENTURA, INC., et al.,

    Plaintiffs,

v.

THE WEITZ CO., LLC, et al.,

    Defendants.
_____/

## ORDER ON PENDING DISCOVERY MOTIONS

Presently pending before the Court are Plaintiff CC-Aventura, Inc.'s (hereafter CC-Aventura) Motion To Enforce The Court's September 12, and 13, 2007 Orders and To Compel The Weitz Defendants' (hereafter Weitz), Further Production of Documents and Responses (DE # 911) and CC-Aventura, Inc.'s Motion To Compel The Weitz Company, Inc. and The Weitz Company, LLC To Produce Further Responses To Its Sixth Set of Requests For Production and Motion To Accelerate The Briefing Schedule (DE # 946). These motions are referred to the undersigned Magistrate Judge (DE # 27). On January 30, 2008, a hearing was held on the motions. The parties conferred about the subject matter contained in the motions and reached certain stipulations which are set forth below. All oral rulings made at the hearing are incorporated by reference in this Order. The Court accepted the stipulation and ruled on the issues as to which no agreement was reached.

    I. The Motion To Enforce The Court's September 12, and 13, 2007 Orders

    A. Insurance Documents

The parties stipulated in open court that on or before February 11, 2008, Weitz will either 1) produce all insurance documents in Weitz's possession, custody and control

which are responsive to Requests for Production 1, 98-104, 134 and 159 and certify that the documents produced are all the responsive documents within Weitz's possession, custody and control or 2) certify that Weitz has already produced all documents in Weitz's possession, custody and control which are responsive to these requests.

C. <u>The Revised Privilege Log</u>

On January 28, 2008, Weitz produced a further revised privilege log. The parties stipulated in open court that CC-Aventura will send an email to Weitz regarding the identity of persons named in the privilege log who are unknown to CC-Aventura. Within 1 business day thereafter, Weitz will respond identifying these persons. Weitz will remove certain entries in the privilege log relating to documents which are not confidential, and, within one week, will produce those documents to CC-Aventura. Weitz will also remove entries in the privilege log that are not privileged, but are merely confidential, and which can be produced pursuant to the confidentiality order between the parties, and will, within one week, produce those documents to CC-Aventura pursuant to the procedures in the confidentiality order.

D. <u>Certifications of Search</u>

The parties stipulated in open court that, on or before February 14, 2008, Weitz will provide certifications that 1) they have made a diligent search for certain documents and that 2) the documents either never existed or do not presently exist. The certifications will contain the details of how the search was conducted.

E. <u>Supplemental Response To Interrogatories 3, 6, 9, 10, 12, and 14-18</u>

The parties stipulated in open court that as to Interrogatories 3, 6 and 9, on or before February 14, 2008, Weitz will identify either what documents contained in Exhibit H are either responsive to each interrogatory or are not responsive to each interrogatory,

whichever will result in a shorter list.

The parties further stipulated in open court that as to Interrogatories 10, 12, and 14 through 18, on or before February 14, 2008, Weitz will provide a list identifying which documents are responsive to each interrogatory.

### F. Supplemental Response To Interrogatory 22

The parties stipulated in open court that, on or before February 4, 2008, Weitz will provide a supplemental response to Interrogatory 22 which answers all remaining subparts of the interrogatory.

### G. Documents Supporting Counterclaim

The parties stipulated in open court that, on or before February 14, 2008, Weitz will provide a certification confirming that the documents previously produced are all of the documents upon which Weitz relies in support of its counterclaim.

### H. Deposition Transcripts From The State Court Litigation and Arbitrations

The parties stipulated in open court that on or before February 4, 2008, Weitz will provide CC-Aventura with a list of all deposition transcripts from the subcontractor litigation which Weitz possesses.  CC-Aventura will then provide Weitz with a list of the depositions which are not already in CC-Aventura's possession.  Within 2 days of receiving this list, Weitz will produce all deposition transcripts from the subcontractor litigation in Weitz's possession, custody and control which CC-Aventura does not already possess.

### I. Cross-Motions For Sanctions

CC-Aventura's motion for $1,450.00 in Fed.R.Civ.P. 37 sanctions is granted in part.  Rule 37(a)(4)(A) states that sanctions may be granted if a party provides requested discovery only after the filing of a motion to compel.  It is undisputed that Weitz provided

CC-Aventura with requested discovery after CC-Aventura filed the instant motion requesting that the Court compel the production of the discovery. Therefore, Weitz is sanctioned, pursuant to Rule 37 and must pay CC-Aventura the reasonable attorney's fees incurred by CC-Aventura in preparing the instant motion.

However, the hourly rates requested by CC-Aventura's counsel are reduced, as they are excessive when compared with the local market. Thus, the hourly rate for attorney Colleen Guilford, a first year associate, is reduced from $325.00 to $200.00, and the hourly rate for attorney Eric M. Katz, an eighth year associate, is reduced from $475.00 to $400.00. The undersigned finds reasonable the amount of time spent by the attorneys– three hours for attorney Guilford and one hour for attorney Katz. Therefore, at the conclusion of the litigation, Weitz must pay CC-Aventura $1,000.00 as a Rule 37 sanction.

