UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 06-21598-CIV-HUCK/SIMONTON

CC-AVENTURA, INC., et al.,

    Plaintiffs,

v.

THE WEITZ CO., LLC, et al.,

    Defendants.
_____/

### ORDER ON PLAINTIFF'S EMERGENCY MOTION TO COMPEL COMPLIANCE WITH THE COURT'S SEPTEMBER 13, 2007 AND JANUARY 31, 2008, ORDERS

Presently pending before the Court is Plaintiff CC-Aventura, Inc.'s (hereafter CC-Aventura) Emergency Motion To Enforce The Court's September 13, 2007 and January 31, 2008, Orders (DE # 967). This motion is referred to the undersigned Magistrate Judge (DE # 27). The motion is fully briefed (DE ## 985, 999). For the reasons stated below, the motion to compel is granted and the cross-requests for sanctions are denied.

    I. The Motion

In this motion, CC-Aventura contends that the Weitz Defendants have not fully complied with this Court's Orders entered September 13, 2007, and January 31, 2008, in that the Weitz Defendants have not provided the detailed information requested in Plaintiff's Interrogatory 22.[1] CC-Aventura alleges that the communications between the Weitz Defendants and their insurers likely address whether the defects at issue in this litigation constitute covered losses, and, if so, the coverage provided for direct and

---

[1] On February 15, 2008, CC-Aventura filed a motion to expedite the briefing schedule on this motion (DE # 976). This Court granted the motion later in the day (DE # 978).

consequential damages arising from such defects.[2]  CC-Aventura also seeks monetary sanctions for the Weitz Defendants' repeated and flagrant violations of court orders (DE # 967).

   II. <u>Weitz's Response</u>

The Weitz Defendants respond that on February 12, 2008, the day after CC-Aventura filed the instant motion, they provided CC-Aventura with a supplemental response to Interrogatory 22 that complied with the Court's orders and with the parties' stipulation in open court.  In their response, the Weitz Defendants admit that they did not serve a supplemental response to Interrogatory 22 by the ordered date, February 4, 2008, because counsel for the Weitz Defendants inadvertently failed to calendar the response date.  The Weitz Defendants claim that CC-Aventura did not contact them during the week of February 4, 2008 regarding whereabouts of the supplemental response to Interrogatory 22, but first contacted the Weitz Defendants' counsel about the missing supplemental response in the early evening of Saturday, February 9, 2008.  The Weitz Defendants contend that the instant motion thus did not constitute an emergency, and should be denied because CC-Aventura, by contacting the Weitz Defendants' counsel on the Saturday night before a Monday deposition, did not consult in a good-faith attempt to resolve the issue (DE # 985).  Finally, the Weitz Defendants contend that the stipulation resolving the dispute over Interrogatory 22 did not include oral communications between the Weitz Defendants and their insurers.  In any event, the Weitz Defendants allege that

---

[2] CC-Aventura also sought to have the motion considered on an emergency basis contending that the information sought was critical to the deposition of Weitz's general counsel, which was to occur on February 11, 2008 at 11 a.m. EST.  However, by the time the motion was filed on the morning of February 11, 2008, no meaningful review could occur before the deposition was scheduled to occur.

they have certified that they have produced all non-privileged communications with their carriers (DE # 985 at fn. 11).

   III.  CC-Aventura's Reply

In reply, CC-Aventura states that the Weitz Defendants have not fully responded to Interrogatory 22, in that they have not identified, by date and by the individuals involved, all communications with the carrier, including oral communications, and because the certification that the Weitz Defendants have provided all relevant, non-privileged communications, is inadequate, as it came in the form of an unsworn letter from Weitz's counsel.  CC-Aventura notes that the Court has repeatedly ordered the Weitz Defendants to answer every subpart of Interrogatory 22, and that the January 30, 2008 stipulation resolving the dispute merely states that on or before February 4, 2008, Weitz will provide a supplemental response to Interrogatory 22 which answers all remaining subparts of the interrogatory (DE # 989 at 2-3).   CC-Aventura also states that the January 30, 2008 stipulation and the Court's January 31, 2008 Order stated that the Weitz Defendants had to answer with specificity every part of Interrogatory 22 (DE # 989 at 3-4).  Moreover, CC-Aventura contends that the purported certification that the Weitz Defendants have provided all responsive non-privileged information, is inadequate as it is an unsworn letter from counsel for the Weitz Defendants (DE # 989 at 4-5; Ex. B to DE # 989, 2/19/08 letter from V. Vaccarella to A. Pegg).

