**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.  06-21598-CIV-HUCK/SIMONTON**

**CC-AVENTURA, INC., et al.,**

      **Plaintiffs,**

**v.**

**THE WEITZ CO., LLC, et al.,**

      **Defendants.**
_____/

**ORDER ON PLAINTIFFS' MOTION FOR CONTEMPT AND ON PLAINTIFFS'**
**MOTION TO COMPEL FURTHER PRODUCTION OF INSURANCE DOCUMENTS**

      Presently pending before the Court are Plaintiff CC-Aventura, Inc.'s (hereafter CC-Aventura) Motion For Contempt and To Compel Compliance With The Court's January 31, 2008 Order (DE # 979) and Plaintiff's Motion To Compel The Weitz Defendants' Further Production of Insurance Documents (DE # 1034).  These motions are referred to the undersigned Magistrate Judge (DE # 27).   On March 27, 2008, a hearing was held on these motions.  For the reasons stated below, the motion for contempt is denied, and the motion to compel compliance with court's prior order and to compel further production of insurance documents are granted in part.  All requests for sanctions are denied.

      **I.** **The Motion For Contempt**

      In this motion, CC-Aventura contends that the Weitz Defendants have not complied with this Court's January 31, 2008 order in that the Weitz Defendants have not provided, no later than February 11, 2008, either all insurance documents in the possession, custody or control of Weitz LLC that are responsive to Requests for Production 98-104, 134 and 159 and have not certified that these documents are all the responsive documents in Weitz LLC's possession, custody or control or certified that all

such documents have already been produced.  CC-Aventura also states that the Weitz

Defendants have not provided, no later than February 14, 2008, as ordered, 1) detailed

certifications that they have made a diligent search for certain documents and that the

documents either never existed or do not presently exist; 2) amended answers to

Interrogatories 3, 6, and 9 identifying what documents contained in Exhibit H of the

Declaration of Eric Katz are either responsive, or not responsive to each interrogatory

(whichever results in a shorter list); 3) amended answers to Interrogatories 10, 12, and

14-18 identifying what documents contained in Exhibit H of the Declaration of Eric Katz

are responsive to each interrogatory; and 4) a sworn certification confirming that the

documents that Weitz LLC previously produced are all of the documents upon which

Weitz LLC relies in support of its counterclaim.[1]  CC-Aventura asks that Weitz LLC be

held in contempt for failing to comply with numerous orders of this Court, including the

January 31, 2008 Order, and that the Court impose sanctions under Fed.R.Civ.P. 37(b),

including, but not limited to, an award of the reasonable attorneys' fees and costs which

CC-Aventura incurred in bringing the motion (DE # 979).

        The Weitz Defendants respond in opposition that 1) on February 19, 2008, they

sent a FedEx package to Plaintiffs' counsel containing a CD which held the remaining

additional documents responsive to Plaintiffs' requests for production 1, 98-104, 134 and

159 and a transmittal letter certifying that the Weitz Defendants have produced to

Plaintiffs all responsive documents (Ex. A to DE # 1014); 2) on March 7, 2008, the Weitz

Defendants provided Plaintiffs' counsel with a letter providing certifications and details

of the searches conducted regarding certain categories of documents, as well as a

---

[1] The motion also contains a request for expedited briefing (DE # 979 at 5-6).  The
request for expedited briefing is hereby denied as moot.

2

certification regarding the production of documents supporting Weitz LLC's
counterclaim (Ex. B to DE # 1014); and 3) on February 22, 2008, the Weitz Defendants
served supplemental responses to Interrogatories 3, 6, 9, 23, and 14-18 (Ex. C to DE #
1014), and on February 26, 2008, the Weitz Defendants served further supplemental
responses to Interrogatories 3, 6, 9 and 14 (Ex. D to DE # 1014).  In closing, the Weitz
Defendants ask the Court to deny Plaintiff's motion and to award the Weitz Defendants
the attorney's fees incurred in defending the motion (DE # 1014).

CC-Aventura replies that in the response, Weitz LLC concedes that it missed all
the deadlines set forth in the January 31, 2008 order.  CC-Aventura further contends that
Weitz LLC has failed to produce all the insurance documents responsive to requests for
production 1, 98-104, 134 and 159, and has also not provided the required certification
that the documents produced constitute all responsive documents within Weitz's
possession, custody or control.  In support of this claim, CC-Aventura states that Weitz's
general counsel testified at his deposition of the existence of numerous insurance
related documents which Weitz has not produced.  CC-Aventura also alleges that all of
the certifications produced by Weitz consist of unsworn assurances of Weitz's counsel,
which do not satisfy the Court's orders that the Weitz Defendants provide sworn
certifications.  CC-Aventura also, in connection with Interrogatories 6 and 9, contends
that the Weitz Defendants should either be ordered to identify with specificity all
documents which support its contentions that 1) MSA was negligent with respect to
Requests for Information (RFIs), Potential Change Orders (PCOs), and Prime Contract
Change Orders (PCCOs) (Interrogatory 6) and 2) MSA's performance fell below the
applicable standard of care (Interrogatory 9) or an Order should be issued limiting Weitz
LLC to relying only on the specific documents identified in its supplemental response in

