UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 06-21598-CIV-HUCK/O'SULLIVAN

CC-AVENTURA, INC., a Delaware corporation,
*et al.*,
    Plaintiffs,
vs.

THE WEITZ COMPANY, LLC, an Iowa limited
liability company, *et al.*,
    Defendants.
_____/

AND ALL RELATED ACTIONS
_____/

### ORDER DENYING GRUMMAN/BUTKUS ASSOCIATES, LTD.'S MOTION TO DISMISS COUNT XXIII OF MSA ARCHITECTS, INC.'S THIRD AMENDED THIRD PARTY COMPLAINT

This matter is before the Court on Third Party Defendant Grumman/Butkus Associates, Ltd.'s ("Grumman") Motion to Dismiss Count XXIII of MSA Architects, Inc.'s ("MSA") Third Amended Third Party Complaint, filed March 31, 2008 (D.E. #1049). The Court has considered the Motion, MSA's response, and all pertinent parts of the record.[1] For the following reasons, the Motion is denied.

### FACTUAL AND PROCEDURAL BACKGROUND[2]

Plaintiffs, CC-Aventura, Inc. and Classic Residence by Hyatt ("Plaintiffs") are the respective owner and operator of a senior living community in Aventura, Florida ("the Project"). Plaintiffs contracted with MSA to design the Project, and with The Weitz Company ("Weitz") to act as general

---

[1] Grumman did not file a reply in support of its Motion to Dismiss.

[2] The factual background is derived from MSA's Third Amended Third Party Complaint, as the factual allegations in a complaint must be taken as true when reviewing a motion to dismiss.

1

contractor in the Project's construction.

In October 2002 Plaintiff Classic Residence retained Grumman to serve as "commissioning authority" for the Project - Grumman was to verify and document that the Project's facilities, systems, and assemblies met Classic Residence's specifications. MSA attached a copy of the "Commissioning Plan" between Classic Residence and Grumman to its Third Amended Third Party Complaint. D.E. #845 Ex. L. As laid out in this document, the focus of the Plan was "the mechanical systems [of the Project], particularly heating, ventilating, and air-conditioning (HVAC) components." *Id.* at 5. The Plan describes the "commissioning process" as "[a] quality-focused process for enhancing the delivery of a project" that "focuses on verifying and documenting that the facility and all of its systems and assemblies are planned, designed, installed, tested, operated, and maintained to meet [Classic Residence's] Project Requirements." *Id.* at 7.

In June 2006 Plaintiffs sued Weitz and MSA for alleged defects in the construction and design of the Project that resulted in leaks and mold in various areas of the Project facilities. The most recent version of Plaintiffs' complaint is the Third Amended Complaint, filed December 22, 2006. D.E. #321. In the Third Amended Complaint, Plaintiff CC-Aventura sues MSA for breach of contract, professional negligence, and violation of the Florida Building Code at section 553.84 of the Florida Statutes. Plaintiff Classic Residence sues MSA for professional negligence and violation of section 553.84. In support of their claims, Plaintiffs state that "[t]he design and construction defects in the Aventura Project include, but are not limited to . . . [t]he improper design, construction, supervision, installation and/or inspection"of various areas and systems of the Project. *Id.* at ¶ 36.

MSA, in turn, filed a Third Party Complaint against various subcontractors and their sureties. The most recent version of MSA's complaint is the Third Amended Third Party Complaint, filed November 5, 2007 (D.Es. #845, 852). The only count against Grumman in that Third Amended Third Party Complaint is Count XXIII, which seeks contribution pursuant to section 768.31 of the Florida Statutes. Grumman filed a motion to dismiss the count against it on March 31, 2008 (D.E. #1049). That Motion is now ripe for review, and is the subject of this Order.

## MOTION TO DISMISS STANDARD

In reviewing a motion to dismiss, all well-pleaded facts in the plaintiff's complaint and all reasonable inferences drawn from those facts must be taken as true. *Jackson v. Okaloosa County, Fla.*, 21 F.3d 1531, 1534 (11th Cir. 1994). "As a general rule, conclusory allegations and unwarranted deductions of fact are not admitted as true in a motion to dismiss." *S. Fla. Water Mgmt. Dist. v. Montalvo*, 84 F.3d 402, 409 n.10 (11th Cir. 1996).

Federal Rule of Civil Procedure 8(a)(2) requires only a "short and plain statement of the claim showing that the pleader is entitled to relief." Specific facts are not necessary; the statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1964 (2007) (quoting *Conley v. Gibson*, 335 U.S. 41, 47 (1957)). However, when on the basis of a dispositive issue of law no construction of the factual allegations will support the cause of action, dismissal of the complaint is appropriate. *Marshall County Bd. of Educ. v. Marshall County Gas Dist.*, 992 F.2d 1171, 1174 (11th Cir. 1993).

