UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.  06-21598-CIV-HUCK/O'SULLIVAN

CC-AVENTURA, INC., a Delaware corporation,
*et al.*,

       Plaintiffs,

vs.

THE WEITZ COMPANY, LLC, an Iowa limited
liability company, *et al.*,

       Defendants.

_____/

AND ALL RELATED ACTIONS

_____/

## ORDER ON WEITZ'S OBJECTIONS TO MAGISTRATE REPORT

THIS CAUSE is before the Court on The Weitz Defendants' Objections to Magistrate Simonton's Order on Plaintiff's Motion for Contempt and on Plaintiff's Motion to Compel Further Production of Insurance Documents Dated March 27, 2008 (D.E. #1046), filed on April 10, 2008 (D.E. #1077).[1]  The Court has reviewed the Objections, Plaintiffs' Memorandum in Opposition to Weitz's objections, Magistrate Simonton's Order, and all other relevant portions of the record, and is duly advised in the premises.

According to Federal Rule of Civil Procedure 72, a party may timely object to a magistrate judge's order on a non-dispositive matter.  In such case, the district judge must consider the objection and "modify or set aside any part of the order that is clearly erroneous or is contrary to law."  Thus, magistrate judges enjoy broad discretion in their determination of non-dispositive matters.

Here, Weitz objected to two specific rulings in Magistrate Judge Simonton's Order.  First, Weitz objected to the Order's requirement that Weitz produce a privilege log "which lists with

_____

[1] The Third Amended Complaint names both The Weitz Company, Inc. and The Weitz Company, LLC.  The Weitz Company, Inc. provided a  guaranty of The Weitz Company, LLC's performance under the Construction Contract.  Both entities are referred to as "Weitz" in this Order.

specificity each communication or category of communications with insurance companies as to which the Weitz Defendants assert a privilege." Mag. Simonton Order, D.E. #1046 at 8; *see* Weitz Objection, D.E. #1077 at 3-5.

For the reasons stated in open court at the April 25, 2008 hearing, Weitz's objection to Magistrate Simonton's Order insofar as it required a privilege log is OVERRULED. The Court does not find Magistrate Simonton's requirement of such a privilege log to be "clearly erroneous" or "contrary to law." Indeed, neither the Federal Rules of Civil Procedure nor the local rules prohibit such a requirement.

Second, Weitz objected to the Order's ruling limiting the documents upon which Weitz may rely in support of is contentions against MSA to those identified in its supplemental responses to CC-Aventura's interrogatories 6 and 9. *See* Weitz Objection, D.E. #1077 at 5-8; Mag. Simonton Order, D.E. #1046 at 7; *see also* D.E. #1014, Exhibits C and D for copies of the supplemental responses at issue.

For the reasons stated in open court at the April 25, 2008 hearing, Weitz's objection to Magistrate Simonton's Order limiting the documents on which Weitz may rely in support of its contentions against MSA is SUSTAINED IN PART. At this point, Weitz must produce all requested documents now under its custody or control, and those it can reasonably bring under its custody or control. In the future Weitz will not be limited to using only the documents identified in its supplemental responses in support of its contentions against MSA. However, where Weitz seeks to rely on documents not previously produced, Weitz will bear the burden of showing that it seeks to rely on such documents because of new developments.[2]

DONE AND ORDERED in Chambers, Miami, Florida on May 1, 2008.

_____
Paul C. Huck
United States District Judge

Copies furnished to:
Counsel of record

---

[2] As stated at the April 25, 2008 hearing, this ruling will apply to other parties seeking to use new documents not previously produced - in such case, they will bear the burden of showing they seek to do so because of new developments.