UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 06-21598-CIV-HUCK/O'SULLIVAN

CC-AVENTURA, INC., a
Delaware Corporation, et al.,
    Plaintiffs,

v.

THE WEITZ COMPANY, LLC, an
Iowa Limited Liability Company et al.,

    Defendants.
_____/

## ORDER

**THIS MATTER** is before the Court on Plaintiff CC-Aventura's Motion to Compel Third Party Nagelbush Mechanical, Inc. to Produce Documents (DE# 1178, 6/02/08). Having held a hearing on this matter and conducted an <u>in camera</u> review of the controverted documents, it is

**ORDERED AND ADJUDGED** that Plaintiff CC-Aventura's Motion to Compel Third Party Nagelbush Mechanical, Inc. to Produce Documents (DE# 1178, 6/02/08) is **GRANTED IN PART** and **DENIED IN PART**.

CC-Aventura, Inc. (hereinafter "plaintiff") argues that Nagelbush Mechanical, Inc. (hereinafter "Nagelbush") has failed to comply with Requests No. 7, 8, 9, and 10 of Plaintiff's First Set of Requests for Production. At the hearing held before this Court on July 31, 2008, the plaintiff narrowed its document request to only those documents containing the defendant's party admissions or documents containing evidence thereof.

An in camera review of the subject documents reveals that the three letters from David B. Mankuta dated July 19, 2006, addressed to Lee Yeager at Cambridge Integrated Services, to Mairead Mensching at Allied North America and to Jill Chesney at Amerisure, contain no party admissions.  Because these three letters contain no party admissions, they need not be produced.

An in camera review also reveals that the following communications contain party admissions:

1. October 27, 2004 letter from Wayne Schumacher at St. Paul Travelers to Richard Smith at Nagelbush Mechanical.
2. April 17, 2006 letter from David B. Mankuta at Atkinson, Diner, Stone, Makuta & Ploucha, P.A. to Jill Chesney at Amerisure Insurance Company.
3. April 17, 2006 letter from David B. Mankuta at Atkinson, Diner, Stone, Makuta & Ploucha, P.A. to Mairead Menshing at Allied North America.

Because the communications numbered 1-3 above contain party admissions and were made prior to Amerisure Insurance's (hereinafter "Amerisure") June 2007 decision to defend Nagelbush under a reservation of rights, this Court finds that these documents must be produced pursuant to the plaintiff's document request.  The documents are protected by neither the attorney-client privilege nor work product immunity.

In diversity cases, federal courts apply state law to resolve claims of attorney-client privilege. Milinazzo v. State Farm Ins. Co., 247 F.R.D. 691, 701 (S.D. Fla. 2007) (citing Bradt v Smith, F.2d 796, 800 (5th Cir. 1981))[1].  Under Florida law, the attorney-client privilege applies to confidential communications made for the purpose of

---

[1] Decisions rendered in the Fifth Circuit prior to close of business on September 30, 1981 are binding precedent in the Eleventh Circuit.  Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

obtaining legal advice.  State v. Rabin, 495 So.2d 257, 260 (Fla. 3d DCA 1986).  At oral argument the subpoenaed parties agreed that none of the documents request legal advice.  Therefore, the attorney-client privilege does not pertain to the documents requested by the plaintiff.

Furthermore, the discoverable documents are not afforded work product protection.  Federal law applies to claims of privilege under the work product doctrine.  Milinazzo v. State Farm Ins. Co., 247 F.R.D. 691, 701 (S.D. Fla. 2007).  Documents prepared in anticipation of litigation are protected by work product immunity.  Id. at 698 (citing Federal Rule of Civil Procedure 26(b)(3)).  Although the Eleventh Circuit has not adopted a particular approach to work product issues in the insurance context, it appears the majority of courts have applied a fact-specific analysis.  Id. at 701; Place St. Michel, Inc. v. Travelers Prop. Cas. Co. of Am., No. 06-cv-21817, 2007 WL 1059561 at *3 (S.D. Fla. April 4, 2007).

As described in more detail in this Court's Order (DE# 1299, 08/07/08) granting in part and denying in part Third Party Defendant XL Insurance Company's Motion for Protective Order, this Court agrees with the reasoning of Magistrate Judge Simonton's Order Denying Third Party Defendant Concrete & Lumber's Motion for Protective Order (DE# 1080, 04/11/08), objections to which were overruled in part and sustained in part by Judge Huck.  See Order on Concrete & Lumber's Appeal of Magistrate Judge Simonton's Order of April 11, 2008 (DE# 1231, 06/18/08).  This Court recognizes the rebuttable presumption that documents prepared before a coverage decision has been made are not afforded work product protection.  See Milinazzo v. State Farm Ins. Co., 247 F.R.D. 691, 701 (S.D. Fla. 2007).

After reviewing the documents designated 1-3 above, this Court is not persuaded that the presumption has been overcome. The communication dated October 27, 2004 from Wayne Schumacher at St. Paul Travelers to Richard Smith at Nagelbush is clearly for the purposes of evaluating whether St. Paul Travelers would be required to accept or deny coverage of potential claims against Nagelbush. The letter was sent before any agreement was made to defend Nagelbush under a reservation of rights and before this lawsuit was filed. The two letters dated April 17, 2006 from David Mankuta, counsel for Nagelbush, also clearly evince a purpose of obtaining insurance coverage. The letters outline for Amerisure and Allied North American the allegations made against Nagelbush for which Nagelbush would possibly seek insurance coverage. Both documents were also sent before Amerisure agreed to defend Nagelbush under a reservation of rights and before this lawsuit was filed. For these reasons, this Court is not persuaded that these documents are protected by work product immunity.

Additionally, Nagelbush must produce the telecopy communication dated August 3, 2006 from David B. Mankuta to Jill Chesney, which contains 36 pages. The burden lies with the party withholding discovery to show that the documents should be afforded work product protection. <u>Milinazzo</u>, 247 F.R.D. at 698. Nagelbush only provided this Court with the cover sheet attached to this telecopy. By failing to also include the 35 additional pages of the communication to this Court for <u>in camera</u> review, Nagelbush has failed to meet its burden of proving that the document is afforded protection from discovery. The entire 36 page telecopy must be provided to Plaintiff.

Nagelbush must provide all documents to the plaintiff in accordance with this

4

Order no later than Tuesday, August 12, 2008.

**DONE AND ORDERED**, in Chambers, at Miami, Florida, this 7th day of August, 2008.

JOHN J. O'SULLIVAN  
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:  
United States District Judge Huck  
All Counsel of Record