UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 06-21598-CIV-HUCK/O'SULLIVAN

CC-AVENTURA, INC., a
Delaware Corporation, et al.,

    Plaintiffs,

v.

THE WEITZ COMPANY, LLC, an
Iowa Limited Liability Company et al.,

    Defendants.
_____/

AND ALL RELATED ACTIONS
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on the Motion of Third Party Defendant, Concrete & Lumber Enterprises Corporation, for Partial Summary Judgment Against Plaintiff's Claim for Attorneys' Fees (DE # 1320, 8/22/08). The Honorable Paul C. Huck referred this matter to the undersigned for all pretrial matters pursuant to 28 U.S.C. §636. Having carefully considered the pleadings, the court file, the oral argument of counsel and the applicable law, the undersigned recommends that the Motion of Third Party Defendant, Concrete & Lumber Enterprises Corporation, for Partial Summary Judgment Against Plaintiff's Claim for Attorneys' Fees (DE # 1320, 8/22/08) be **GRANTED in part and DENIED in part**[1] for the reasons described below.

---

[1] Initially, the instant motion appeared to seek summary judgment against CC-Aventura's entitlement to attorney's fees as a whole. The parties now agree that CC-Aventura could seek attorney's fees against The Weitz Company, Inc. under the Guaranty.

## BACKGROUND

On June 22, 2006, CC-Aventura, Inc. (hereinafter "CC-Aventura") and Classic Residence by Hyatt filed a lawsuit against The Weitz Company, LLC, The Weitz Company, Inc. (collectively referred to as "Weitz") and MSA Architects, Inc. See Complaint (DE#1, 6/26/06).[2] The instant action arises out of a construction dispute. The details surrounding the dispute are outlined in a prior Order:

> Plaintiffs CC-Aventura and Classic Residence are the respective owner and operator of a senior living community in Aventura, Florida ("the Project"). In 1998 CC-Aventura contracted with MSA Architects, Inc. ("MSA") to design the Project ("the Design Contract"). In 2001 CC-Aventura contracted with Weitz to act as general contractor in the Project's construction ("the Construction Contract"). Weitz then entered into multiple subcontract agreements to perform the construction. After construction of the Project was complete, Plaintiffs sued Weitz for alleged delays in the completion of the Project, as well as alleged defects in construction that resulted in, among other problems, leaks and mold in various areas of the Project facility and forced Plaintiffs to shut down operations and relocate the residents.

See Order on the Issue of Available Damages under the Construction Contract (DE# 1121 at 1 - 2, 5/1/08). The defendants filed claims against various third parties including the movant, third party defendant Concrete & Lumber Enterprises Corporation (hereinafter "C&L"). See, e.g., MSA Architects, Inc.'s Third Party Complaint (DE# 30, 8/2/06). Some of those third parties have filed fourth party complaints.

On May 1, 2008, the Court issued an Order wherein it determined the damages that are recoverable under the Construction Contract. See Order on Issue of Available Damages under the Construction Contract (DE# 1121, 5/1/08). In that Order (DE#

---

[2] At present, the Court is operating under the Third Amended Complaint filed on December 22, 2006. See Plaintiffs CC-Aventura, Inc. and Classic Residence Management Limited Partnership's Third Amended Complaint (DE# 321, 12/22/06).

1121), the Court held that "that the indemnity provision in Article 6 [of the Construction Contract] applies only to third party claims, and not to first party claims." <u>Id.</u> at 4. Under the Court's interpretation, CC-Aventura can only be indemnified under this provision if CC-Aventura is involved in litigation with third parties. There are no claims between CC-Aventura and the third parties.

On August 22, 2008, C&L filed the instant motion seeking partial summary judgment as a matter of law on CC-Aventura's claim of entitlement to attorney's fees. <u>See</u> Motion of Third Party Defendant, Concrete & Lumber Enterprises Corporation, for Partial Summary Judgment Against Plaintiff's Claim for Attorneys' Fees (DE # 1320, 8/22/08). On September 11, 2008, CC-Aventura filed its response to the instant motion, the declaration of attorney Peter Wilson and a statement of material facts in opposition to the instant motion. <u>See</u> Plaintiff CC-Aventura's Memorandum of Law in Opposition to Motion of Third Party Defendant Concrete & Lumber Enterprises Corporation for Partial Summary Judgment Against Plaintiff's Claim for Attorney's Fees (DE# 1333, 9/11/08); Declaration of Peter Wilson in Support of Plaintiff CC-Aventura's Opposition to Motion of Third Party Defendant Concrete & Lumber Enterprises Corporation for Partial Summary Judgment Against Plaintiff's Claim for Attorneys' Fees (DE# 1334, 9/11/08); Plaintiff CC-Aventura, Inc.'s Statement of Material Facts in Opposition to Motion of Third Party Defendant Concrete & Lumber Enterprises Corporation for Partial Summary Judgment Against Plaintiff's Claim for Attorneys' Fees (DE# 1335, 9/11/08). On September 15, 2008, C&L filed a statement of material facts in support of the instant motion. <u>See</u> Statement of Material Facts in Support of the Motion for Partial Summary Judgment Against Plaintiff's Claim for Attorney's Fees of Third Party Defendant,

