## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO.: 06-21598-CIV-HUCK/O'SULLIVAN

CC-AVENTURA, INC., a Delaware Corporation;
*et al.*,

      Plaintiffs,

v.

THE WEITZ COMPANY, LLC, an Iowa Limited
Liability Company; *et al.*,

      Defendants.

_____
_____/

AND ALL RELATED ACTIONS.

_____
_____/

### ORDER ON MAY 14, 2009, DISCOVERY HEARING

THIS CAUSE came on before the Court for a hearing on Thursday, May 14, 2009, on the

issues set forth in Plaintiff's May 6, 2009, Re-Notice of Hearing (DE #1748). The Court heard

the argument of counsel at the May 14 hearing and is otherwise fully advised in the premises.

Accordingly, it is hereby

ORDERED AND ADJUDGED as follows:

1)      All materials reviewed, relied upon, and/or considered by the expert witnesses

that The Weitz Company, LLC and The Weitz Company, Inc. (together, "Weitz") have

designated to testify in this matter shall be provided to Plaintiffs' local counsel by 5:00 p.m. on

Thursday, May 14, 2009. No privilege objections may be raised. See, e.g., In re McRae, 295

B.R. 676, 677-79 (Bankr. N.D. Fla. 2003); In re Tri-State Outdoor Media Group, Inc., 283 B.R.

358, 364-65 (Bankr. M.D. Ga. 2002); see also Fed. R. Civ. P. 26(a)(2) advisory committee's note

(1993) ("The report is to disclose the data and other information considered by the expert . . . .

Given this obligation of disclosure, litigants should no longer be able to argue that materials

furnished to their experts to be used in forming their opinions – whether or not ultimately relied upon by the expert – are privileged or otherwise protected from disclosure when such persons are testifying or being deposed.").

2)      Weitz and Plaintiffs shall exchange, at 4:00 p.m. on Friday, May 15, 2009, any electronic data files with models/and or formulas relied upon by their respective damages experts that form the basis of these experts' opinions, including but not limited to unprotected worksheets with formulas and links intact.

3)      Weitz shall undertake all necessary efforts to ensure that each copy of Alan Nagorzanski's expert witness report (the "Nagorzanski Report") that has been disseminated up to this point is designated as "CONFIDENTIAL" pursuant to the May 30, 2007, Amended Protective Order (DE #658) entered in this matter.  Specifically, Weitz shall ensure that the first page of each copy of the Nagorzanski Report that has been disseminated up to this point is substituted for a new first page containing the legend "CONFIDENTIAL pursuant to Amended Protective Order dated May 30, 2007" and that each page containing a summary or recitation of information that has been produced by Plaintiff subject to a "CONFIDENTIAL" designation is clearly marked (such as, for example, by a stamp) as "CONFIDENTIAL."  Plaintiffs shall, within five (5) days of the date of this Order, provide to counsel for Weitz the specific page numbers of the Nagorzanski Report that shall be so marked.  Weitz shall ensure that this designation is completed by Friday, June 5, 2009, and by that date shall also confirm to Plaintiffs, in writing, that such designation has been completed.

4)      No later than 5:00 p.m. on Thursday, May 21, 2009, Weitz shall provide Plaintiffs' counsel funds representing the full remaining amount due for reimbursement of fees and out-of-pocket expenses for those five of Plaintiffs' expert witnesses who traveled to Florida for their respective depositions.  Based on representations of Plaintiffs' counsel made at the May 14 hearing, the full remaining amount due is around $19,800.  Plaintiffs' counsel shall confirm

the specific amount, in writing, to Weitz's counsel by 5:00 p.m. on Friday, May 15, 2009. Further, from the date of this Order forward, all third- and fourth-party defendants are directed to pay their pro rata share of these fees and expenses to Weitz, not Plaintiffs.

DONE AND ORDERED in Chambers in Miami, Florida, this _18_ day of May, 2009.

JOHN J. O'SULLIVAN
United States Magistrate Judge

cc:    Judge Paul C. Huck
       Counsel of record