UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.  06-21598-CIV-HUCK/O'SULLIVAN

CC-AVENTURA, INC., a Delaware corporation,
*et al.*,

      Plaintiffs,

vs.

THE WEITZ COMPANY, LLC, an Iowa limited
liability company, *et al.*,

      Defendants.
_____/

AND ALL RELATED ACTIONS
_____/

**ORDER ON PLAINTIFF CC-AVENTURA, INC.'S MOTION TO DISMISS
COUNTS V AND VI OF, AND MOTION TO STRIKE CERTAIN ALLEGATIONS
FROM, THE WEITZ COMPANY, LLC'S AMENDED COUNTERCLAIM**

      This cause is before the Court on Plaintiff CC-Aventura, Inc.'s Motion to Dismiss Counts V and VI of, and Motion to Strike Certain Allegations from, the Weitz Company, LLC's Amended Counterclaim (D.E. #1638).  The Court has reviewed the motion, the parties subsequent responses, the record, and is otherwise duly advised in the premises.  For the reasons detailed below, the Court finds that the CC-Aventura, Inc.'s Motion to Dismiss and Motion to Strike should be denied.

**PROCEDURAL BACKGROUND**

      This case arises from the construction of the Classic Residence by Hyatt retirement community in Aventura, Florida (the "Project").  Plaintiff CC-Aventura, Inc. ("CC-Aventura") is the owner of the Project, and Defendant The Weitz Company, LLC ("Weitz") was the general contractor on the Project.  On June 26, 2006, Plaintiffs filed their Complaint against Weitz, and on October 30, 2006, Weitz filed its Counterclaim against CC-Aventura.  On November 7, 2008, Weitz filed a Motion for Leave to File Amended Counterclaims (D.E. #1426).  CC-Aventura opposed that motion (D.E. #1438) and the Court held a hearing on Weitz's motion to amend on December 12, 2008.  On December 15, 2008, the Court granted in part Weitz's Motion for Leave to File Amended Counterclaims.  On February 21, 2009, Weitz filed its Amended Counterclaim and on March 30,

2009, CC-Aventura filed its present Motion to Dismiss.

In its Motion to Dismiss, CC-Aventura seeks dismissal of Counts V (Misrepresentation) and VI (Civil Conspiracy) of Weitz's Amended Counterclaim, arguing that the claims are barred by the economic loss rule and are not plead with the required specificity. CC-Aventura also seeks to have certain allegations of Weitz's amended breach of contract claim stricken, arguing that Weitz's amended breach of contract claim is broader than the amended counterclaim the Court allowed when granting Weitz's Motion for Leave to File Amended Counterclaims.

## ANALYSIS

A motion under Rule 12(b)(6), Federal Rules of Civil Procedure, challenges the legal sufficiency of the complaint. The complaint's factual allegations are accepted as true and construed most favorably to the plaintiff. *Erickson v. Pardus*, 551 U.S. 89 (2007). The plaintiff's "obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citation omitted). "Factual allegations must be enough to raise [the plaintiff's] right to relief above the speculative level, on the assumption that all of the allegations in the complaint are true (even if doubtful in fact)." *Id*., 550 U.S. at 555 (citations omitted). In short, the complaint (or in this case, counterclaim) must include "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009).

### Weitz's Claims are not Barred by the Economic Loss Rule

CC-Aventura first argues that Weitz's misrepresentation claim should be dismissed because it is barred by Florida's economic loss rule. Citing to *Indem. Ins. Co. v. Am. Aviation, Inc*., 891 So. 2d 532 (Fla. 2004), CC-Aventura argues that the economic loss rule prohibits non-contractual claims when parties are in contractual privity and when a defendant has not committed a breach of duty apart from a breach of contract. Additionally, CC-Aventura argues that Florida law is "clear" that negligent misrepresentations relating to the breaching party's performance of a contract do not give rise to an independent cause of action in tort.

Florida's economic loss rule was originally enunciated by the Supreme Court of Florida in the cases of *Florida Power & Light Co. v. Westinghouse Elec. Corp.* , 510 So. 2d 899 (Fla.1987), and *AFM Corp. v. Southern Bell Tel. & Tel. Co.*, 515 So.2d 180 (Fla.1987). In *Moransais v. Heathman*, 744 So. 2d 973 (Fla.1999), the Florida Supreme Court "engaged in a fundamental

reassessment of how the economic loss rule has evolved in Florida and whether it has strayed from its original purpose." *Medalie v. FSC Securities Corp*., 87 F. Supp. 2d 1295, 1300 (S.D. Fla. 2000). In *Moransais*, the court "concluded that the economic loss rule was being applied too broadly and was effectively extinguishing traditional tort causes of action." *Medalie*, 87 F. Supp. at 1300. The Florida Supreme Court stated that it "never intended to bar well-established common law causes of action . . . . Rather, the rule was primarily intended to limit actions in the product liability context, and its application should generally be limited to those contexts or situations where the policy considerations are substantially identical to those underlying the product liability- type analysis." *Moransais*, 744 So. 2d at 983;  *Indem. Ins. Co.*, 891 So. 2d at 542.

