UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 06-21598-CIV-HUCK/O'SULLIVAN

CC-AVENTURA, INC., a Delaware corporation,
*et al.*,

    Plaintiffs,

vs.

THE WEITZ COMPANY, LLC, an Iowa limited
liability company, *et al.*,

    Defendants.
_____/

AND ALL RELATED ACTIONS
_____/

### ORDER ON FOURTH-PARTY DEFENDANT, TREMCO INCORPORATED'S, MOTION TO DISMISS METRO CAULKING AND WATERPROOFING, INC.'S FOURTH PARTY COMPLAINT AND MOTION TO STRIKE CLAIM FOR ATTORNEY'S FEES

This cause is before the Court on Fourth-Party Defendant, Tremco Incorporated's, Motion to Dismiss Metro Caulking and Waterproofing, Inc.'s Fourth Party Complaint and Motion to Strike Claim for Attorney's Fees (D.E. #1699). The Court has reviewed the motion, the parties subsequent responses, the record, and is otherwise duly advised in the premises. For the reasons detailed below, the Court finds that Tremco Incorporated's Motion to Dismiss should be denied and its Motion to Strike should be granted in part.

### BACKGROUND

As a subcontractor for Defendant The Weitz Company, LLC ("Weitz"), Metro Caulking and Waterproofing, Inc. ("Metro") performed waterproofing work in the construction of the Classic Residences by Hyatt (the "Project"). After construction of the Project was complete, the owner and the operator of the Project sued Weitz and the Project's architect for alleged defects in design and construction of the Project. Thereafter, Weitz sued several of its subcontractors, including Metro. Weitz sued Metro for breach of contract, negligence, and common law indemnity.

Metro denies any liability to Weitz and blames any defect in its waterproofing work on the defective waterproofing materials manufactured and/or supplied by Tremco Incorporated ("Tremco"). Metro has therefore sued Tremco for common law indemnification, contribution, and breach of certain warranties. Tremco has now moved to dismiss Metro's Complaint in its entirety for failure to state a claim, and to strike Metro's claims for attorneys fees.

## ANALYSIS

A motion under Rule 12(b)(6), Federal Rules of Civil Procedure, challenges the legal sufficiency of the complaint. The complaint's factual allegations are accepted as true and construed most favorably to the plaintiff. *Erickson v. Pardus*, 551 U.S. 89 (2007). The plaintiff's "obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citation omitted). "Factual allegations must be enough to raise [the plaintiff's] right to relief above the speculative level, on the assumption that all of the allegations in the complaint are true (even if doubtful in fact)." *Id.*, 550 U.S. at 555 (citations omitted). In short, the complaint (or in this case, counterclaim) must include "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009).

### I.     Count I - Common Law Indemnification

Tremco correctly argues that the right to indemnification only arises under Florida law when there is a "special relationship" between the parties. Tremco argues, however, that Metro has not plead the required type of special relationship that would give rise to Metro's indemnification claim in this case. The Court does not agree.

Common law indemnity is an equitable remedy that arises out of obligations imposed through special relationships. *See Camp, Dresser & McKee, Inc. v. Paul N. Howard Co.*, 853 So.2d 1072, 1077 (Fla. 5th DCA 2003). "[A] party seeking common law indemnification must be without fault, and its liability must be vicarious and solely for the wrong of another." *Id.* (quoting *Nat'l Beverage Corp. v. Costco Wholesale Corp.*, 736 So.2d 142, 144 (Fla. 3d DCA 1999)). "Importantly, the right to indemnification at common law derives from a special relationship between the parties which has obligated one party to pay because of its vicarious, constructive, derivative or technical liability for the wrongful acts of the other." *Dominion of Canada v. State Farm Fire and Cas. Co.*, 754 So.2d

852, 855 (Fla 2nd DCA 2000).

