UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 06-21598-CIV-HUCK/O'SULLIVAN

CC-AVENTURA, INC., a Delaware corporation, *et al.*,
    Plaintiffs,
vs.

THE WEITZ COMPANY, LLC, an Iowa limited liability company, *et al.*,
    Defendants.
_____/

AND ALL RELATED ACTIONS
_____/

**ORDER ON AMERICAN STANDARD, INC.'S
RENEWED MOTION FOR PARTIAL SUMMARY JUDGMENT**

    This matter came before the Court on Fourth-Party Defendant American Standard, Inc.'s ("Trane") Renewed Motion for Partial Summary Judgment Against Fourth-Party Plaintiffs Fidelity & Deposit Company of Maryland ("Fidelity") and Aero Cooling Systems, Inc. ("Aero"). [D.E. #1652.]  This Court has reviewed the Motion and responses, the record, and is otherwise duly advised in the premises.  For the reasons stated below, this Court reserves its ruling on the Motion so that it may hold a non-jury evidentiary hearing to determine which contract applies to the parties' dispute.

    **I.**    **Factual and Procedural Background**

    This litigation arises out of the construction of a senior living community in Aventura, Florida (the "Project").  The plaintiffs, CC-Aventura, Inc. and Classic Residence Management Limited Partnership, sued the The Weitz Company, LLC (the Project's general contractor) and MSA Architects, Inc. (the Project's architect) for those parties' alleged failure to adequately perform their obligations in connection with the construction of the Project.  Weitz and MSA, in turn, sued numerous subcontractors for their alleged deficient performance and, in some instances, these subcontractors have sued sub-subcontractors.

Weitz hired Aero as its HVAC (heating, ventilation, and air conditioning) subcontractor for the Project. Weitz sued Aero for contractual and common law indemnity [D.E. #160], and MSA sued Aero for contractual indemnification and statutory contribution [D.E. ##417, 490]. Aero and its surety, Fidelity, sued Trane for breach of contract (Count I), common law indemnity (Count II), and breach of implied warranty (Count III). [D.E. #399.]

Aero engaged Trane to serve as a sub-subcontractor on the Project. Trane manufactures HVAC equipment [D.E. ##1653, 1677], and its role in the Project was to provide that material and services related to its supply of that material. Ultimately, Trane supplied more than $600,000 of HVAC equipment and related services to the Project. An initial, and threshold issue, to the resolution of the parties' dispute is determining what documents constitute the contract between the parties. Trane argues that the parties formed their contract after an exchange of forms. Specifically, Trane argues that the contract consists of proposals it sent to Aero and the purchase orders Aero returned after receiving the proposals. Aero, on the other hand, argues that the contract consists solely of the purchase orders it issued after negotiating with Trane which incorporate the plans and specifications from its contract with Weitz.

Trane filed its first motion for summary judgment on November 12, 2008 [D.E. #1429], and on November 26, 2008, Aero [D.E. #1466] and Fidelity [D.E. #1474] responded to Trane's first motion for summary judgment. Fidelity's response to the motion argued, among other things and as relevant to this Motion, that (1) Florida's version of the Uniform Commercial Code did not apply to the dispute, (2) certain warranty disclaimers were not sufficiently conspicuous to disclaim Trane's implied warranties, (3) a conflict between Trane's form and Aero's form caused the warranty disclaimer to be "knocked out," and (4) a damages limitation provision in Trane's form is unconscionable. [D.E. #1474.] In their[1] response, Aero and Fidelity stated that "[i]t is undisputed that Trane submitted its standard form proposal to Aero, to which Aero responded with its standard form purchase order," *id.* at 14, and referenced the June 18, 2001 proposal from Trane and the June 20, 2001 purchase order from Aero attached as exhibits to Trane's Statement of Undisputed Material Fact. [D.E. ##1431-2, 1431-3.]

---

[1] Aero adopted the factual recitation and arguments that Fidelity presented. [D.E. #1466.]

After a hearing on Trane's motion for summary judgment, this Court granted Aero leave to file and serve an amended affidavit specifying the basis that Aero's President, Paul Morrissette,[2] had to support his testimony as to the mental impressions of Trane personnel. [D.E. #1523.] Although the Court's order permitted a supplemental affidavit on Morrissette's mental impressions regarding Trane's knowing sale of defective equipment, Morrissette's affidavit extended into other areas. [D.E. #1538.] In the supplemental affidavit, Morrissette stated that Trane "incorrectly rel[ied]" on its June 18 proposal in its Statement of Undisputed Material Facts and that neither he nor anyone else at Aero ever agreed to the June 18 proposal as a contract document. *Id.* at ¶ 4. Morrissette stated that the best evidence of the parties' agreement was the invoices reflecting shipments to the jobsite, and those invoices indicated that Aero's purchase order more closely reflected the parties' agreement. *Id.* at ¶¶ 6-11. Morrissette further noted that in more closely reviewing the June 18 proposal, "there was no stamp or indication that [his] office had ever received [the June 18 proposal] or signed off on [the June 18 proposal]." *Id.* at ¶ 14.

