UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.  06-21598-CIV-HUCK/O'SULLIVAN

CC-AVENTURA, INC., a Delaware corporation,
*et al.*,
    Plaintiffs,
vs.

THE WEITZ COMPANY, LLC, an Iowa limited
liability company, *et al.*,
    Defendants.
_____/

AND ALL RELATED ACTIONS
_____/

## ORDER ON EVIDENTIARY HEARING

This matter came before the Court on Fourth-Party Defendant American Standard, Inc.'s ("Trane") Renewed Motion for Partial Summary Judgment Against Fourth-Party Plaintiffs Fidelity & Deposit Company of Maryland ("Fidelity") and Aero Cooling Systems, Inc. ("Aero"). (D.E. #1652.)  In its Order on Trane's Renewed Motion for Partial Summary Judgment (D.E. #1906) this Court determined that before it could resolve the matters raised in Trane's Motion for Partial Summary Judgment, it had to make a factual determination as to which documents constituted the contract between Aero and Trane.

With the consent of the parties, this Court conducted an evidentiary hearing on August 19-20, 2009, concerning the aforementioned issue.  At the hearing, this Court received numerous documents into evidence and heard the testimony of three witnesses: Michael Enderlin of Trane, Paul Morrissette of Aero, and Martin Llanos who was formerly employed by Aero.  Having heard the evidence, this Court makes the following determinations:

The transaction in question is governed by Florida's version of the Uniform Commercial Code because the predominant purpose of the contract was the sale of goods.  *See* Fla. Stat. § 672.102; *U.S. Fid. & Guar. Co. v. N. Am. Steel Corp.*, 335 So. 2d 18, 21 (Fla. 2d DCA 1976); *see also BMC Indus., Inc. v. Barth Indus., Inc.*, 160 F.3d 1322, 1329 (11th Cir. 1998)("Most courts follow the 'predominant factor' test to determine whether such hybrid contracts are

transactions in goods, and therefore covered by the UCC, or transactions in services, and therefore excluded."). Under the UCC, "a definite and seasonable expression of acceptance or a written confirmation which is sent within a reasonable time operates as an acceptance even though it states terms additional to or different from those offered or agreed upon, unless acceptance is expressly made conditional on assent to the additional or different terms." Fla. Stat. § 672.207(1); *Paul Gottlieb & Co., Inc. v. Alps S. Corp.*, 985 So. 2d 1, 6 (Fla. 2d DCA 2007)(holding that, unlike the common law's "mirror-image" rule for contract formation, §§ 672.207(1) and (2) "allow the formation of a contract where an acceptance contains additional or different terms than the original offer").

The Court finds, based on the Court's findings of fact and conclusions of law announced at the conclusion of the evidentiary hearing, that the contract between Aero and Trane consists of the Trane proposal dated June 18, 2001; the Aero purchase order dated June 15, 2001[1]; the Trane proposal dated March 27, 2002; and the Aero purchase order dated April 15, 2002. These findings of fact include the finding that the parties' practice over the course of this and multiple other transactions was that Trane sent Aero a proposal memorializing discussions between the principals or representatives of those firms, and Aero accepted the proposal by sending Trane a purchase order. Trane's proposals always included a sheet of "Standard Terms and Conditions," and when Aero sent Trane its purchase orders it never objected to anything listed in Trane's Standard Terms and Conditions. Accordingly, this Court finds that the Trane's Standard Terms and Conditions are a part of the contract between Aero and Trane pursuant to Fla. Stat. §§ 672.207(1) and (2).[2] Where there is an express conflict between Trane's proposals and

---

[1] Although dated June 15, 2001, Aero did not transmit this purchase order to Trane until June 20, 2001.

[2] Aero argues that it should not be bound to Trane's Standard Terms and Conditions because it never intended to be bound to those Terms and Conditions. As Florida courts have long held, however, "[t]he test of the meaning and intention of the parties is the content of the written document" and "[t]he making of a contract depends not on the agreement of two minds in one intention, but on the agreement of two sets of external signs--*not on the parties having meant the same thing but on their having said the same thing*." *Gendzier v. Bielecki*, 97 So. 2d 604, 608 (Fla. 1957)(quoting Justice Oliver Wendell Holmes)(emphasis supplied).

Aero's purchase orders, the specific conflicting term contained within Aero's purchase order governs.

In support of this Order, the Court adopts its findings of fact and conclusions of law announced at the conclusion of the evidentiary hearing.

DONE and ORDERED in Chambers, Miami, Florida, August 21, 2009.

_____
Paul C. Huck
United States District Judge

Copies furnished to:
Magistrate Judge O'Sullivan
All counsel of record