UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 06-21598-CIV-HUCK/O'SULLIVAN

CC-AVENTURA, INC., a
Delaware Corporation, et al.,

    Plaintiffs,
v.
THE WEITZ COMPANY, LLC, an
Iowa Limited Liability Company et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on the Third Party Defendant Coastal Masonry Inc.'s Motions for Disqualification and Sanctions by Coastal Masonry, Inc. (DE# 1982, 8/31/09).  On October 2, 2009, the Court denied the Motion for Disqualification and granted the Motion for Sanctions (DE # 2038) but the amount of sanctions remains in dispute.  The Honorable Paul C. Huck referred this matter to the undersigned to determine the appropriate amount of sanctions to be awarded.  Having carefully considered the court file, the oral argument of counsel and the applicable law, the undersigned recommends that sanctions be awarded to Coastal Masonry, Inc. (hereinafter "Coastal") in the amount of $54,765.00 as more fully described below.

## FACTS

Coastal hired Halliwell and Mr. Daniel Neeb as its experts in this matter. Thornton Tomasetti is the plaintiff's expert in this matter.  Unbeknownst to Coastal, Thornton Tomasetti negotiated with Mr. Neeb, for the hire of Mr. Neeb to work for

Thornton Tomasetti, on a date after Mr. Neeb had already been retained as Coastal's expert in this case. The District Court in this matter ruled that Thornton Tomasetti should not be stricken as an expert, but that sanctions against the plaintiff were appropriate. Due to the wrongdoings of Mr. Neeb and Thornton Tomasetti in this matter, Coastal had to hire a new expert.

## DISCUSSION

The movant, the third party defendant Coastal, seeks sanctions in this matter in the amount of $186,132.09[1] to make third party defendant Coastal whole for its losses associated with the problems stemming from a conflict of the experts in this matter. The District Court noted that both Thornton Tomasetti and Mr. Neeb acted improperly in their employment negotiations and the subsequent hire of Mr. Neeb by Thornton Tomasetti. The $186,132.09 is comprised of $144,900.04 in attorney's fees, $6,304.43 in costs and $34,937.62 billed by third party defendant Coastal's new expert. In order to become whole, third party defendant Coastal argues that it 1) needed to conduct discovery and investigate the issue; 2) deposed ten witnesses in three cities; 3) briefed the issue three times and attended hearings on the issue; 4) counsel analyzed the issue and advised their client of its rights; and 5) had to find a new expert. See "Third Party Defendant Coastal Masonry, Inc.'s Reply Memorandum in Further Support of Sanctions" at p. 10. The plaintiff argues that "the Court has stated that the sanctions

---

[1]In the Third Party Defendant Coastal Masonry, Inc.'s Memorandum of Law in further Support of Sanctions (DE # 2051, 10/13/09), Coastal requested $176, 824.72 in sanctions. In the Third Party Defendant Coastal Masonry, Inc.'s Reply Memorandum in Further Support of Sanctions, Coastal requested $186,132.09 in sanctions.

should be comprised of either the amount of money Coastal paid to Halliwell and Mr. Neeb, or the amount of money Coastal pays its new expert to obtain the knowledge Mr. Neeb and Halliwell had acquired before the conflict arose." Plaintiffs' Memorandum in Opposition to Coastal Masonry, Inc.'s Memorandum of Law in Further Support of Sanctions (DE # 2091, 11/13/09 at p. 4). In support of this proposition, the plaintiffs cite to the transcripts of a June 3, 2009, hearing and an October 2, 2009, hearing held before Judge Huck. Specifically, the plaintiffs cite to page 17, lines 6-9 of the June 3, 2009, transcript in which the Court says, "What's plaintiffs' view on that as to carrying the financial burden of a new expert, or paying the payment of the – I guess the better way to do it would be the fees already generated for Mr. Neeb and his firm." The plaintiffs also cite to page 38, lines 6-8 of the October 2, 2009, transcript in which the Court says, "[t]he question is how much and what is the standard? It seems to me it should only be your new expert, what it takes to get him up to the same point that Mr. Neeb was at."

