**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**CASE NO.:  06-21598-CIV-HUCK/O'SULLIVAN**

CC-AVENTURA, INC., a Delaware corporation,
*et al.*,

  Plaintiffs,

vs.

THE WEITZ COMPANY, LLC, an Iowa limited
liability company, *et al.*,

  Defendants.
_____/

AND ALL RELATED ACTIONS.
_____/

**ORDER ON FOURTH-PARTY DEFENDANT TREMCO INC.'S**
**MOTION FOR SUMMARY JUDGMENT AND FINAL JUDGMENT**

This matter is before the Court on a motion for summary judgment by fourth-party defendant Tremco Incorporated (Doc. 2154) on Metro Caulking and Waterproofing, Inc.'s fourth-party claims.  The Court has reviewed and considered the motion, the response and reply thereto, the pertinent portions of the record, and is otherwise duly advised.  For the reasons detailed below, the Court finds that Tremco's motion for summary judgment should be granted.

**BACKGROUND**

**A. Factual and Procedural History**

This motion arises out of a larger dispute between CC-Aventura, Inc. and Classic Residence Management L.P., the owner and operator of Classic Residences by Hyatt, a retirement community located in twin 23-story towers in Aventura, Florida, and The Weitz Company, LLC, the general contractor hired to build the towers.  Metro Caulking and Waterproofing was one of Weitz's subcontractors which, as its name suggests, contracted to perform waterproofing work.  Weitz sued Metro as a third-party defendant for breach of contract, negligence, and common law indemnity, after defective waterproofing work required a complete overhaul of the towers' waterproofing system.  Metro in turn sued Tremco for common law indemnification, contribution, and breach of certain warranties.  Metro's basic claim is that the faulty waterproofing work, which Metro performed as Weitz's subcontractor, was actually the

result of a Tremco's defective waterproofing product.  The Court previously denied a motion by Tremco to dismiss Metro's claims.  *See CC-Aventura, Inc.* v. *The Weitz Company, LLC*, No. 06-21598-CIV, 2009 WL 2136527, 2009 U.S. Dist. LEXIS 126843 (S.D. Fla. July 13, 2009).[1]

The construction contract's specifications permitted Metro to select among several waterproofing systems for use on the towers.  Metro selected Tremco's "TREMproof 60" to create the towers' waterproofing membranes and may have purchased at least some of the materials directly from Tremco.  TREMproof 60 is a fluidic waterproofing system that can be sprayed, rolled, or applied by squeegee or trowel on properly cured and prepared concrete decks to create a waterproofing membrane.

At some point, however, water was discovered within the waterproofing system and it became clear that the waterproofing membrane had been breached.  Tremco and Weitz dispute exactly when key parties became aware of the damage, but it is not necessary to resolve this dispute in order to rule on Tremco's motion.  What is important is that eventually the entire waterproofing system had to be removed and replaced because the original system was faulty.  Tremco now moves for summary judgment because, Tremco argues, there is no evidence that it was at fault for the leakage in the waterproofing system.  According to Tremco, the evidence shows that Metro improperly installed Tremco's otherwise sound system.

Weitz claims that Tremco is at fault and that the leakage occurred because Tremco's waterproofing product was itself defective.  At the very least, Weitz says, there is a genuine issue of material fact as to whether Tremco's waterproofing product failed, which precludes the entry of summary judgment.  But, as the Court will explain below, the record evidence regarding who is at fault points in one direction—at Metro Caulking—and Tremco is entitled to summary judgment because there is no genuine factual dispute on the material issue of whether Tremco's product caused the waterproofing system to fail.

**B.      Thornton Tomasetti Reports**

As part of their trial preparations, CC-Aventura and Classic Residence hired Thornton Tomasetti, a professional engineering firm, to act as a construction expert in evaluating the damage to the Classic Residence towers.  Thornton issued two reports, the first on October 20,

---

[1]      The principle claims of the larger dispute in this action have recently settled, including Weitz's claims against Metro.  As part of Weitz's settlement with Metro, Metro assigned its claims against Tremco to Weitz, and Weitz, as Metro's assignee, has opposed Tremco's motion for summary judgment.

2008, and the second on November 2, 2009, part of which evaluated the damage to the towers' waterproofing system.  Significant to this motion, Thornton's reports identified several problems in Metro's installation of the waterproofing membranes but did not cite any deficiencies in the waterproofing product itself.

