UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 06-21598-CIV-HUCK/O'SULLIVAN

CC-AVENTURA, INC., a
Delaware Corporation, et al.,

    Plaintiffs,

v.

THE WEITZ COMPANY, LLC, an
Iowa Limited Liability Company et al.,

    Defendants.
_____/

**ORDER**

THIS MATTER came before the Court on an informal discovery conference held before the undersigned on June 29, 2010, as to the Fourth Party Defendant, Firestop Specialist, Inc.'s continued failure to respond or produce any documents responsive to Weitz's Request for Production of Documents dated February 26, 2010, in violation of this Court's Order dated April 23, 2010.  Having heard from the parties, it is

ORDERED AND ADJUDGED that Fourth Party Defendant, Firestop Specialist, Inc.'s shall produce the documents responsive to Weitz's Request for Production of Documents dated February 26, 2010, by June 29, 2010.  It is further

ORDERED AND ADJUDGED that on or before July 13, 2010, Fourth Party Defendant Firestop Specialist, Inc. shall provide Weitz with a privilege log for any documents to which Fourth Party Defendant, Firestop Specialist, Inc. claims a privilege.  It is further

ORDERED AND ADJUDGED that on or before July 29, 2010, Fourth Party Defendant, Firestop Specialist, Inc. shall pay Weitz $1375.00 for five (5) hours of attorney time at $275.00 per hour spent by counsel for Weitz attempting to obtain the aforementioned discovery from Fourth Party Defendant, Firestop Specialist, Inc.   "Rule 37(b)(2) provides a range of sanctions that a district court may impose upon parties and their attorneys for failure to comply with the court's discovery orders."  Stuart I. Levin & Associates v. Ronald Rogers, 156 F.3d 1135, 1140

(11th Cir. 1998). Federal Rule of Civil Procedure 37(b)(2) provides in part that: "the Court should require the party failing to obey the Order or the attorney advising that party or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the Court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust." Here, the failure by Fourth Party Defendant, Firestop Specialist, Inc. to comply with the undersigned's April 23, 2010, Order was not substantially justified. It is further

ORDERED AND ADJUDGED that the failure of Fourth Party Defendant, Firestop Specialist, Inc. to comply with this Order may result in further sanctions, including, but not limited to a default being entered against Fourth Party Defendant, Firestop Specialist, Inc. and the striking of Fourth Party Defendant, Firestop Specialist, Inc.'s defenses. It is further

ORDERED AND ADJUDGED that should another discovery or sanctions hearing occur before the undersigned, a representative of Fourth Party Defendant, Firestop Specialist, Inc. must be present at any such hearing.

DONE AND ORDERED, in Chambers, at Miami, Florida, this 29th day of June, 2010.

_____
JOHN J. O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
United States District Judge Huck
All Counsel of Record