Weitz's request for Rule 37 sanctions is denied, as unjustified by the circumstances of this case.

## II. The Motion To Compel Weitz To Produce Further Responses

### A. Requests For Production 166-69

The parties stipulated in open court that Weitz has withdrawn its objections to Requests for Production 166-69, and that, on or before February 11, 2008, Weitz will provide an amended response and produce additional responsive documents.

### B. Requests For Production 172-73

The parties stipulated in open court that Weitz has withdrawn its objections to Requests for Production 172-73, and that, on or before February 11, 2008, Weitz will provide an amended response and produce additional responsive documents.

### C.  Request For Production 176

The parties stipulated in open court that Weitz has withdrawn its objections to Request for Production 176, and that, on or before February 11, 2008, Weitz will provide an amended response and produce additional responsive documents.

### D.  Requests For Production 177-78

The parties stipulated in open court that Weitz has withdrawn its objections to Requests for Production 177-78, and that, on or before February 11, 2008, Weitz will provide an amended response and produce additional responsive documents.

### E.  Request For Production 179

The parties stipulated in open court that Weitz has withdrawn its objections to Request for Production 179, and that, on or before February 11, 2008, Weitz will provide an amended response and produce additional responsive documents.

### F.  Request For Production 182

The parties stipulated in open court that Weitz has withdrawn its objections to Request for Production 182, and that, on or before February 11, 2008, Weitz will provide an amended response and produce any additional responsive documents.  The parties stated that all draft contracts for the Aventura project have been produced.

### G.  Requests For Production 202-03

The parties stipulated in open court that Weitz has withdrawn its objections to Requests for Production 202-03, and that, on or before February 11, 2008, Weitz will provide an amended response, asserts all privileges, and produce additional responsive non-privileged documents.

### H.  Request For Production 205

The parties stipulated in open court that Weitz has withdrawn its objections to

Request for Production 205, and that, on or before February 11, 2008, Weitz will provide an amended response and produce additional responsive documents.

    I.  <u>Requests For Production 181, 183-89</u>

The parties were not able to reach an agreement on Requests for Production 181 and 183-189. Request for Production 181 seeks all contracts between Weitz LLC and its subcontractors for the four Classic Residence by Hyatt properties, including the Aventura project, that Weitz LLC constructed. Requests for Production 183-89 seek drafts and communications related to the negotiations of these contracts.

After hearing argument on the issue, and for the reasons stated at the hearing, the undersigned grants in part Plaintiff's request to compel Weitz to produce documents responsive to Request for Production 181. Weitz must produce, as it has agreed to do, all contracts between Weitz LLC and its subcontractors relating to the Aventura project, as well as the template for the contracts with the subcontractors. If CC-Aventura wishes Weitz to produce all contracts between Weitz LLC and its subcontractors relating to the other three projects, CC-Aventura must pay all costs related to the production, including but not limited to the costs of retrieval and copying.

For the reasons stated at the hearing, Plaintiff's request to compel Weitz to produce documents responsive to Requests for Production 183-89 is denied without prejudice to renew if warranted after CC-Aventura reviews the contracts between Weitz LLC and the subcontractors.

    J.  <u>The Request For An Accelerated Briefing Schedule Is Denied As Moot</u>

In light of the ruling on the motion, CC-Aventura's request for an accelerated briefing schedule is denied as moot.

Therefore, based upon a review of the record as whole, including the argument of

counsel at the hearing, the stipulations placed on the record, and for the reasons stated on the record at the hearing, it is hereby

**ORDERED AND ADJUDGED** that Plaintiff CC-Aventura, Inc.'s Motion To Enforce The Court's September 12, and 13, 2007 Orders and To Compel The Weitz Defendants' Further Production of Documents and Responses (DE # 911), is **GRANTED in part**, as stated in the body of the Order, and pursuant to the stipulation of the parties. It is further

**ORDERED AND ADJUDGED** that Plaintiff CC-Aventura, Inc.'s Request For Sanctions (DE # 911), is **GRANTED in part**, as stated in the body of the Order, and that Weitz's Request For Sanctions (DE # 920), is **DENIED**. It is further

**ORDERED AND ADJUDGED** that CC-Aventura, Inc.'s Motion To Compel The Weitz Company, Inc. and The Weitz Company, LLC To Produce Further Responses To Its Sixth Set of Requests For Production and Motion To Accelerate The Briefing Schedule (DE # 946), is also **GRANTED in part**, as stated in the body of the Order, and pursuant to the stipulation of the parties.

**DONE AND ORDERED** in chambers in Miami, Florida, on January 31, 2008.

*Andrea M. Simonton*

ANDREA M. SIMONTON
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
The Honorable Paul C. Huck,
    United States District Judge
All counsel of record