CC-Aventura also states that it waited until Saturday, February 9, 2008 to inquire about the whereabouts of the supplemental response to Interrogatory 22, because the Weitz Defendants' discovery responses to CC-Aventura's counsel in California frequently arrive five business days after service (DE # 989 at 3, fn. 1).

### IV. Analysis

#### A. The Motion To Compel Is Granted

CC-Aventura's motion to compel the Weitz Defendants to provide a supplemental answer to the subpart of Interrogatory 22 which requests Weitz to identify, by date and by the individuals involved, all communications with the carrier, is granted. On or before March 21, 2008, the Weitz Defendants shall identify by date and by the individuals involved, all communications with the carrier, including all oral communications with the carrier.

It is undisputed that in September 2007 and January 2008, the undersigned ordered that the Weitz Defendants provide a complete answer to Interrogatory 22. Moreover, the undersigned finds that a fair reading of Interrogatory 22 includes a request that Weitz identify oral communications with the insurance carrier.

If the Weitz Defendants claim that they have provided to CC-Aventura all non-privileged information responsive to that part of Interrogatory 22 which calls for the Weitz Defendants to identify by date and by the individuals involved, all communications, including oral communications, with the carrier, the Weitz Defendants must specifically state that fact in a verified supplemental response to Interrogatory 22. The unsworn letter to that effect from counsel for the Weitz Defendants is not sufficient.

The undersigned rejects the Weitz Defendants' argument that the motion to compel should be denied because CC-Aventura did not make a good faith effort to resolve the matter. The undersigned is frankly surprised that the Weitz Defendants, on the one hand, cavalierly admit that they did not obey the Court's order to provide a supplemental response to Interrogatory 22 because they forgot, but then excoriate CC-Aventura for waiting five days until asking where the supplemental response was. This

is especially true since the Weitz Defendants have apparently been serving their discovery responses to CC-Aventura's counsel in California by regular mail, a method not designed for speed.  On the other hand, it is difficult to understand why CC-Aventura would wait for a response by regular mail until the Saturday preceding a Monday deposition for which the documents were sought, before contacting the Weitz Defendants.

### B.  The Cross-Requests For Sanctions Are Denied

The cross-requests for sanctions are denied.

CC-Aventura's request for sanctions is denied as not justified under the facts of the case.  In this regard, the undersigned notes that, before making this motion, it does not appear that CC-Aventura ever *specifically* asked that the Weitz Defendants be ordered to identify all oral communications with the insurance carrier; although oral communications are within the scope of the request, which calls for "all communications".  Therefore, the undersigned finds that it would be unjustified, under the circumstances of this case, to award sanctions to CC-Aventura for failing to provide that information.

Furthermore, as CC-Aventura's motion to compel has been granted, the Weitz Defendants' request for sanctions is denied.

Therefore, for the reasons stated above, it is hereby

**ORDERED AND ADJUDGED** that Plaintiff CC-Aventura, Inc.'s Emergency Motion To Enforce The Court's September 13, 2007 and January 31, 2008, Orders (DE # 967), is **GRANTED**.  On or before March 19, 2008, the Weitz Defendants must provide a supplemental responses to Interrogatory 22.  If the Weitz Defendants claim that they

5

have provided to CC-Aventura all non-privileged information responsive to Interrogatory 22, the Weitz Defendants must specifically state that fact in a supplemental response to Interrogatory 22, which is verified by the custodian of records.  It is further

**ORDERED AND ADJUDGED** that the cross-motions for sanctions (DE ## 967, 985), are **DENIED**.

**DONE AND ORDERED** in chambers in Miami, Florida, on March 12, 2007.

_____
**ANDREA M. SIMONTON**
**UNITED STATES MAGISTRATE JUDGE**

Copies furnished to:
The Honorable Paul C. Huck,
   United States District Judge
All counsel of record