3

support of these contentions against MSA.  Next, as to Weitz's supplemental response to Interrogatory 10, asking that it state its damages with respect to the cross-claim against MSA and describe the calculation thereof, in which Weitz states that it will has not yet finalized the calculation of its damages and will supplement the response, CC-Aventura notes that Weitz's initial response referred to its April 2007 $8.1 million summary of damages, and asks that Weitz be compelled to provide additional damages information. Finally, Interrogatory 15 asks Weitz to identify each design deficiency, change order and other act that interfered with Weitz LLC's completion of the Health Center.  CC-Aventura notes that Weitz's original response identified certain acts, but that the additional supplemental response identifies various examples of Health Center design deficiencies, but does not address how CC-Aventura had anything to do with creating these alleged deficiencies.  CC-Aventura asks that Weitz LLC be compelled to provide the requested level of specificity in response to Interrogatory 15 (DE # 1018).

    II. <u>The Motion To Compel Further Production of Insurance Documents</u>

    In this motion, CC-Aventura moves to compel the Weitz Defendants to produce all insurance related documents that are responsive to CC-Aventura's document requests, which the Court has ordered the Weitz Defendants to produce.  CC-Aventura asserts that at the deposition of Weitz LLC's general counsel, David Strutt, attorney Strutt testified that numerous responsive insurance related documents exist that have not been produced.  CC-Aventura also asserts that in response to subpoenas duces tecum that it has served on various of the Weitz Defendants' insurance carriers, it has received responsive documents which have not been produced by the Weitz Defendants.  CC-Aventura asks this Court to: 1) require the Weitz Defendants to produce all documents responsive to Requests for Production 1, 98-104, 134 and 159; 2) to provide a sworn

certification concerning the production and 3) to pay CC-Aventura the reasonable attorneys' fees and costs incurred in bringing this motion (DE # 1034).

The Weitz Defendants respond in opposition that there are no additional documents to be produced.  They state that they have not produced the documents referenced by attorney Strutt because all communications with insurance carriers are either work product and/or attorney-client privileged documents.  The Weitz Defendants further assert that the documents which CC-Aventura has obtained through subpoena from third parties were: 1) not in the files of the Weitz Defendants; 2) misfiled 3) not kept by the Weitz Defendants; or 4) inadvertently not produced.  The Weitz Defendants state that their supplemental response to Interrogatory 22, served on March 20, 2008, serves as the required certification that they have produced all non-privileged responsive insurance documents (Ex. C to DE # 1043).  The Weitz Defendants ask for an award of the attorney's fees and costs they incurred in defending this motion (DE # 1043).

III.  Analysis

A.  The Motion For Contempt Is Denied and the Motion To Compel Compliance With The January 31, 2008 Order Is Granted in Part

1.  The Motion For Contempt Is Denied

CC-Aventura's motion to hold the Weitz Defendants in contempt for failure to comply with numerous orders of this Court is denied.  The undersigned is aware that the Weitz Defendants have cavalierly admitted, on more than one occasion, that they have not complied with the deadlines for discovery ordered by this Court.  However, the undersigned finds that the drastic sanction of recommending that the Weitz Defendants be held in contempt is not warranted in this case in view of the substantial discovery which has been provided and the complex nature of the litigation.

2.  **The Motion To Compel Compliance With the January 31, 2008 Order Is Granted In Part**

CC-Aventura's motion to compel the Weitz Defendants to comply with this Court's January 31, 2008 order is granted in part.

Initially, the undersigned will consider CC-Aventura's contention that the Weitz Defendants have not provided all insurance documents below, in connection with the motion brought specifically concerning that issue.

The undersigned grants the portion of CC-Aventura's motion asking that the Weitz Defendants be ordered to provide, detailed, sworn certifications that they have made a diligent search for certain documents, how the search was conducted and that the documents either never existed or do not presently exist; and a sworn certification confirming that the documents that Weitz LLC previously produced are all of the documents upon which Weitz LLC relies in support of its counterclaim.  As the Court previously stated in the September 10, 2007 hearing, the custodian of records must provide a sworn declaration which describes the search conducted for each category and certifies that all responsive documents located were produced and there is either no reason to believe that other documents exist, or that there is a stated reason to believe that other responsive documents exist.  *See* Transcript of September 10, 2007 hearing at 114-15, Ex. B to DE # 1018.  On or before April 7, 2008, the Weitz Defendants must provide these sworn certifications by a custodian of records for the Weitz Defendants.  Thereafter, CC-Aventura may take the deposition of the records custodian if it is dissatisfied with the certification or if it believes that responsive documents have been withheld.