## ANALYSIS

In Count XXIII of its Third Amended Third Party Complaint, MSA seeks contribution from Grumman pursuant to section 768.31 of the Florida Statutes. That section provides that "when two or more persons become jointly or severally liable in tort for the same injury to person or property, . . . there is a right of contribution among them even though judgment has not been recovered against all or any of them." In general, "[t]he law of contribution is meant to apportion the responsibility to pay innocent injured third parties between or among those causing the injury. To state a claim for contribution, the claimant must allege a common liability to the injured party." *Horowitz v. Laske*, 855 So. 2d 169, 174 (Fla. 5th DCA 2003) (citations omitted).

Here, Grumman has moved to dismiss the contribution claim against it by arguing that MSA failed to allege facts suggesting Grumman and MSA are "joint tortfeasors." The Court now looks to MSA's allegations to determine whether it has stated a claim for contribution - that is, whether MSA has sufficiently alleged "common liability" with Grumman.

According to MSA's allegations and the Commissioning Plan attached to MSA's Third Amended Third Party Complaint, Classic Residence hired MSA to design the Project and hired Grumman to conduct a review of the Project to ensure that its "systems and assemblies [were]

planned, designed, installed, tested, operated, and maintained to meet [Classic Residence's] Project Requirements." D.E. #845 Ex. L at 7. MSA pled in Count XXIII that MSA, Grumman, Weitz, and the Project's subcontractors were all "actively involved in and share a common liability to [Plaintiffs] arising out of the common enterprise of planning, designing, commissioning and/or constructing the Project." *Id.* at ¶ 157. As stated above, Classic Residence has sued MSA for professional negligence and violation of the Florida Building Code. MSA denies Classic Residence's allegations in support of these claims regarding "defects with respect to the design, planning, and construction of the Project." *Id.* at ¶¶ 1, 158. However, MSA states, if those allegation turn out to be true, Grumman's, Weitz's, and the subcontractors' acts all "either occurred in the same time and place during the course of the Project resulting in a single, indivisible injury to Plaintiffs or, alternatively, acted independently of each other but united to cause a single, indivisible injury to Plaintiffs." *Id.* at ¶ 158.

Accepting MSA's well-pleaded facts as true and drawing all reasonable inferences therefrom in MSA's favor, as the Court must at this stage, *Jackson*, 21 F.3d at 1534, the Court finds that MSA has sufficiently alleged the common liability necessary to maintain its claim for contribution against Grumman. From MSA's factual allegations and the content of Grumman's Commissioning Plan with Classic Residence, it appears that MSA and Grumman were engaged in the common enterprise of ensuring that the Project's facilities were designed according to Classic Residence's specifications, and that MSA's and Grumman's duties to Classic Residence were "intertwined in both time and substance." *Salley v. Charles R. Perry Construction, Inc.*, 403 So. 2d 556, 557 (Fla. 1st DCA 1981).

In its Motion to Dismiss, Grumman acknowledges that it prepared a "commissioning report" for Classic Residence but argues that "Plaintiffs' suit against MSA is for breaches of obligations far broader than any role [Grumman] had on the project." D.E. #1049 at 5. However, "[a]s long as the parties share a common liability, a right to contribution exists, even where the liability of the parties rests on different grounds." *Gulfstream Park Racing Ass'n, Inc. v. Gold Spur Stable, Inc.*, 820 So. 2d 957, 960-61 (Fla. 4th DCA 2002). Indeed, "[t]he 'essence of the action for contribution is common liability to the injured person, not liability for common negligence, or similar negligence, or like negligence." *Id.* at 961 (quoting *Wallace v. Strassel*, 479 So. 2d 231, 235 (Fla. 4th DCA

4

1985)).³  At this stage, MSA has succeeded in stating a contribution claim against Grumman based on their common liability to Classic Residence for allegedly delivering Project facilities that were defective in design and planning.

## **CONCLUSION**

In sum, because MSA has sufficiently alleged the common liability necessary to maintain its claim for contribution against Grumman, Grumman's Motion to Dismiss Count XXIII of MSA's Third Amended Third Party Complaint is DENIED.  Further, Grumman is hereby ORDERED to submit its answer to MSA's Third Amended Third Party Complaint on or before **Monday, May 12, 2008.**

DONE and ORDERED, in Chambers, Miami, Florida, this April 29, 2008.

_____
Paul C. Huck
United States District Judge

Copies furnished to:
Magistrate Judge O'Sullivan
All counsel of record

---

³ The Court's January 10, 2007 Order (D.E. #353) is also instructive in evaluating the sufficiency of MSA's contribution claim against Grumman.  At issue in that Order were various third party defendant subcontractors' motions to dismiss the contribution claims against them in MSA's First Amended Third Party Complaint.  The Court denied those motions to dismiss and held that MSA had sufficiently stated claims for contribution against the subcontractors, based on MSA's and the subcontractors' closely related duties in connection with building the Project.  Here, MSA has similarly alleged that it and Grumman were engaged in closely related duties in connection with "planning, designing, commissioning, and/or constructing the Project."  D.E. #845 at ¶ 157.