3

Concrete & Lumber Enterprises Corporation (DE# 1343, 9/15/08).[3] C&L filed its reply on September 22, 2008. See Reply of Third Party Defendant, Concrete & Lumber Enterprises Corporation, in Support of its Motion for Partial Summary Judgment Against Plaintiff's Claim for Attorneys' Fees (DE# 1360, 9/22/08).

On October 17, 2008, the undersigned held a hearing on the instant motion. This matter is now ripe for determination.

## STANDARD OF REVIEW

The Court, in reviewing a motion for summary judgment, is guided by the standard set forth in Federal Rule of Civil Procedure 56(c), which states, in relevant part, as follows:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

The moving party bears the burden of meeting this exacting standard. See Celotex Corp. v. Catrett, 477 U.S. 317, 322-323 (1986); See also Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970).  That is, "[t]he moving party bears 'the initial responsibility of informing the . . . court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.'" U.S. v. Four Parcels of Real Property, 941 F.2d 1428, 1437 (11th Cir.

---

[3] On September 16, 2008, C&L filed its Amended Statement of Material Facts in Support of the Motion for Partial Summary Judgment Against Plaintiff's Claim for Attorney's Fees of Third Party Defendant, Concrete [&] Lumber Enterprises Corporation (DE# 1347, 9/16/08).

1991) (quoting Celotex, 477 U.S. at 323). In assessing whether the moving party has satisfied this burden, the court is required to view the evidence and all factual inferences arising therefrom in the light most favorable to the non-moving party. See Batey v. Stone, 24 F.3d 1330, 1333 (11th Cir. 1994); See also Sheckells v. Agv-Usa Corp., 987 F.2d 1532, 1534 (11th Cir. 1993). Summary judgment is appropriate when there is no dispute as to any material fact and only questions of law remain. See Reich v. John Alden Life Ins. Co., 126 F.3d 1 (1st Cir. 1997). If the record presents factual issues, the court must deny the motion and proceed to trial.  Adickes, 398 U.S. at 157; See also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).

Despite these presumptions in favor of the non-moving party, the court must be mindful of the purpose of Rule 56 which is to eliminate the needless delay and expense to the parties and to the court occasioned by an unnecessary trial. Celotex, 477 U.S. at 322-323.  Consequently, the non-moving party cannot merely rest upon his bare assertions, conclusory allegations, surmises or conjectures.  Id.  As the Supreme Court noted in Celotex,

> [T]he plain language of Rule 56(c) mandates the entry of summary judgment . . . against the party who fails to make a showing sufficient to establish the existence of an element essential to the party's case, and on which the party will bear the burden of proof at trial.  In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial.

Id.  at 322-323.  Thus, the mere existence of a scintilla of evidence in support of the non-moving party's position is insufficient. There must be evidence on which the jury could reasonably find for the non-movant. Anderson, 477 U.S. at 251; see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986).

**DISCUSSION**

Third party defendant C&L seeks partial summary judgment on CC-Aventura's claim of entitlement to attorney's fees. See Motion of Third Party Defendant, Concrete & Lumber Enterprises Corporation, for Partial Summary Judgment Against Plaintiff's Claim for Attorneys' Fees (DE # 1320, 8/22/08).[4] C&L argues that "[a]s a matter of law, CC-Aventura has no basis, either in contract, statute, or common law, for seeking an award of attorneys fees in the instant action." Id. at 1. CC-Aventura counters that (1) it is entitled to attorney's fees pursuant to the Guaranty provided by The Weitz Company, Inc. and (2) it is entitled to attorney's fees under the wrongful act doctrine. See Plaintiff CC-Aventura's Memorandum of Law in Opposition to Motion of Third Party Defendant Concrete & Lumber Enterprises Corporation for Partial Summary Judgment Against Plaintiff's Claim for Attorneys' Fees (DE# 1333 at 2, 9/11/08).

CC-Aventura also argues that the instant motion is premature and that the issue of entitlement to attorney's fees should be determined at the end of the litigation. At oral argument, C&L maintained that the facts supporting the partial summary judgment motion are undisputed and that the Court should determine the issue as a matter of law. The undersigned agrees that this matter should be resolved at this time. A ruling on the instant motion would assist the parties in the upcoming mediation.