The policy considerations animating the economic loss rule are grounded on the basic difference between contract law—which protects economic expectations—and tort law—which protects from breach of duties owed by all persons to others in society. *Casa Clara Condo. Ass'n v. Charley Toppino & Sons*, 620 So.2d 1244 (Fla.1993). While the Florida Supreme Court has declined to enumerate all causes of action that fall outside of the economic loss rule, see *Indem. Ins. Co.*, 891 So. 2d at 543 ("we express no opinion on the existence of a cause of action or the appropriateness of recovery for certain types of economic damages in individual cases"), the Florida Supreme Court has explicitly stated that "[i]ntentional tort claims such as fraud, conversion, intentional interference, civil theft, abuse of process, and other torts requiring proof of intent generally remain viable either in the products liability context or if the parties are in privity of contract." *Id.* at 543 n.3 (further noting that "a rule barring recovery for economic loss is not an escape hatch from intentional commercial torts" (quotation omitted)).

In aid of its argument that Florida law is "clear" that <u>negligent</u> misrepresentations relating to the breaching party's performance of a contract do not give rise to an independent cause of action in tort, CC-Aventura seeks to classify Weitz's misrepresentation claim as one of a "negligent," rather than "fraudulent," misrepresentation. Weitz does not label its misrepresentation as either negligent or fraudulent in its Amended Counterclaim. However, Weitz does allege that "CC-Aventura . . . <u>engaged in a plan</u> of misrepresentation, concealment, and deception to prevent Weitz from making a claim against the all-risk insurance policy . . . " (Am. Counterclaim ¶ 61) (emphasis added). Accordingly, the Court reads Weitz's misrepresentation claim as one for <u>fraudulent</u> misrepresentation rather than negligent misrepresentation, and therefore CC-Aventura's reliance on

cases discussing the economic loss rule's prohibition of claims for negligent misrepresentations is not dispositive in the present dispute.

CC-Aventura's economic loss rule argument also fails with respect to its contention that Weitz has not alleged a breach of duty apart from the breach of contract, or that the misrepresentation claim are expressly predicated on the same conduct underlying the insurance aspects of Weitz's breach of contract claim. As the Court explained when rejecting CC-Aventura's economic loss argument at the December 12, 2008 hearing, when taking Weitz's allegations as true, it is possible to conceive of a plausible scenario where CC-Aventura did all that was required under the parties' contract, but where CC-Aventura nonetheless mislead Weitz in a way that caused Weitz to incur damages. Such a claim would arise independent of CC-Aventura's contractual obligations. Given this scenario, the Court is not prepared at this stage of the proceedings to cutoff Weitz's right to press its misrepresentation claim. CC-Aventura has not shown that, under any set of facts consistent with the Amended Counterclaim, Weitz's claim is implausible and Weitz would be unable to prove that its entitlement to recover under the all-risk insurance policy was thwarted by CC-Aventura's misrepresentations. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009).

Furthermore, even if Weitz's claim were interwoven with the breach of contract claim, the economic loss rule generally does not bar ""[i]ntentional tort claims such as fraud, conversion, intentional interference, civil theft, abuse of process, and other torts requiring proof of intent . . . ." *Indem. Ins. Co.*, 891 So. 2d at 543 n.3. As discussed above, Weitz's alleges a cause of action for intentional misrepresentations made by CC-Aventura as part of a plan to "thwart the [insurance] claim and avoid CC-Aventura having to pay the $250,000 deductible . . . ." (Am. Counterclaim, ¶ 76.) Accordingly, Weitz's misrepresentation claim sounds in tort as an intentional fraudulent misrepresentation and is not barred by the economic loss rule.[1]

---

[1] CC-Aventura also argues that the fraudulent misrepresentation claim is supported by omissions only, and that "under Florida law omissions are not actionable as fraudulent misrepresentations unless the party omitting the information owes a duty of disclosure to the party receiving the information." *Behrman v. Allstate Life Ins. Co.*, 388 F. Supp. 2d 1346, 1351 (S.D. Fla. 2005). The Court does not reach the question of whether CC-Aventura owed Weitz a duty to disclose in this case because Weitz has alleged sufficient affirmative misrepresentations by CC-Aventura in support of its misrepresentation cause of action: "Mr. Reidy, on behalf of CC-Aventura, forwarded [a] letter to Weitz . . . reiterating that Weitz may submit additional information regarding the claim for consideration." (Am. Counterclaim, ¶ 72.) And, "[i]n reasonable reliance on Mr.