Under Florida law, a general contractor's duty of due care to a property owner is a non-delegable duty subjecting the general contractor to liability for a subcontractor's negligence. *See Mills v. Krauss*, 114 So.2d 817 (Fla. 2nd DCA 1959). This is true even if the subcontractor is an independent contractor. *Id*. When a general contractor is liable to a property owner on account of a subcontractor's failure to use due care, the general contractor is entitled to indemnification by the subcontractor. *Id*. This downhill flow continues, from special relationship to special relationship, until privity between the downhill parties ends. *See Spolski General Contractor, Inc. v. Jett-Aire Corp. Aviation Management of Cent. Florida, Inc.*, 637 So.2d 968, 970 (Fla. 5th DCA 1994) (claim for indemnity should not have been dismissed when contractor in direct privity with supplier); *In re Masonite Corp. Hardboard Siding Products Liability Litigation,* 21 F. Supp. 2d 593, 605 (E.D. La. 1998) (applying Florida law) (liability could flow from contractor to defective component provider).

Here, Metro alleges that it purchased a defective waterproofing system directly from Tremco. This allegation is enough to satisfy the special relationship pleading required in this case. *See Houdaille Industries, Inc. v. Edwards*, 374 So.2d 490, 494 n.3 (Fla. 1979) (a manufacturer held liable for breach of implied warranty of fitness may have a right to indemnification against the supplier); *K-Mart Corp. v. Chairs, Inc.*, 506 So. 2d 7, 8 (Fla. Dist. Ct. App. 5th Dist. 1987) (reseller could seek indemnity from distributor of defective product); *In re Masonite Corp.,* 21 F. Supp. 2d at 605. In further support of the special relationship with Tremco, Metro alleges that it (and Weitz) consulted with Tremco about using the waterproofing products at the Project, and that Tremco provided guidance and instructions for use and installation of the waterproofing system at the Project. (Metro Compl. ¶¶ 11, 12.) The Court finds these additional allegations, coupled with the allegation that Tremco sold Metro the defective waterproofing system, more than sufficient to satisfy the special relationship pleading requirement when bringing a common law indemnification claim under Florida law. Accordingly, Tremco's motion to dismiss Metro's count for common law indemnification is denied.

## II.     Count II - Contribution

Metro has also sued Tremco for contribution pursuant to § 768.31, Florida Statutes. That section provides that "when two or more persons become jointly or severally liable in tort for the

3

same injury to person or property . . . , there is a right of contribution among them even though judgment has not been recovered against all or any of them." Tremco argues that Metro's claim for contribution should be dismissed because the law requires that a party contribute only when there is a shared "common liability" to a third party. Here, argues Tremco, no such "common liability" exists because Tremco's duty was to Metro only and it has no duty to Weitz.

In *Salley v. Charles R. Perry Construction, Inc.*, 403 So. 2d 556, 557 (Fla. 1st DCA 1981), an architect and his associates had their claim for contribution against a project's general contractor dismissed because, in the trial court's opinion, there was no showing of common liability between an architect and a contractor. On appeal, Florida's First District Court of Appeal held that common liability, and therefore a right to contribution, existed because the contractor and the architect were engaged in the common enterprise of designing and constructing a building with duties to an owner that were intertwined in both time and substance. *Id.* at 557. Tremco argues that it and Metro were not involved in a "common enterprise" because it "is only a manufacturer that supplied a product that was used on the project." (Motion to Dismiss, p. 9.) Metro, however, alleges that Tremco did much more than simply supply the materials. In paragraphs 12 and 22 of its Complaint, Metro alleges not only that Tremco supplied the materials, but that "Metro and Weitz consulted with Tremco's literature, authorized employees, [and Tremco's] agents and/or representatives stated that such waterproofing system was appropriate for use [on the] subject property, and Tremco provided specific guidance and instruction concerning the recommended products to be used as well as the methods of installation." Additionally, Metro attached to its complaint a correspondence showing that Tremco visited the site and provided instructions and recommendations in the planning stages of the waterproofing undertaking.

Accordingly, accepting Metro's well-pleaded facts as true and drawing all reasonable inferences therefrom in Metro's favor, as the Court must at this stage, the Court finds that Metro has provided enough allegations to support that Tremco and Metro's interactions constituted a "common enterprise of designing and constructing . . . that were intertwined in both time and substance." *Salley v. Charles R. Perry Construction, Inc.*, 403 So. 2d 556, 557 (Fla. 1st DCA 1981). Tremco's motion to dismiss Metro's count for contribution is therefore denied.