## II. Standard of Review

Summary judgment is appropriate if the pleadings, depositions, and affidavits show that there is no genuine issue of material fact, and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). An issue is "material" if it is a legal element of the claim under applicable substantive law which might affect the outcome of the case. *See Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986); *Allen v. Tyson Foods*, 121 F.3d 642, 646 (11th Cir. 1997). An issue is "genuine" if the record taken as a whole could lead a rational trier of fact to find for the non-moving party. *See Allen*, 121 F.3d at 646. On a motion for summary judgment, the Court must view all the evidence and all factual inferences drawn therefrom in the light most favorable to the non-moving party and determine whether that evidence could reasonably sustain a jury verdict. *Celotex,* 477 U.S. at 322-23; *Allen*, 121 F.3d at 646.

---

[2] As Aero's President, Morrissette attests that his "responsibilities have included the general management of Aero's operations, including the oversight of proposal solicitation and review, contract negotiation and purchase order approval." [D.E. #1475 at ¶ 1.] Morrissette professed personal knowledge regarding the contract between Aero and Trane. *Id.*

Further, while the burden on the movant is great, the opposing party has a duty to present affirmative evidence in order to defeat a properly supported motion for summary judgment. *Anderson*, 477 U.S. at 252.  A mere "scintilla" of evidence in favor of the non-moving party, or evidence that is merely colorable or not significantly probative, is not enough.  *Id.*; *see also Mayfield v. Patterson Pump Co.*, 101 F.3d 1371, 1376 (11th Cir. 1996) (conclusory allegations and conjecture cannot be the basis for denying summary judgment).

### III. Analysis

The interpretation of a contract is a question of law, and unless the contract before the court is ambiguous, a court may decide the meaning of the contract in question at the summary judgment stage.  *Langford v. Paravant, Inc.*, 912 So. 2d 359, 360 (Fla. 5th DCA 2005).  But which documents comprise the contract is a question of fact, and if the parties disagree on this point, summary judgment is not appropriate.  *Impossible Elec. Techniques, Inc. v. Wackenhut Protective Sys., Inc.*, 669 F.2d 1026, 1031-32 (5th Cir. 1982); *Aetna Ins. Co. v. State Farm Fire & Cas. Co.*, 457 So. 2d 512, 513 (Fla. 1st DCA 1984).

In this case there are competing theories regarding which documents comprise the contract.  Trane contends that its contract with Aero consists of Trane's proposals *and* Aero's purchase orders.  Aero, in contrast, argues that its contract with Trane consists *only* of the purchase orders which incorporate the plans and specifications set forth in the subcontract between Aero and Weitz.

Trane contends that, because this transaction concerned primarily the sale of goods, the UCC governs the dispute between the parties.  According to Trane, in an exchange-of-forms scenario, the framework established by the UCC determines what documents comprise the contract and the terms of that contract.  Trane supports its theory by pointing to factual allegations indicating that Trane sent several proposals to Aero containing Trane's terms and conditions, Morrissette saw and received these proposals, Aero and Trane discussed and modified the proposals, and Aero's representative agreed to a $600,000 purchase price for the equipment listed in Trane's June 13, 2001 proposal.  Trane further alleges that it sent its final proposal to Aero on June 18, 2001, requesting that Aero return its purchase order which Trane alleges Aero did on June 20, 2001.

Aero calls into question Trane's view of the contract by, among other things, raising questions as to whether Morrissette saw or even received Trane's June 18, 2001 proposal. [D.E. #1538 at ¶ 14.] Aero also identifies several instances in which Trane supplied equipment that exceeded the requirements of the June 18, 2001 proposal but was required by its purchase order and the plans and specifications of the contract between Weitz and Aero. [D.E. #1677.]

At the summary judgment stage, this Court must view all of the evidence and draw all factual inferences in the light most favorable to the non-moving party. Before proceeding to rule on any question related to the dispute between Aero and Trane, this Court must answer a basic question: What is the contract at issue? The parties disagree on the answer to this question and, as established by *Impossible Electronics*, a disagreement on this point, supported by disputed evidence, raises a question of material fact that forecloses summary judgment.

### IV.     Conclusion

Because there is a disputed question of material fact as to which documents constitute the contract between the parties, this Court may not grant summary judgment. At the June 11, 2009 hearing, the parties agreed to a non-jury evidentiary hearing to determine what documents comprise the controlling contract in this dispute. Accordingly, it is hereby

ORDERED and ADJUDGED that a telephonic scheduling conference shall be held on **Friday, July 17, 2009, at 11:00 a.m.** before the Honorable Paul C. Huck, United States District Judge, 400 North Miami Avenue, 13th Floor, Room 13-2, Miami, Florida 33128, to determine the date of the hearing and the Court's requirements of the parties. The Court is considering the following time period for the non-jury evidentiary hearing: July 27-31, 2009 or August 10-14, 2009. The parties shall confer prior to the scheduling conference to discuss a mutually acceptable period of time in which to hold the non-jury evidentiary hearing.

This Court reserves ruling on the other arguments raised by Trane in its Renewed Motion for Summary Judgment until after it decides the threshold issue of what documents comprise the controlling contract in this dispute.

DONE and ORDERED in Chambers, Miami, Florida, July 13, 2009.

_____
Paul C. Huck
United States District Judge

Copies furnished to:
Magistrate Judge O'Sullivan
All counsel of record