    According to the plaintiffs, "[i]f the Court decides that the appropriate measure of sanctions is the monies paid to Halliwell and Mr. Neeb, then the sanctions would total approximately $25,000.00." Plaintiffs' Memorandum in Opposition to Coastal Masonry, Inc.'s Memorandum of Law in Further Support of Sanctions (DE # 2091, 11/13/09 at p. 4).[2] This notion is based on the Halliwell invoice dated September 11, 2009, showing $25,239.13 of billing as of the date of the invoice. The plaintiffs argue that if "the Court decides that the appropriate measure of sanctions is the monies paid to Coastal's new

---

[2]Halliwell and Mr. Neeb were Coastal's original experts.

expert to acquire the knowledge Mr. Neeb and Halliwell had acquired, then the sanctions would total approximately $35,000.00.  <u>Plaintiffs' Memorandum in Opposition to Coastal Masonry, Inc.'s Memorandum of Law in Further Support of Sanctions</u> (DE # 2091, 11/13/09 at p. 4).  In support of this notion, the plaintiffs cite to the "Third Party Defendant Coastal Masonry, Inc.'s Reply Memorandum in Further Support of Sanctions (DE # 2102, 11/23/09), at p.5 n.3 and Hodges Declaration (filed under seal at DE # 2092), at paragraph 7.  Paragraph 7 of the sealed declaration indicates that the new expert witness had billed $34,937.62 for the work in this matter. The undersigned finds that the appropriate sanction is the amount paid to the new expert to get him up to speed as well as the fees for the attorney time spent doing so.

    At the hearing held before the undersigned on February 2, 2010, the undersigned requested the parties to address whether the sanction should include attorney's fees and the costs of the new expert or just the costs of the new expert; and the reasonableness of the fees.  The plaintiffs indicated at the hearing that they did not think an award of attorneys fees should be included in the sanction because Judge Huck did not indicate at either the June 2009 hearing or the October 2009 that attorney's fees should be included.  The plaintiff's further argued at the hearing that the purpose of the sanctions is not to make Coastal whole, and that $25,000.00 to $35,000.00 is an appropriate sanction.  At the hearing, Coastal argued that Judge Huck never said that Coastal should not get attorney's fees, rather, at the end of the October 2009 hearing, Judge Huck gave an opinion that there should not be fees and when counsel for Coastal disagreed, Judge Huck had Coastal brief the issue.  Accordingly,

Coastal wants recovery of $35,000.00 for the new expert, $6,000.00 in costs and an appropriate amount of attorney's fees.

Counsel for the plaintiffs also complained of the blended rate used by Coastal in the amount of attorney's fees requested as opposed to the actual rate.  Using the actual rate as opposed to a blended rate results in a reduction of $4300.00.  The plaintiff's also complain about duplicate and triplicate tasks by Coastal attorneys. Coastal agreed at the hearing before the undersigned that a blended rate should not be used.

The undersigned finds that Coastal is entitled to a recovery of $34,937.00 for the new expert and $19,828.00 in fees incurred by Coastal to find, retain and educate a new expert. Coastal is entitled to a recovery of the money paid to the new expert to get the new expert up to speed, as well as the attorney's fees for doing so.  Because of the late stage of the case when the need for a new expert became apparent, it was necessary for Coastal to spend a significant amount of time to locate a proper expert. The undersigned finds that other attorney's fees and costs incurred in preparing relevant motions, arguing the motions and obtaining discovery are not appropriate as part of sanctions.  Both Mr. Neeb and Thornton Tomasetti were at fault for negotiating with each other for employment when they were acting as experts for different parties in the same matter.

The Court must evaluate the reasonableness of the total hours expended by Coastal's counsel related to the attorney work done in finding, retaining and educating the new expert.  On page 5 of Third Party Defendant Coastal Masonry, Inc.'s Reply

Memorandum in Further Support of Sanctions (DE # 2102, 11/23/09), Coastal indicates that their attorneys expended $22,000.00 for the tasks related to the time spent finding, retaining and educating a new expert in this case. Coastal cites to the invoices filed under seal (DE # 2092) in support of this amount. At the hearing, the plaintiff opined that $22,000.00 was unreasonable because it was approximately 100 hours of work at the blended rate of $230.00 per hour. The undersigned finds that because Coastal had to research and eliminate many potential experts while attempting to locate an appropriate expert, the almost 100 hours of work is not unreasonable.[3]