The October 2008 report stated that the towers' architect called for a 60 mil thick application of Tremco's waterproofing product, but Thornton observed several locations where the membrane was either too thin (as little as 15 to 20 mils) or too thick (up to 100 mils).  Thornton probed multiple locations in the membrane, and at least eight of the probes revealed a level of membrane thickness that did not comply with the architect's specifications.  Thornton found that some membrane damage occurred because of traffic prior to waterproofing.  Thornton also uncovered several drains that were improperly installed.  In sum, Thornton "observed numerous probe locations where the membrane was installed improperly as evidenced by loose and de-bonded membrane from the concrete structural slab, unacceptable variation in membrane thickness, physical damage to the membrane including rain exposure during curing and contamination of the membrane with foreign substances."  As a result, Thornton recommended replacing the defective waterproofing system with a completely new system.

Thornton's second report, from November 2009, described additional deficiencies in Metro's installation work, which Thornton discovered and observed during the waterproofing system's repairs.  Thornton reiterated its prior conclusion that the waterproofing system failed to function properly because of faulty installation.  In particular, Metro's installation failed to adhere to the requirements of the building contract or to Tremco's specifications and recommendations for installing the TREMproof 60 system.  As in its earlier assessment, Thornton's November 2009 report does not fault Tremco's waterproofing product.

### C.    Williams Affidavit

In support of its motion for summary judgment, Tremco submitted an affidavit from Mark F. Williams, a registered architect in 15 states and president of a company that provides building diagnostic services, to offer expert testimony concerning who is at fault for the failure of the towers' waterproofing system.  Having reviewed the expert reports and other materials prepared in connection with this litigation, Williams opined that Metro's improper application of TREMproof 60, improper detailing, and failure to protect the membrane during installation, together with improper drain design and installation, caused the waterproofing system to fail.

But Tremco, according to Williams, bears no share of the blame for the failure of the waterproofing system, and there is no evidence of any deficiency in the waterproofing materials that Tremco manufactured.

## STANDARD FOR SUMMARY JUDGMENT

Summary judgment is appropriate if the pleadings, depositions, and affidavits show that there is no genuine issue of material fact, and that the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  An issue of fact is "material" if it is a legal element of the claim under applicable substantive law which might affect the outcome of the case.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Allen v. Tyson Foods*, 121 F.3d 642, 646 (11th Cir. 1997).  An issue of fact is "genuine" if the record taken as a whole could lead a rational trier of fact to find for the non-moving party. *Allen,* 121 F.3d at 646*.*  On a motion for summary judgment, the Court must view all the evidence and all factual inferences drawn therefrom in the light most favorable to the non-moving party and determine whether the evidence could reasonably sustain a jury verdict for the non-movant.  *Celotex*, 477 U.S. at 322-23; *Allen,* 121 F.3d at 646.

While the burden on the movant is great, the opposing party has a duty to present affirmative evidence in order to defeat a properly supported motion for summary judgment. *Anderson*, 477 U.S. at 252.  Indeed, "Rule 56 mandates the entry of summary judgment, upon motion, against a party who fails to make a showing sufficient to establish an element essential to his case on which he bears the burden of proof at trial."  *Schechter v. Ga. State Univ.*, 341 Fed. Appx. 560, 562 (11th Cir. Aug. 12, 2009).  And a mere "scintilla" of evidence in favor of the non-moving party, or evidence that is merely colorable or not significantly probative is not enough to defeat a properly supported motion for summary judgment.  *Id.*; *see also Mayfield v. Patterson Pump Co.*, 101 F.3d 1371, 1376 (11th Cir. 1996) (conclusory allegations and conjecture cannot be the basis for denying summary judgment).

## ANALYSIS

Because laypeople sometimes lack the knowledge necessary to determine fault in a products liability action, "expert testimony is often required to establish defective design of a product."  *Worsham v. A.H. Robins Co.*, 734 F.2d 676, 685 n.8 (11th Cir. 1984); *see also James Hardie Bldg. Prods. v. GSE Dev. Corp.*, No. 03-21168-CIV, 2007 WL 2176036, at *7, 2007 U.S. Dist. LEXIS 53361, at *19 (S.D. Fla. July 24, 2007) (unavailability of expert witness testimony

in a product or manufacturing defect case requires dismissal since neither party will be able to prove, or disprove, the ultimate issue of whether the product was defective).  Laypeople do not have specialized knowledge of waterproofing products such as those at issue in this case; therefore, expert testimony would be necessary at trial to determine the extent to which the defective installation of waterproofing materials came about because Metro improperly installed the system or because Tremco's waterproofing product was itself defective.