The portion of CC-Aventura's motion seeking amended answers to Interrogatories

3, 6, 9, 10, 12, and 14-18, identifying what documents contained in Exhibit H of the Declaration of Eric Katz are responsive to each interrogatory, is denied.  After CC-Aventura filed its motion, the Weitz Defendants filed supplemental responses to these interrogatories.

In its reply, CC-Aventura takes issue with the February 22 and February 26, 2008 Supplemental Responses to Interrogatories 6, 9, 10 and 15 (Exs. C and D to DE # 1014), and asks that the Weitz Defendants be ordered to file better answers to these supplemental responses.  This request is granted in part.

As to Interrogatories 6 and 9, counsel for the Weitz Defendants stated at the hearing that the Weitz Defendants have identified all documents upon which they intend to rely to support their contentions that 1) MSA was negligent with respect to Requests for Information (RFIs), Potential Change Orders (PCOs), and Prime Contract Change Orders (PCCOs) (Interrogatory 6) and 2) MSA's performance fell below the applicable standard of care (Interrogatory 9).  Therefore, in support of these contentions against MSA, the Weitz Defendants may only rely upon the specific documents identified in its supplemental response.

Next, as to Interrogatory 10, by April 7, 2008, Weitz must supplement its damages response with all the additional damages information it has as of that date.

As to Interrogatory 15, counsel for the Weitz Defendant stated at the hearing that he had not understood what CC-Aventura was seeking in response to this interrogatory, but that the Weitz Defendants could easily provide a supplemental response.  Therefore, on or before April 7, 2008, the Weitz Defendants must provide a supplemental response to Interrogatory 15 which identifies each design deficiency, change order and other act that interfered with Weitz LLC's completion of the Health Center, and then addresses,

7

with specificity, CC-Aventura's role in creating each of these alleged deficiencies.

Except for the information specifically ordered herein, in view of the various times that CC-Aventura has requested additional information as a result of the initial discovery requests, to which the Weitz Defendants have responded that they would have produced the information if they had understood that the "new" information was requested, the undersigned has determined that it is appropriate to require CC-Aventura to serve supplemental requests with respect to any information or documents which contend has not been produced.

B.  <u>The Motion To Compel Further Production of Insurance Documents Is Granted in Part</u>

This motion is granted in part.  Initially, on or before April 7, 2008, the Weitz Defendants must make a further search of their files and produce all non-privileged documents responsive to CC-Aventura's request for all communications with insurance companies.

In making this ruling, the undersigned notes that the Weitz Defendants apparently did not claim privilege as to the documents which CC-Aventura obtained through subpoenas from non-party insurance companies, even though some of these documents were letters from the Weitz Defendants' counsel to the insurance companies.

If CC-Aventura wishes to move to compel the documents which the Weitz Defendants assert are privileged, CC-Aventura must do so in a separate motion.  To aid CC-Aventura in deciding to make such a motion, on or before April 7, 2008, the Weitz Defendants must file a privilege log which lists with specificity each communication or category of communications with insurance companies as to which the Weitz Defendants assert a privilege.  It is particularly important that Weitz Defendants identify

8

the date on which each of the insurance companies assumed the defense of this litigation; e.g., one category of documents withheld might be "communications between counsel and the carrier with respect to litigation strategy between January 1, 2008 (the date that the carrier assumed the defense of this litigation) and the present)."

   D.  **The Cross-Requests For Sanctions Are Denied**

The cross-requests for sanctions are denied.

CC-Aventura's requests for sanctions are denied as not justified under the facts of the case.

Furthermore, as CC-Aventura's motions to compel have been granted, albeit only in part, the Weitz Defendants' requests for sanctions are denied.

Therefore, for the reasons stated above and at the hearing, it is hereby

   **ORDERED AND ADJUDGED** that Plaintiff CC-Aventura, Inc.'s Motion For Contempt and To Compel Compliance With The Court's January 31, 2008 Order (DE # 979) and Plaintiff's Motion To Compel The Weitz Defendants' Further Production of Insurance Documents (DE # 1034), are **GRANTED in part**, as stated in the body of the Order.  It is further

   **ORDERED AND ADJUDGED** that the cross-requests for sanctions (DE ## 979, 1014, 1034, 1043), are **DENIED**.

   **DONE AND ORDERED** in chambers in Miami, Florida, on March 27, 2008.

*Andrea M. Simonton*
**ANDREA M. SIMONTON**
**UNITED STATES MAGISTRATE JUDGE**

**Copies furnished to:**
**The Honorable Paul C. Huck,**
   **United States District Judge**
**All counsel of record**