**1.    The Guaranty**

CC-Aventura claims it is entitled to seek attorney's fees under the Guaranty. See

---

[4] The parties do not dispute C&L's standing to bring the instant motion. Rule 14(a) of the Federal Rules of Civil Procedure, permits C&L to assert the same defenses to CC-Aventura's claims as the defendants.

Plaintiff CC-Aventura's Memorandum of Law in Opposition to Motion of Third Party Defendant Concrete & Lumber Enterprises Corporation for Partial Summary Judgment Against Plaintiff's Claim for Attorneys' Fees (DE# 1333 at 7-10, 9/11/08). The Guaranty states, in pertinent part, that The Weitz Company, Inc. will:

> [U]nconditionally and absolutely guaranty the due and punctual performance, payment and observance by Contractor of all the obligations, terms, covenants and conditions of this Construction Contract. . . . This guaranty may be enforced against the Guarantor without first resorting to or exhausting any other remedy which Owner [CC-Aventura] or its successors and assigns may have against Contractor or any other party . . . . Guarantor agrees that: (a) in the event it is necessary for the Owner to place this Guaranty in the hands of any attorney for enforcement, the Guarantor will reimburse Owner for expenses incurred in the enforcement hereof and of the Construction Contract, **including reasonable attorney's fees** . . . .

See Construction Contract (DE# 1333-2 at pp. 14-15, 9/11/08) (emphasis added). CC-Aventura appears to concede that the recovery of attorney's fees under the Guaranty is against The Weitz Company, Inc. "[T]he terms of Weitz Inc.'s guaranty of Weitz's work provide that should CC-Aventura incur attorneys' fees in enforcing the [G]uaranty, **those fees are recoverable from Weitz, Inc.**" Id. at 8 (emphasis added). At oral argument, C&L did not dispute that CC-Aventura was entitled to seek attorney's fees against The Weitz Company, Inc. under the Guaranty. Thus pursuant to the Guaranty, CC-Aventura is entitled to assert a contractual claim of attorney's fees against The Weitz Company, Inc. but not The Weitz Company, LLC. The undersigned will next address whether CC-Aventura can assert a claim for attorney's fees under the wrongful act doctrine.

7

...

**2.     The Wrongful Act Doctrine**

Generally, a party is not entitled to attorney's fees unless authorized by statute or by agreement of the parties. "Under the 'American Rule,' the default assumption is that each party is responsible for its own legal fees, and thus fees ordinarily will not be awarded to the prevailing party without express statutory authority." Johnson v. Florida, 348 F.3d 1334, 1350 (11th Cir. 2003); see also Johnson Enters. of Jacksonville, Inc., v. FPL Group, Inc., 162 F.3d 1290, 1329 (11th Cir.1998) (noting that assessment of attorneys' fees and costs may be authorized by contract or statute).

Courts have recognized certain exceptions to the American Rule. One exception is the wrongful act doctrine. See Baxter's Asphalt & Concrete, Inc. v. Liberty County, 406 So. 2d 461, 467 n. 3 (Fla. 1st DCA 1981) (recognizing that wrongful act doctrine "is an exception to the general rule that attorney's fees are not otherwise recoverable as costs in the absence of statutory authority or contractual agreement."). The wrongful act doctrine provides that:

> [W]here the wrongful act of the defendant has involved the claimant in litigation with others or placed him (or her) in such relation with others as makes it necessary to incur expenses to protect his interest, such costs and expenses, including attorney's fees, should be treated as the legal consequences of the original wrongful act and may be recovered as damages.

Canadian Universal Ins. Co. v. Employers Surplus Lines Ins. Co., 325 So.2d 29, 31 (Fla. 3d DCA 1976) (per curiam).

CC-Aventura maintains that the wrongful act doctrine applies in the instant case and seeks to recover attorney's fees it incurred in responding to discovery requests, discovery motions and other miscellaneous motions, including the instant motion,

8

brought by third party and fourth party defendants. See Plaintiff CC-Aventura's Memorandum of Law in Opposition to Motion of Third Party Defendant Concrete & Lumber Enterprises Corporation for Partial Summary Judgment Against Plaintiff's Claim for Attorney's Fees (DE# 1333 at 11, 9/11/08). CC-Aventura argues that Weitz committed two wrongful acts in the instant case (1) Weitz breached the construction contract and (2) Weitz added numerous third parties to the instant lawsuit.[5] According to CC-Aventura, if Weitz had filed a separate state court action against the third parties, CC-Aventura, as a nonparty, could have petitioned the state court for reimbursement of reasonable expenses for responding to discovery.

    C&L argues that the wrongful act doctrine does not apply in the instant case where there are no claims between CC-Aventura and the third parties. C&L further argues that the addition of third parties does not constitute a wrongful act because it is expressly permitted by the Federal Rules of Civil Procedure.