Because Weitz's misrepresentation claim is not barred by the economic loss rule, CC-Aventura's argument that Weitz's conspiracy claim must be dismissed because Weitz has not plead an underlying actionable claim is also unavailing.

### Weitz has Plead its Claims with the Required Specificity

CC-Aventura next argues that Weitz's misrepresentation and conspiracy claims should be dismissed for failure to plead with the required specificity.  Rule 9 of the Federal Rules of Civil Procedure requires that misrepresentation claims be plead with particularity.  The Rule 9 heightened pleading standard requires that the party asserting the misrepresentation claim "allege (1) the precise statements, documents, or misrepresentations made; (2) the time, place, and person responsible for the statement; (3) the content and manner in which these statements misled the Plaintiffs; and (4) what the defendants gained by the alleged fraud."  *Brooks v. Blue Cross & Blue Shield*, 116 F.3d 1364, 1380-81 (11th Cir. 1997).  Here, CC-Aventura argues that Weitz has failed to allege what CC-Aventura gained by the alleged fraud.  However, in paragraphs 61 and 76 of its Amended Counterclaim, Weitz alleges that CC-Aventura engaged in a plan of misrepresentations to avoid paying the all-risk insurance policy's $250,000 deductible.  The Court finds that these allegations, along with the other allegations detailing the statements and omissions made by CC-Aventura (*see* Am. Counterclaim ¶¶ 72, 77, 79); the time, place, and person responsible for the statement (*see id.*); and the manner in which these statements misled Weitz (*see id.* at ¶ 73), satisfy Rule 9's heightened pleading requirement in this case.

Similarly, the Court finds that Weitz has adequately plead its conspiracy claim.  Weitz alleges that CC-Aventura conspired with GAB Robins, the all-risk insurance carrier, to "scuttle" Weitz's insurance claim so that CC-Aventura would not have to pay the $250,000 deductible.  (Am. Counterclaim ¶¶ 61, 69, 76.)  Weitz sufficiently alleges who was involved in the conspiracy, what actions they took in furtherance of the conspiracy, and when these actions allegedly occurred.

Accordingly, the Court determines that both Weitz's misrepresentation (Count V) and conspiracy (Count VI) claims should not be dismissed.

### CC-Aventura's Motion to Strike

---

Reidy's letter, which expressly allowed and even invited Weitz to submit additional information regarding its claim, Weitz continued to perform work on the Towers despite lack of payment." (Am. Counterclaim, ¶ 73.)

In addition to seeking dismissal of Weitz's misrepresentation and conspiracy claims, CC-Aventura also seeks to have certain allegations from Weitz's breach of contract claim stricken because they add a "new alleged breach and additional damages."

While CC-Aventura is correct that Weitz did not include these claims in its breach of contract cause of action until it filed its Amended Counterclaim, these claims were embodied in its previous counterclaim in its counts for negligent misrepresentation and tortious interference. At the hearing on Weitz's Motion for Leave to Amend, the Court questioned Weitz as to why these insurance claims are not simply part of the breach of contract cause of action. The Court then advised the parties that, although Weitz would be allowed to plead its misrepresentation and conspiracy claims, the parties should attempt to streamline the counterclaim. (Hearing Transcript,17:4-6.)

It does not appear that the parties were able to sit down and work out how to reduce the complexity of Weitz's counterclaims. Although the Court did not instruct Weitz to add these allegations to its breach of contract count as Weitz argues, these claims are not a surprise and CC-Aventura is not prejudiced by the inclusion of these allegations. Therefore, in the interest of justice, and finding no prejudice to CC-Aventura, the Court finds no good cause to strike Weitz's allegations in its breach of contract claim.

## CONCLUSION

For the forgoing reasons, it is hereby ORDERED and ADJUDGED that CC-Aventura's Motion to Dismiss Counts V and VI of, and Motion to Strike Certain Allegations From, the Weitz Company, LLC's Amended Counterclaim (D.E. #1638) is denied.

ORDERED in Chambers, Miami, Florida, July 8, 2009.

Paul C. Huck
United States District Judge

Copies furnished to:
All counsel of record

6