**III.     Counts III, IV, and IV - Breach of Warranties**

Metro has also sued Tremco for breaches of express warranty (Count 3), implied warranty (Count 4), and warranty of fitness for a particular purpose (Count 5). Tremco argues that each of these counts should be dismissed because Metro has failed to allege certain elements required to state a claim on each particular breach cause of action.

As an initial matter, the Court has already held that "the fact-based pleading upon which the [] Defendant subcontractors insist is not required in federal diversity cases, even where otherwise required under state procedure." *CC-Aventura, Inc. v. Weitz Co.*, LLC, 2007 WL 1296453, 4 (S.D. Fla. 2007) (citing *Taylor v. American Honda Motor Co., Inc.*, 555 F. Supp. 59, 62 n.3 (M.D. Fla.1982); *Erie R. Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817 (1938); and Rule 8(a), Federal Rules of Civil Procedure). Accordingly, dismissal is not necessarily required because of any deficiencies in the stricter Florida pleading rules, assuming Metro's pleadings satisfy the Federal Rule's notice pleading standard.

### A. Count III – Breach of Express Warranty

To plead a cause of action for breach of express warranty, Tremco argues that Metro is required to plead the following elements: "1) Facts in respect to the sale of the goods; 2) Identification of the types of warranties created . . . 3) Facts in respect to the creation of the particular warranty . . . 4) Facts in respect to the breach of the warranty; 5) Notice to seller of breach ... 6) The injuries sustained by the buyer as a result of the breach of warranty." *Dunham-Bush, Inc. v. Thermo-AirServ., Inc.*, 351 So.2d 351, 353 (Fla. 4th DCA 1977). Tremco argues that Metro has not plead the creation of the warranty, the specific terms of the warranty, or that the warranty was part of the bargain between the parties. Tremco also argues that even if Metro's allegations supported the creation of an express warranty, Metro has not properly alleged a breach of that warranty because its only allegation is that *Weitz* has alleged that the "system is failing and/or is otherwise deficient," and Metro has not alleged itself, nor does it directly know, that the warranty has been breached. Accordingly, argues Tremco, the actual breach may not have occurred and thus the claim is not ripe.

As to the creation of the express warranty, Metro alleges that Tremco's "agents and/or representatives stated that such waterproofing system was appropriate for use [on the] subject property . . ." (Compl. ¶ 12.) Metro also alleges the terms of the warranty by pleading that "Tremco provided an express warranty to Metro that Tremco's waterproofing system was appropriate for use

5

at the subject property, and ordinary use would not cause it to fail." (Compl. ¶ 25.)  Metro further directs the Court to the attachment to its complaint, which is a report from a construction consulting detailing certain recommendations by Tremco's representative as to what waterproofing products should be used and where.  Even without the attachment, the Court finds the allegations in Metro's complaint are sufficient to put Tremco on notice of both the creation and terms of the express warranty.  As for alleging that the warranty was part of the bargain, Metro argues that reasonable inferences drawn from Metro's allegations support that the warranty was part of the bargain.  Indeed, affirmations of fact made by the seller about the goods during a bargain are regarded as part of the description of those goods; hence no particular reliance on such statements need be shown in order to weave them into the fabric of the agreement. *See Carter Hawley Hale Stores, Inc. v. Conley,* 372 So.2d 965 (Fla. 3d DCA 1979).