The undersigned reviewed the Declaration of Adam Hodges in Support of the Sanctions Request to determine the number of hours spent by Coastal's attorneys and paralegals on the tasks involved with locating, retaining and educating a new expert. Pursuant to the undersigned's independent review of the Adam Hodges Declaration, the undersigned found 95.10 hours of time spent by Coastal's attorneys and paralegals on these tasks. At a blended rate of $230.00 per hour, 95.10 hours would equal a fee of $21,873.[4] The undersigned finds that the use of a blended rate in this matter is inappropriate, as this would result in a recovery for Coastal in excess of the actual amount spent in locating, retaining and educating a new expert.

Pursuant to the undersigned's independent review of the Hodges Declaration,

---

[3]Approximately 20 different experts were employed by the parties in this case at the time that it became necessary for Coastal to find a replacement expert.

[4]As noted in the papers and at the hearing, the plaintiff objects to the use of a blended rate, but does not object to the hourly rates charged by Coastal's time keepers in this matter.

the undersigned finds that Adam Hodges spent 28.90 hours at a rate of $235.00 per hour (for a total of $6,791.50), Dania Saavedra spent 34.80 hours at a rate of $235.00 per hour (for a total of $8,178.00), James Kaplan spent 12.10 hours at a rate of $250.00 per hour (for a total of $3,025.00), Kirk Waag spent 7.90 hours at a rate of $95.00 per hour (for a total of $750.50), and Marta Acosta spent 11.4 hours at a rate of $95.00 per hour (for a total of $1,083.00) on tasks related to the location, hiring and educating of the new expert witness.  The actual rates charged by the time keepers for the 95.10 hours results in a total amount of $19,828.00.

      The Court must exercise independent judgment when reviewing a claim for hours reasonably expended.  See Norman v. Housing Authority of City of Montgomery, 836 F.2d 1292, 1301-02 (11th Cir. 1988).  An attorney seeking to recover fees must keep accurate and current records of work done and time spent on a case.  See Hensley v. Eckerhart, 461 U.S. 424, 437 & n.12, 103 S. Ct. 1933, 1941 & n.12 (1983).  "Attorneys who anticipate making a fee application must maintain contemporaneous, complete and standardized time records which accurately reflect the work done by each attorney", National Ass'n of Concerned Veterans v. Sec'y of Def., 675 F.2d 1319, 1327 (D.C. Cir. 1982), and which identify the subject matter of each time expenditure. See Hensley, 461 U.S. at 437 & n.12, 103 S. Ct. at 1941 & n.12. If there is inadequate documentation or if the Court finds a claim for hours to be "excessive or unnecessary", the Court may reduce the number of hours for which fees will be awarded.  Florida Patient's Comp. Fund v. Rowe, 472 So. 2d 1145, 1150 (Fla. 1985); see also F.H. Krear & Co. v. Nineteen Named Trustees, 810 F.2d 1250, 1265 (2d Cir. 1987) ("[W]here

adequate contemporaneous records have not been kept, the court should not award the full amount requested."). The undersigned finds that the billing records are adequate and the tasks performed by Coastal's counsel that amount to the $19,828.00 in fees to locate, retain and educate a new expert are reasonable.

Coastal should recover $34,937.00 for the new expert and $19,828.00 in attorney time spend locating, retaining and educating the new expert for a total award of $54,765.

## RECOMMENDATION

In accordance with the foregoing Report and Recommendation, the undersigned respectfully recommends that sanctions be awarded to Coastal in the amount of $54,765.00.

The parties have 14 days from the date of receipt of this Report and Recommendation within which to serve and file written objections, if any, with the Honorable Paul Huck, United States District Court Judge. Failure to file objections timely shall bar the parties from attacking on appeal the factual findings contained herein. LoConte v. Dugger, 847 F. 2d 745 (11th Cir. 1988), cert. denied, 488 U.S. 958,

109 S.Ct. 397 (1988); RTC v. Hallmark Builders, Inc., 996 F. 2d 1144, 1149 (11th Cir. 1993).

RESPECTFULLY SUBMITTED at the United States Courthouse, Miami, Florida this 11th day of March, 2010.

_____
JOHN J. O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE

Copies provided to:
The Honorable Judge Huck
All Counsel of Record