The expert testimony before the Court (Thornton's reports and the Williams affidavit) supports only the conclusion that Metro was at fault.  Weitz has failed to introduce any expert report or affidavit (or any other evidence) that Tremco's waterproofing product was defective.  Because proof that Tremco's waterproofing product was defective is a necessary element of each claim in Metro's complaint, the absence of expert testimony (indeed, of any record evidence) that Tremco's product was in fact defective is fatal to all of Metro's claims.  Both Metro's indemnity and contribution claims require proof that Tremco is, respectively, entirely or partially at fault for Metro's damages to Weitz.  *See Houdaille Indus., Inc. v. Edwards*, 374 So. 2d 490, 492-93 (Fla. 1979) (party against whom indemnity is sought must be wholly at fault for loss); *Lincenberg v. Issen*, 318 So. 2d 386, 391 (Fla. 1975) (right to contribution depends on negligence of more than one party).  Metro's breach of warranty claims likewise require proof of a product defect.  *See State Farm Ins. Co. v. Nu Prime Roll-A-Way, Inc.*, 557 So. 2d 107, 108 (Fla. 3d DCA 1990) (liability for breach of warranty must be predicated on product's failure to conform to warranty); *Sansing v. Firestone Tire & Rubber Co.*, 354 So. 2d 895, 896 (Fla. 4th DCA 1978) (party claiming under an implied warranty theory must prove that the "product was defective when transferred from the warrantor").  Weitz has not contested Tremco's evidence that Metro was at fault nor presented evidence that Tremco's waterproofing product performed inadequately as a result of Tremco's actions.  Tremco is therefore entitled to summary judgment because Weitz cannot meet it burden on an essential element of its case on which it bears the burden of proof.[2]

---

[2]     Weitz also cannot show that Metro used Tremco's waterproofing product in its intended manner, which is an element of an implied warranty claim.  *See, e.g.*, *Amoroso v. Samuel Friedland Family Enters.*, 604 So. 2d 827, 833 (Fla. 4th DCA 1992).  As explained above, both the Thornton reports and Tremco's expert identify Metro's *mis*application of the waterproofing product as a cause of the system's failure.

Weitz disputes Tremco's expert's conclusions and argues that "simply because Tremco has no evidence that its products failed is not proof that their products did not fail." This argument is nonresponsive to the standard of review on this motion. On this motion for summary judgment, Tremco, the movant, submitted evidence that Metro's misapplication of Tremco's waterproofing system caused the system's failure; the burden shifted to Weitz, the non-movant, to adduce evidence that Tremco was at fault. Weitz has not done so.

Weitz contends that there is evidence that Tremco's "product failed" based on Thornton's October 2008 report, which discussed the failure of the waterproofing system, including instances of adhesion and cohesion failures. Weitz also points out that Tremco itself noted the presence of water within the waterproofing system and recommended that the system be completely removed and reinstalled. But, as outlined above, the Thornton reports squarely place the blame for the faulty waterproofing system with Metro's installation; there is no mention of faulty product design or any other defect in the TREMproof 60 system. This conclusion is consistent with the Williams affidavit and with the other facts highlighted by Weitz. The question on this motion is not whether the waterproofing system failed (it did) but whether Weitz has adduced sufficient evidence for a trier of fact to conclude that the system failed at least in part because of a defect in Tremco's waterproofing system. Because Weitz has failed to produce or identify such evidence, and the record contains substantial evidence that Metro was a fault, Tremco is entitled to summary judgment.

## CONCLUSION

For the reasons stated above, Tremco's motion for summary judgment is granted. Summary judgment is entered in favor of Tremco Incorporated. Weitz, as assignee of Metro's claims, shall take nothing from Tremco as a result of this action, and Tremco shall go hence without day.

DONE AND ORDERED in Chambers, at Miami, Florida, May 10, 2010.

Paul C. Huck
United States District Judge

Copies furnished to:
Counsel of Record