    Couched in contractual terms, the wrongful act doctrine provides that:

> (W)here the breach of a contract has forced one of the contracting parties to **maintain or defend an action against a third person**, he is entitled to recover from the party breaching the contract attorney fees and any other expenses incurred in the prior litigation.

Milohnich v. First Nat. Bank of Miami Springs, 224 So.2d 759, 762 (Fla. 3d DCA 1969), disapproved on other grounds by Barnett Bank of West Florida v. Hooper, 498 So.2d 923, 925 (Fla. 1986) (citing 25 C.J.S. Damages § 50(e)) (emphasis added).

---

[5] The undersigned notes that some of the third parties, including the movant, were brought in by defendant MSA Architects, Inc. See MSA Architects, Inc.'s Third Party Complaint (DE# 30, 8/2/06).

Although Weitz allegedly breached the contract, CC-Aventura has not directly "maintain[ed] or defend[ed] an action against a third person." The third party and fourth party claims have not been against CC-Aventura and CC-Aventura has only alleged claims against the first party defendants, Weitz and MSA Architects, Inc.  In the instant case, there are no direct claims or defenses between CC-Aventura and the third or fourth parties. Notably, the cases where attorney's fees were recovered under the wrongful act doctrine involved claims or defenses against third parties. See Martha A. Gottfried, Inc. v. Amster,  511 So. 2d 595, 598 (Fla. 4th DCA 1987) (brokers were liable for attorney's fees under wrongful act doctrine where broker's actions caused the sellers to become defendants in litigation initiated by the buyers); Auto-Owners Ins. Co. v. Hooks, 463 So. 2d 468, 477 (Fla. 1st DCA 1985) (noting that "attorney's fees are recoverable under the "wrongful act" exception . . . only to the extent that they are incurred in litigation with a third party in connection with the dispute between the party seeking fees and the third party."); Canadian Universal Ins. Co. v. Employers Surplus Lines Ins. Co., 325 So. 2d 29, 31 (Fla. 3d DCA 1976) (excess insurer was entitled to attorney's fees it incurred in defending plaintiff's bad faith claim against primary insurer and excess insurer based on primary insurer's wrongful act in failing to settle prior litigation).

Under the circumstances of the instant case, the undersigned concludes that the wrongful act doctrine does not apply. The wrongful act doctrine is "a very narrow exception" to the American Rule. City of Tallahassee v. Blankenship & Lee, 736 So. 2d 29, 30 (Fla. 1st DCA 1999). CC-Aventura should not be permitted to recover attorney's fees against Weitz for litigation expenses it incurred in responding to routine discovery

10

and motion practice with third and fourth parties absent a statute or contractual provision. To hold otherwise would encroach on the American Rule, under which the prevailing party must pay his or her own attorneys' fees. See Tew v. Chase Manhattan Bank, N.A., 728 F. Supp. 1551, 1555 (S.D. Fla. 1990) (holding that "[i]n a direct action by the wronged party against the defendant who caused involvement in the litigation with the third party, the American Rule applies.").

The undersigned respectfully recommends that the instant motion be granted in part and denied in part. C&L is entitled to partial summary judgment precluding CC-Aventura from seeking attorney's fees against The Weitz Company, LLC. CC-Aventura is permitted to seek attorney's fees against Weitz Company, Inc. under the Guaranty.[6] The undersigned does not address CC-Aventura or any other party's entitlement to seek attorney's fees in the form of sanctions for misconduct during the litigation of this matter.

## RECOMMENDATION

In accordance with the foregoing Report and Recommendation, it is hereby, **RECOMMENDED** that the Motion of Third Party Defendant, Concrete & Lumber Enterprises Corporation, for Partial Summary Judgment Against Plaintiff's Claim for Attorneys' Fees (DE # 1320, 8/22/08) be **GRANTED in part and DENIED in part** as described above.

The parties have ten (10) days from the date of receipt of this Report and

---

[6] Although CC-Aventura may seek attorney's fees against Weitz Company, Inc. under the Guaranty, the undersigned does not determine whether CC-Aventura would prevail on such a claim.

Recommendation within which to serve and file written objections, if any, with the Honorable Paul C. Huck, United States District Court Judge. Failure to file objections timely shall bar the parties from attacking on appeal the factual findings contained herein. LoConte v. Dugger, 847 F. 2d 745 (11th Cir. 1988), cert. denied, 488 U.S. 958 (1988); RTC v. Hallmark Builders, Inc., 996 F. 2d 1144, 1149 (11th Cir. 1993).

RESPECTFULLY SUBMITTED at the United States Courthouse, Miami, Florida this **27th** day of October, 2008.

JOHN J. O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE

Copies provided to:
The Honorable Judge Huck
All Counsel of Record