Tremco's argument that this dispute is not ripe because Metro has not alleged an actual breach of any warranty is also unavailing.  Rule 14 of the Federal Rules of Civil Procedure provides that a defendant may, as a third party plaintiff, implead a fourth party into a lawsuit if the fourth party "is or may be liable to the third party plaintiff for all or part of the plaintiff's claim against the third party plaintiff."  The Court was faced with a similar argument earlier in this litigation when various subcontractors sought dismissal of the breach of warranty claims brought against them by the Project's architect, MSA Architects, Inc.  There, the Court stated that "MSA's breach of warranty claims against the individual Third Party Defendant subcontractors are expressly dependant upon the outcome of Plaintiff's original claims against MSA. Each subcontractor's liability to MSA is wholly derivative of that outcome.  To the extent that MSA's liability to Plaintiffs is a result of an individual subcontractor's breach of the express warranty quoted above, MSA's claim against that subcontractor for breach of the warranty is entirely appropriate under Rule 14." *CC-Aventura, Inc. v. Weitz Co., LLC,* 2007 WL 1296453, 4 (S.D. Fla. 2007).  Although it is unknown at this point whether any alleged warranties have been breached, Metro's claim against Tremco is derivative of the Weitz/Metro dispute, and Tremco may be called upon to pay only if Weitz ultimately proves that there was, indeed, a defective product.  Accordingly, Tremco's motion to dismiss Metro's count for breach of express warranty is denied.

  B.  *Count IV – Implied Warranty*

6

Tremco argues that the elements required to plead breach of implied warranty differ from those required when pleading a breach of an express warranty. Metro, however, argues that the cases cited by Tremco rely on cases that were not govern by the U.C.C. (such as breaches between a consumer and a manufacturer who were not in privity with each other). Here, however, the U.C.C. governs the contract between Metro (as contractor/consumer) and Tremco (as supplier/seller). *See Taylor v. American Honda Motor Co., Inc.*, 555 F. Supp. 59 (M.D. Fla. 1982) ("Where a breach of implied warranty action has been brought against a seller standing in a relation of privity with the consumer, Florida courts have uniformly applied the provisions of the U.C.C."). Because the U.C.C. controls in this dispute, the same elements supporting a breach of express warranty also support a breach of implied warranty. *Dunham-Bush, Inc. v. Thermo-AirServ., Inc.*, 351 So.2d 351, 353 (Fla. 4th DCA 1977).

Here, the only difference in Metro's express warranty count and implied warranty count is that Metro alleges in the implied warranty count that "Tremco impliedly warranted to Metro that Tremco's waterproofing system was appropriate for use at the subject property . . . ." (Compl. ¶ 28.) Accordingly, for the same reasons discussed in the expressed warranty section above, Metro's pleadings for breach of implied warranty are sufficient to put Tremco on notice of the claims it will have to defend. Tremco's motion to dismiss Metro's count for breach of express warranty is therefore denied.

### C. Count V – Warranty of Fitness for a Particular Purpose

In respect to Metro's breach of warranty of fitness for a particular purpose claim, Tremco argues, as with the other breach of warranty claims, that whether the warranty has been breached is still in question and, accordingly, Metro's breach of warranty of fitness for a particular purpose count is not ripe. For the reasons discussed in the express warranty section above, the Court rejects this argument and denies Tremco's motion to dismiss Metro's count for warranty of fitness for a particular purpose.

### IV. Motion to Strike Attorney's Fees – All Counts

Tremco has also moved to dismiss Metro's requests for attorney's fees. Metro acknowledges that the Court has already ruled that it is not entitled to attorney's fees for bringing this fourth-party action against Tremco. However, Metro properly seek attorneys fees in its indemnification count

as damages incurred by Metro in defending the underlying third-party action brought against it by Weitz. *See The Hiller Group, Inc. v. Redwing Carriers, Inc.*, 779 So. 2d 602, 604 (Fla. Dist. Ct. App. 2d Dist. 2001) ("Under Florida law, an indemnitee is entitled to indemnification not only for the judgment entered against it, but also for attorney's fees and court costs."). Accordingly, Tremco's Motion to Strike Metro's request for attorney's fees is granted in part—only insofar as it relates to Metro's fourth-party action against Tremco for the purpose of establishing its right to indemnification.

## CONCLUSION

As discussed above, given the sufficiency of Metro's allegations under the notice pleading standards of the Federal Rules of Civil Procedure, and given that Metro's claims are proper under Rule 14, it is hereby

ORDERED and ADJUDGED that

Tremco's Motion to Dismiss is denied. Tremco's Motion to Strike Metro's Claim for Attorney's Fees is granted in part as provided above.

DONE in Chambers, Miami, Florida, July 13, 2009.

Paul C. Huck
United States District Judge

Copies furnished to:
All counsel of record